# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Phillip Madison Jones, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR:** |
| Twentieth Century Studios, Inc.; | 1. **Copyright Infringement** |
| Creative Artists Agency, LLC; and | 2. **Breach of Contract** |
| RT Features | 3. **Misappropriation** |
| Defendants. | 4. **Unfair Competition** |
| | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

COMES NOW, Plaintiff Phillip Madison Jones, by and through his attorneys of record, Carl Brundidge, David Moore and Leena Mauskar of Brundidge & Stanger, P.C., files this Complaint against Defendants Twentieth Century Studios, Inc. (formerly Twentieth Century Fox), Creative Artists Agency, LLC; and RT Features (collectively "Defendants"). For his Complaint against Defendants, Plaintiff alleges as follows:

## PARTIES

1.      Phillip Madison Jones ("Mr. Jones" or "Plaintiff"), an individual, is a resident of California. Mr. Jones, an African American, is an executive in the entertainment and media industry, a  creator/ author/writer, producer, and serves as the Co-Chairman of de Passe Jones Entertainment ("de Passe Jones Entertainment"). Mr. Jones uses "Phillip Jones" and "Madison Jones" professionally and the pen name "Billy Majestic" for his sci-fi/fantasy graphic novels. (*see* P. Madison Jones' Resume Exhibit 1). de Passe Jones Entertainment is a d/b/a of de Passe Jones, LLC which is a Limited Liability Company that provides entertainment content and is led by Suzanne de Passe ("Ms. de

1

Passe") and Mr. Jones.  Under the leadership of Ms. de Passe and Mr. Jones, de Passe Jones Entertainment sources, develops, acquires, and produces a variety of high-quality television, theater, new media, and print content. Ms. de Passe has received numerous awards including 2 Emmy Awards, 30 Emmy Nominations, 1 Golden Globe, 1 Oscar Nomination, 5 NAACP Image Awards and 3 Peabody Awards. Mr. Jones' work has received an Emmy nomination. de Passe Jones Entertainment has a place of business at 9200 Sunset Blvd. Suite 510, West Hollywood, CA 90069.

2.      Twentieth Century Studios, Inc. ("Fox"), formerly Twentieth Century Fox Film Co., is a company incorporated in the state of Delaware, with a principal place of business at 10201 West Pico Boulevard, Century City, Los Angeles, California 90035. Fox is a film studio that is a subsidiary of Walt Disney Studios Co.

3.      Creative Artists Agency, LLC ("CAA"), is a limited liability company incorporated in the state of Delaware, with a principal place of business at 2000 Avenue of the Stars, Los Angeles, CA 90067. CAA is a talent and sports agency that packages actors and directors with literary clients.

4.      RT Features, is a movie production company, founded by Rodrigo Teixeira, located at Rua Barao De Capanema 343 50 Andar Sao Paulo Sp-Cep01411011, Brazil, and having a subsidiary RT Features U.S. LLC, located at 1640 5th Street, Suite 211, Santa Monica CA, 90401, which is registered as a Limited Liability Company in the states of California and Delaware.

## NATURE OF THE ACTION

5.      Plaintiff, a creator/author/writer of screenplays and graphic novels in the sci-fi/fantasy genre (*see* Exhibit 1), initiated, authored, wrote, and developed the script *Cosmic Force* (referred to herein as "the Script" or "the Screenplay"), the story of a soldier who is offered the opportunity

to lead a mission across unforgiving space to the edge of the solar system to uncover the truth about his missing father, a legendary astronaut, whose doomed expedition twenty years earlier now threatens the universe due to a pulsating alien energy source on board the father's ship. The son, leaving behind the woman in his life, Eve, accepts the mission and is joined by a wise, older man who knew of his father. The son reaches his father's lost ship near the Kuiper asteroid belt that surrounds the solar system. When the son boards the ship, he realizes his father is now a madman who has destroyed his entire crew. The son must now destroy his father's ship and return to earth with the alien energy source.

6.      In order to produce the Screenplay *Cosmic Force* into a movie or television series, Plaintiff submitted the Script, to Defendants Fox and CAA and engaged in confidential business discussions with Defendants Fox and CAA regarding the production of a movie and/or television series based on the Script.

7.      The agents of Defendants CAA and Fox were aware that Mr. Jones and de Passe Jones Entertainment expected to be compensated and included as part of the production team (*i.e.*, Producers), if a movie or television series was produced based on the Script. The agents of Defendants Fox and CAA did not object to Mr. Jones and de Passe Jones Entertainment's expectation to be compensated if the Script *Cosmic Force* was produced. At no point in any of the discussions with the Defendants Fox and CAA did Mr. Jones, or any other person authorized by Mr. Jones, grant any license, permission or authorization to any of the Defendants to exercise any of the rights set forth in the Copyright Act §§ 106, *et seq.* in the Script *Cosmic Force*.

8.      Subsequent to Plaintiff's submission of the *Cosmic Force* Script to Defendants Fox and CAA, the movie *Ad Astra* was financed, produced, and then released to the public by the Defendants without Plaintiff's authorization or permission.  *Ad Astra* (*i.e.,* English translation "To

3

The Stars") was directed by James Gray and stars Brad Pitt, Tommy Lee Jones, Liv Tyler, Ruth Negga and Donald Sutherland. James Gray and Ethan Gross claim writing credits for *Ad Astra*. CAA represents James Gray, Brad Pitt, and Tommie Lee Jones as a talent agency and conducted packaging of James Gray, Brad Pitt, and Tommie Lee Jones, and arranged co-financing for *Ad Astra*. RT Features conducted co-financing for *Ad Astra,* and Fox distributed *Ad Astra* in the U.S. and worldwide. Defendants withheld all information regarding *Ad Astra* financing, production, and distribution from Plaintiff.

9.     Plaintiff discovered that the movie *Ad Astra*, because of its success, derived substantial revenues and profits from *Cosmic Force*. Both the underlying idea and its expressions of *Ad Astra,* including storyline, characters, plot, mood, theme, and various minor elements (i.e. setting, pace, sequence of events, dialog, etc.) are at least substantially, if not extremely, similar to the copyrightable elements of *Cosmic Force.* These substantial similarities, if not extreme similarities, of the copyrightable elements of *Cosmic Force* could not have occurred but for the access to Mr. Jones' Script *Cosmic Force* provided to Defendants.  Those responsible for the copying not only directly copied many of the copyrightable elements of *Cosmic Force*, but had to navigate around some of the other copyrightable elements of *Cosmic Force* to avoid detection, while taking the entire central storyline, characters, plot, mood, theme and various minor elements of *Cosmic Force* from beginning to end.  Furthermore, since the release of *Ad Astra*, Plaintiff has been unable to market the *Cosmic Force* Script to others because of the substantial, if not extreme similarities.

10.     Prior to the access to Mr. Jones' Script *Cosmic Force* provided to Defendants, James Gray and Ethan Gross developed a screenplay, or concept for a screenplay, for *Ad Astra* ("To the Stars") that was entirely different from Plaintiff's Screenplay *Cosmic Force*. It was only after the access to Mr. Jones' Script *Cosmic Force,* provided to Defendants, that James Gray and Ethan Gross,

under the commission of the Defendants, allegedly wrote their screenplay that formed the basis of the movie *Ad Astra*. Both the screenplay and the movie *Ad Astra* contain substantial similarities, if not extensive similarities, to the copyrightable elements of Plaintiff's Script *Cosmic Force*. Based on Defendants' access to the *Cosmic Force* Script and the degree of similarities between copyrightable elements of *Cosmic Force* and *Ad Astra*, it is obvious that Defendants knowingly and improperly appropriated Plaintiff's creative work without authorization or permission.

11.     Therefore, Defendants have infringed and continue to infringe Plaintiff's registered copyright in *Cosmic Force* by transforming *Cosmic Force* into *Ad Astra* without Plaintiff's authorization, or permission, after obtaining a copy of the Script, copying numerous copyrightable elements of *Cosmic Force*, financing and producing the movie *Ad Astra,* (the "Infringing Work"), distributing the movie *Ad Astra* in the U.S. and worldwide, and profiting from the Infringing Work *Ad Astra*. Defendants, via *Ad Astra*, not only appropriated without authorization or permission, blatantly infringed Plaintiff's valuable copyright in the *Cosmic Force* Script, and also mislead and deceived, or are likely to mislead or deceive the public as to the Infringing Work's source.  Unless enjoined, Defendants will cause irreparable injury to Plaintiff's goodwill, identity, and reputation, for which the Plaintiff has no adequate remedy at law.

## JURISDICTION AND VENUE

12.     This action is brought, and subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. § 1331 and 1338. This Court has federal question jurisdiction in this action in which Plaintiff seeks damages caused by (a) Defendants' copyright infringement and injunctive relief against Defendants named herein under Sections 101 of the Copyright Act of the United States, 17 U.S.C. § 501, *et seq.* and (b) Defendants' unfair competition and passing off activities in violation of 15  U.S.C. § 1125(a). This Court also has supplemental jurisdiction over Plaintiff's claims

arising under state law under 28 U.S.C. § 1367, as those claims form part of the same case or controversy.

13.    This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district, and acts of infringement complained of herein occurred in the State of California and in this judicial district.

14.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the within claims occurred in this district, and each Defendant either resides in this district or has substantial and continuous ties to this district.

## FACTUAL ALLEGATIONS

15.    In the fourth quarter of 2014, Plaintiff, a creator/author/writer of screenplays and a published graphic novel in the sci-fi/fantasy genre, authored the Script of *Cosmic Force,* the story of a soldier who is offered the opportunity to lead a mission across unforgiving space to the edge of the solar system to uncover the truth about his missing father, a legendary astronaut, whose doomed expedition twenty years earlier now threatens the universe due to a pulsating alien energy source on board the father's ship. The son, leaving behind the woman in his life, Eve, accepts the mission and is joined by a wise, older man who knew of his father. The son reaches his father's lost ship near the Kuiper asteroid belt that surrounds the solar system. When the son boards the ship,  he realizes his father is now a madman who has destroyed his entire crew. The son must now destroy his father's ship and return to earth with the alien energy source. (*see* Exhibit 2a - copy of the Script under "Billy Majestic" and Exhibit 2b – copy of the Script under "Madison Jones").

16.    At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act to reproduce, distribute, display, make derivative works, or license the reproduction, distribution, display and/or the making of derivatives of his work of *Cosmic Force*

throughout the United States and the world. Plaintiff registered the Script *Cosmic Force* with the U.S. Copyright Office on July 29, 2020 as Registration No. TXu002212018. (*see* Exhibit 3).

17.     On February 7, 2015, Plaintiff registered the Script with Writers Guild of America West (WGA) as WGA Registration No. 1763629. (*see* Exhibit 4).

18.     On November 10, 2015, a meeting was held in the offices of de Passe Jones Entertainment to promote the Script. The meeting was attended by Cameron Mitchell ("Mr. Mitchell"), an agent of Defendant CAA, Derek Dudley ("Mr. Dudley"), an associate of Mr. Mitchell, of Freedom Road Entertainment, Ms. de Passe and Mr. Jones.  In order to promote the Script and pursue a potential cooperative project with Defendant CAA, Plaintiff's communication to Mr. Mitchell, and Mr. Mitchell was thereby aware, that Mr. Jones and de Passe Jones Entertainment expected to be compensated and included as part of the production team (*i.e.*, Producers), if a movie or television series was produced based on the Script.  Mr. Mitchell did not express any objections to Mr. Jones and de Passe Jones Entertainment's expectation. At the meeting, Mr. Jones discussed with Mr. Mitchell the content and unique story presented in the Script and the production of a movie or television series by Defendant CAA based on the Script.  These business discussions were held in confidence and confidential.

19.     During the November 10, 2015 meeting, Mr. Mitchell – aware that Plaintiff was a creator/author/writer of screenplays and graphic novels in the sci-fi/fantasy genre – acknowledged the uniqueness of the story presented by the Script and expressed an interest in the Script. Mr. Mitchell also stated that he would have Nancy Jones ("Ms. Jones"), a packaging agent at Defendant CAA, review the Script to determine how the Script can be "packaged" by CAA (with a director, talent, *etc.*) for production. At no point during the meeting did Mr. Jones, or any other person

authorized by Mr. Jones, grant any license, permission or authorization to CAA to exercise any of the rights set forth in the Copyright Act §§ 106, *et seq.* in the Script *Cosmic Force*.

20.     Later the same day, as a follow up to the November 10, 2015 meeting, Plaintiff sent an email (*see* Exhibit 5) to Mr. Mitchell attaching a copy of the Script. The copy of the Script sent to Mr. Mitchell was under Plaintiff's pen name "Billy Majestic" as shown in Exhibit 2a.

21.     On November 11, 2015, Mr. Mitchell replied to Plaintiff's November 10, 2015 email, writing "[g]lad we had the meeting[,]" and acknowledging receipt of the Script. (*see* Exhibit 6).

22.     On November 12, 2015, Plaintiff replied to Mr. Mitchell's November 11, 2015 email, writing "[l]ooking forward to the future with you [.]" (*see* Exhibit 7)

23.     On or about November 18, 2015, Mr. Mitchell informed Mr. Jones, via Ms. de Passe, of his idea of producing the Script as a space opera in a TV format. In response, Plaintiff sent an email (*see* Exhibit 8) to Mr. Mitchell, in which he discussed such possibility, and again attached a copy of the Script divided into two episodes to accommodate Mr. Mitchell's space opera, TV format idea.

24.     On February 9, 2016, Plaintiff sent a follow-up email (*see* Exhibit 9) to Mr. Mitchell, requesting the status and progress of the review of the Script and the packaging of the Script with a director, talent, *etc*. by Ms. Nancy Jones, the packaging agent for Defendant CAA. On the same day, Mr. Mitchell responded to Mr. Jones' February 9, 2016 email, writing "[l]et me check in with her right away. I remain a big fan of the project." (*see* Exhibit 10).

25.     On February 24, 2016, another meeting was held at the offices of Davis Entertainment to promote the Script *Cosmic Force*. The meeting was attended by Mike Stein ("Mr. Stein") of Defendant Fox, John Davis ("Mr. Davis") of Davis Entertainment, Ms. de Passe and Mr. Jones. These business discussions were held in confidence and confidential. As part of Plaintiff's

marketing efforts, and in order to promote the Script to pursue a potential cooperative project with Defendant Fox, Plaintiff pitched the story of *Cosmic Force* to Mr. Stein. Mr. Stein – aware that the Plaintiff  was a creator/author/writer of screenplays and graphic novels in the sci-fi/fantasy genre – expressed interest after hearing the pitch, then requested to read the Script for *Cosmic Force*.

26.    During the meeting Mr. Stein acknowledged the uniqueness of the story presented by the Script. Mr. Stein was aware that Mr. Jones and de Passe Jones Entertainment expected to be compensated and included as part of the production team (i.e. Producers), if a movie or television series was produced based on the Script.  Mr. Stein did not express any objections to Mr. Jones and de Passe Jones Entertainment's expectation. At no point during the meeting did Mr. Jones, or any other person authorized by Mr. Jones, grant any license, permission or authorization to Fox to exercise any of the rights set forth in the Copyright Act §§ 106, *et seq.* in the Script *Cosmic Force*.

27.    On the same day, as a follow up to the February 24, 2016 meeting, Plaintiff sent a first email (*see* Exhibit 11) to Mr. Stein confirming the discussions at the meeting and promising to send a copy of the Script by a further email and a second email (*see* Exhibit 11) attaching a copy of the Script, *Cosmic Force* as requested by Mr. Stein during the meeting.

28.    The copy of the Script sent to Mr. Stein was under Plaintiff's professional name "Madison Jones" as shown as Exhibit 2b. Mr. Stein sent an email (*see* Exhibit 11) on the same day responsive to Plaintiff's emails confirming the meeting and informing Plaintiff that he "look[s] forward to checking out the material".

29.    Subsequent to the February 24, 2016 meeting with Mr. Stein, a telephone conference was conducted with Mr. Stein regarding the Script. The telephone conference was attended by Mr. Stein, Ms. de Passe and Mr. Jones. During the telephone conference, Mr. Stein acknowledged

having read the Script and expressed that he liked the Script. Further, during discussion among the attendees of the telephone conference about the Script and production of the Script, Mr. Stein revealed that the executives of Fox decided to pass on the Script.

30.     However, unbeknownst to Plaintiff, and without his authorization or permission, Defendants passed off the *Cosmic Force* Script as their own to secure talent, financing, etc., and then produced and released *Ad Astra* in 2019.  On September 18, 2019, Fox, in combination with CAA and RT Features, financed and released the movie *Ad Astra*, which contains substantially, if not extremely, similar elements with the copyrightable elements of *Cosmic Force*. According to The-Numbers.com and IMDb.com (*see* Exhibit 12), the movie *Ad Astra* Worldwide generated Box Office Revenues of $135,432,019 and Total Estimated Video Sales of $9,527,666 and was produced on a Production Budget of $80,000,000. Also, the IMDb.com (*see* Exhibit 12) provides a listing of distributors of the movie *Ad Astra* in the U.S. and throughout the world that have directly infringed (i.e. direct infringers) Plaintiff's copyrighted work by distributing and displaying *Ad Astra* as induced by Defendants.

31.     The screenplay for *Ad Astra* was co-written by the director of Ad Astra, James Gray and writer Ethan Gross on August 11, 2016. (*see* Exhibit 13). The director James Gray first confirmed his plans to write and direct *Ad Astra* in a May 12, 2016 article by "Variety.com", during an interview at the 2016 Cannes Film Festival. (*see, e.g.* https://variety.com/2016/film/news/cannes-james-gray-making-sci-fi-epic-ad-astra-1201772539/). (*see* Exhibit 14).

32.     However, prior to May 12, 2016 in a September 10, 2013 article by "SCREENREALM.com" James Gray "revealed more details regarding his upcoming sci-fi picture. Titled *To the Stars,* the movie "revolves around a group of astronauts who go on a mission

to bring a renegade colonist back to Earth"". (*see, e.g.,* https://www.screenrealm.com/james-grays-sci-fi-thriller/). (*see* Exhibit 15).

33.     Therefore, the screenplay, or concept for a screenplay, developed by James Gray and Ethan Gross prior to May 12, 2016 or August 11, 2016, was of  "a group of astronauts who go on a mission to bring a renegade colonist back to Earth", which is entirely different from Plaintiff's Screenplay of *Cosmic Force*, the story of a soldier who is offered the opportunity to lead a mission across unforgiving space to the edge of the solar system to uncover the truth about his missing father, a legendary astronaut, whose doomed expedition twenty years earlier now threatens the universe due to a pulsating alien energy source on board the father's ship. The son, leaving behind the woman in his life, Eve, accepts the mission and is joined by a wise, older man who knew of his father. The son reaches his father's lost ship near the Kuiper asteroid belt that surrounds the solar system. When the son boards the ship, he realizes his father is now a madman who has destroyed his entire crew. The son must now destroy his father's ship and return to earth with the alien energy source.

34.     The date the screenplay for *Ad Astra* was allegedly written by James Gray and Ethan Gross, August 11, 2016, under commission by the Defendants, was well after the dates the *Cosmic Force* Screenplay was written in the fourth quarter 2014, registered with the WGA on February 7, 2015 and submitted to Defendants on November 10, 2015 and February 24, 2016.

35.     Thus, it was only after the access to Mr. Jones Script, *Cosmic Force* provided to Defendants that a screenplay was written by James Gray and Ethan Gross, that formed the basis of the movie *Ad Astra*. Both the screenplay and the movie *Ad Astra* contain substantial similarities, if not extensive similarities, to the copyrightable elements of Plaintiff's Script *Cosmic Force,* including storyline, characters, plot, mood, theme and various minor elements (i.e. setting, pace, sequence

of events, dialog, etc.). Any differences between the movie *Ad Astra* and Plaintiff's Script *Cosmic Force* are so small and insignificant that they cannot be afforded copyright protection, and are, in fact, nothing more than transparent attempts to hide Defendants' copying. Therefore, *Ad Astra* is a mere copy and/or derivative of Plaintiff's Screenplay *Cosmic Force* that was financed, written and produced by Defendants without the authorization or permission of Plaintiff.

36.     On July 24, 2020, after having viewed the movie *Ad Astra* for the first time, Plaintiff discovered numerous similarities between the movie *Ad Astra* and the copyrightable elements of Script *Cosmic Force*. Thereafter, Mr. Jones together with members of de Passe Jones Entertainment, including Kathryn Sermak, Mr. Jones' Assistant, compared the movie *Ad Astra,* and its original screenplay, and his script *Cosmic Force*, and determined that there are substantial, if not extensive, similarities between the movie *Ad Astra*, its screenplay, and the copyrightable elements of Mr. Jones' Script *Cosmic Force.* Mr. Jones felt betrayed and was disturbed by this blatant theft.

37.     The movie *Ad Astra* copied numerous copyrightable elements of Plaintiff's Script precisely, including but not limited to: the storyline, synopsis, movie descriptions, characters, plot, mood, theme, specific scenes, scenarios, various other minor elements (i.e. setting, pace, sequence of events, dialog, etc.), *etc*. A listing of the similarities of the movie *Ad Astra*, its screenplay, and the copyrightable elements of Mr. Jones' script *Cosmic Force* are set forth in the attached Exhibit 16, thereby evidencing the infringement of the copyright held by Mr. Jones.

38.     Numerous similarities, other than those identified in the Exhibit 16, exist between the movie *Ad Astra*, its screenplay, and the copyrightable elements of Mr. Jones' Script *Cosmic Force*. An exhaustive listing of all similarities between the movie *Ad Astra*, its screenplay, and the copyrightable elements of Mr. Jones' script *Cosmic Force* shall be provided by expert testimony.

In any event, it is clear to a reasonable observer that the similarities between the movie *Ad Astra* and the copyrightable elements of Mr. Jones' script *Cosmic Force* identified in the Exhibit 16 are substantial, if not extensive and extraordinary.

39.     These substantial, if not extreme, similarities between the movie *Ad Astra* and the copyrightable elements of Mr. Jones' Script *Cosmic Force* could not have occurred but for the access to Mr. Jones' Script *Cosmic Force* provided to Defendants. Those responsible for the copying not only directly copied many of the copyrightable elements of *Cosmic Force*, but had to navigate around some of the copyrightable elements of *Cosmic Force* to avoid detection, while taking the entire central storyline, characters, plot, mood, theme and various minor elements of *Cosmic Force* from beginning to end.

40.     On July 29, 2020, Plaintiff filed an application for registration of the copyright for the Script *Cosmic Force* with the United States Copyright Office. The Script *Cosmic Force* was registered by the United States Copyright Office and assigned Registration No. TXu002212018 (*see* Exhibit 3). As of the date of filing this Complaint, Plaintiff's copyright registration remains valid and effective and owned by Mr. Jones.

41.     As of the date of filing this Complaint, the movie *Ad Astra* remains active and available on multiple media platforms, a continuing infringement of the copyright held by Mr. Jones.

42.     The Defendants in combination with each other, and in combination with numerous others, have provided copies of the Script *Cosmic Force* and Plaintiff's business plans regarding the Script to others and have caused the distribution, showing in multiple theaters, the streaming on various platforms and the making of derivative works of the Script and the infringing movie *Ad Astra* throughout the U.S. and worldwide, thereby directly infringing, contributing to the infringement and inducing the infringement of Plaintiff's registered copyrighted work *Cosmic Force*.

43.     Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

**CLAIM FOR RELIEF**

**COUNT 1**

**Copyright Infringement Against All Defendants – 17 U.S.C. § 501**

44.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 43 above as if fully set forth herein.

45.     Upon information and belief, Defendants have adapted Plaintiff's Script and produced, released, distributed, and publicly displayed a mere copy and/or a derivative work based on Plaintiff's protected work without Plaintiff's consent, permission or authorization. Defendants' acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106, 501, including Plaintiff's exclusive rights to produce, reproduce, distribute, display and produce derivatives of his work.

46.     Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Plaintiff's protected copyrighted work. Defendants have failed to exercise their right and ability to supervise persons within their control to prevent infringement, and they did so with intent to further their financial interest in such infringement.

47.     Defendants have willfully infringed and continue to infringe Plaintiff's copyright in the Script under the Copyright Act 17 U.S.C. § 501, *et seq*. Each infringing sale, distribution, license, or display of the movie *Ad Astra*, constitutes a separate claim against Defendants under the Copyright Act.

48.     Upon information and belief, Defendants have gained substantial profits by virtue of their infringement of Plaintiff's copyright.

49.     As a result of the above-described conduct by Defendants, Plaintiff has sustained, and will continue to sustain, substantial damages to the value of his copyrights in that the described conducts of Defendants have diminished and will continue to diminish the revenues that Plaintiff would otherwise receive.

50.     Because of Defendants' infringing acts, Plaintiff is entitled to his actual damages and Defendants' profits attributable in an amount to be proved at trial and all other relief allowed under the Copyright Act.

## COUNT 2

### Contributory Copyright Infringement

51.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 50 above as if fully set forth herein.

52.     Defendants have previously infringed and continue to contributorily infringe on Plaintiff's copyright by intentionally inducing or encouraging direct infringement of Plaintiff's copyrighted work *Cosmic Force,* as has been fully set forth in detail throughout this Complaint.

53.     Through their conduct alleged herein, Defendants knowingly and systematically induced, caused, materially contributed to and participated in the infringement of Plaintiff's copyrighted screenplay *Cosmic Force.*

54.     Defendants' inducement and encouragement includes but is not limited to Defendants providing copies of the Script *Cosmic Force* to others, Defendants' development and production of the movie *Ad Astra*, and Defendants marketing, distribution and showing of the movie *Ad Astra* throughout the United States and the world by Defendants and others, direct infringers.

55.     Defendants therefore had knowledge of the infringing activity, and nonetheless induced, and/or materially contributed to the infringing conduct of the direct infringers of Plaintiff's copyrighted screenplay *Cosmic Force.*

## COUNT 3

## Vicarious Copyright Infringement

56.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 55 above as if fully set forth herein.

57.     Defendants vicariously infringed on Plaintiff's copyright by profiting from direct infringement while declining to exercise a right to stop or limit the direct infringement of Plaintiff's copyrighted screenplay *Cosmic Force,* as has been fully set forth in detail throughout this Complaint.

58.     On information and belief, all Defendants received a direct financial and economic benefit from the infringement of Plaintiff's copyright in *Cosmic Force.*

59.     Defendants' inducement and encouragement includes but not limited to Defendants providing copies of the Script *Cosmic Force* to others, Defendants' development and production of the movie *Ad Astra*, and Defendants' marketing, distribution and showing of the movie *Ad Astra* throughout the United States and the world by Defendants and others, direct infringers.

60.     Defendants have the right and ability to supervise the direct infringers because their agents represent the direct infringers, represent a significant portion of the writing and production team of *Ad Astra*, and because they packaged the director, talent and financing for the movie *Ad Astra*.

61.     Defendants had and have the right and ability to supervise the direct infringers as they produced all aspects of the movie *Ad Astra*, and were allowed to use Defendants' resources,

including financing, staff, and properties in the production, distribution, displaying and exploitation of the movie *Ad Astra.*

62.     Upon information and belief, Defendants also had and have the right and ability to control the unauthorized reproduction, creation and use of derivatives, distribution, performance, and display of Plaintiff's copyrighted screenplay *Cosmic Force* and the unauthorized distribution, sales, and exploitation to the public of *Cosmic Force* as the movie *Ad Astra.*

## COUNT 4

### Right to Derivative Works and Attribution of said Works

63.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 62 above as if fully set forth herein.

64.     Plaintiff created *Cosmic Force,* from which the Defendants copied to write and produce the movie *Ad Astra* which contain substantial similarities, if not extensive similarities, to the copyrightable elements of Plaintiff's Script *Cosmic Force.*

65.     Any differences between the movie *Ad Astra* and Plaintiff's Script *Cosmic Force* are so small and insignificant that they cannot be afforded copyright protection, and are, in fact, nothing more than transparent attempts to hide Defendants' copying. Therefore, *Ad Astra* is at least a derivative work, if not a blatant copy, of Plaintiff's Screenplay *Cosmic Force* that was written and produced by Defendants without the authorization or permission of Plaintiff.

66.     The Defendants have financed, distributed and shown the movie *Ad Astra* numerous times crediting James Gray and Ethan Gross as co-writers without crediting Plaintiff as the true author and creator of *Ad Astra*. Therefore, Defendants have been passing off the movie *Ad Astra* and the *Ad Astra* screenplay as having been authored by James Gray and Ethan Gross rather than the true author and creator Mr. Phillip Madison Jones, Plaintiff.

67.     Defendants continue to exploit *Cosmic Force* unfairly through *Ad Astra*, reaping tremendous financial awards and other pecuniary benefits, and have not credited its true author and creator, Mr. Phillip Madison Jones. Therefore, Defendants have violated Plaintiff's exclusive right to make derivative works and receive the attribution of such derivative works under 17 U.S.C. § 106(2).  Accordingly, Plaintiff requests that Defendants be ordered to identify *Ad Astra* as a derivative work of Plaintiff's Script *Cosmic Force* and properly credit Mr. Phillip Madison Jones as the true author and creator of  *Ad Astra*.

68.     Besides crediting Plaintiff as the true author and creator of *Ad Astra*, the Plaintiff requests that Defendants be ordered to alter *Ad Astra*'s copyright registrations at the United States Copyright Office to indicate Plaintiff is the true author and creator of *Ad Astra* and issue corrections to any advertisements, news articles, and any other written or visual material to credit Plaintiff as the true author and creator of *Ad Astra*.

## COUNT 5

### Breach of Contract – Implied Contract – Cal. Civ. Code §§ 1619, 1621

69.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 68 above as if fully set forth herein.

70.     Plaintiff presented the Script to Defendants and conducted confidential business discussions regarding the Script, in order to promote the Script and pursue potential cooperative projects with Defendants. Before presenting the Script to each Defendant, the Defendant understood, or should have understood, that the business discussions regarding the Script were confidential and should not be shared with others without Plaintiff's permission and that Plaintiff and de Passe Jones Entertainment would be compensated if a movie or television series were produced by Defendants based on the Script.

71.    Defendants voluntarily conducted the confidential business discussions regarding the Script and accepted the submission of the Script upon the understanding of Plaintiff's terms, and acknowledged the uniqueness of the story presented by the Script. Defendants thereby impliedly agreed to hold the business discussions regarding the Script in confidence, to only share the confidential information with others for the purpose of evaluating a business opportunity with Plaintiff and to compensate Plaintiff and de Passe Jones Entertainment if the Script *Cosmic Force* was used by Defendants.

72.    Upon information and belief, Defendants have shared Plaintiff's confidential business information with others who have used Plaintiff's confidential information for purposes other than evaluating a business opportunity with Plaintiff, namely the theft of Plaintiff's copyrighted work, have derived, produced, released, distributed, and publicly displayed Plaintiff's Script without Plaintiff's authorization or permission and have not paid, nor even offered to pay, any compensation to Plaintiff for their use of Plaintiff's Script. As a result of such conduct by Defendants, Defendants have breached the implied contracts between Plaintiff and the Defendants under Cal. Civ. Code §§ 1619, 1621.

73.    Because of Defendants' breach of such contracts, Plaintiff is entitled to actual damages and Defendants' profits attributable in an amount to be proved at trial and all other relief allowed under Cal. Civ. Code §§ 3300, *et esq*.

**COUNT 6**

**False Designation of Origin and Reverse Passing Off – 35 U.S.C. § 1125(a)**

74.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 73 above as if fully set forth herein.

75.     Plaintiff, as a creator/author/writer, created, marketed, and sought to sell *Cosmic Force* and related goods and services and receive compensation for him and de Passe Jones Entertainment for the sale of said *Cosmic Force* and related goods and services.

76.     Defendants' conduct, as described above, is likely to cause confusion, to cause mistake, and/or to deceive the public as to the origin of products and services (including *Ad Astra* media and other goods) displayed through Defendants' distribution channels. Because of such conduct, members of the public are likely to believe that Defendants are the source of such products and services when, in fact, they are not. Plaintiff is the source of such products and services.

77.     Defendants passed off the movie *Ad Astra* numerous times as though it were their own.

78.     Defendants' unauthorized usage of the *Cosmic Force* Script is a false or misleading representation of fact or false or misleading description of fact, or a false designation of origin.

79.     Defendants' unauthorized usage of the *Cosmic Force* Script implies the endorsement of, association with, or permission from Plaintiff.

80.     Defendants have not been endorsed by Plaintiff.

81.     Defendants are not associated with Plaintiff, nor has Plaintiff provided his permission, for the unauthorized usage of the *Cosmic Force* Script.

82.     Defendants' conduct, as described above, constitutes the use in commerce of false designations of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § § 1125(a).

83.     Upon information and belief, Defendants' conduct described above was intentionally devised to deceive consumers, and to pass off Plaintiff's products and services as those of Defendants.

84.     Plaintiff has been and will be injured as a direct and proximate result of Defendants' false designations of origin in that Plaintiff has been deprived of the opportunity to earn future sales and

profits on the Script *Cosmic Force*. In addition, Defendants have been unjustly enriched, and will be unjustly enriched, by reason of its false designations of origin, in that Defendants have achieved or will achieve sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its unlawful conduct. The total amount of damages that Plaintiff has sustained or will sustain, and the total amount by which Defendants have been or will be unjustly enriched, will be proved at trial. Such damages should be trebled pursuant to 15 U.S.C. § 1117(a).

85.     This is an exceptional case pursuant to 15 U.S.C. § 1117(a), and Mr. Jones is therefore entitled to recover his attorney fees from Defendants. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is also entitled to recover its costs of suit.

86.     Defendants' false designations of origin also have caused and will continue to cause irreparable and inherently unquantifiable injury and harm to Plaintiff's business, unless and until such activity by the Defendants is enjoined. Plaintiff is therefore entitled to injunctive relief against the Defendants.

**COUNT 7**

**Unfair Competition – Cal. Bus. & Prof. Code § 17200.**

87.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 86 above as if fully set forth herein.

88.     Plaintiff, as a creator/author/writer, created, marketed, and sought to sell the Script *Cosmic Force* and related goods and services and receive compensation for him and de Passe Jones Entertainment for the sale of said Script *Cosmic Force* and related goods and services.

89.     Defendants' conduct, as described above, is likely to cause confusion, to cause mistake, and/or to deceive the public as to the origin of products and services (including *Ad Astra* media and other goods) displayed through Defendants' distribution channels. Because of such conduct,

21

members of the public are likely to believe that Defendants are the source of such products and services when, in fact, they are not.

90.     Defendants' false designations of origin also have caused and will continue to cause irreparable and inherently unquantifiable injury and harm to Plaintiff's business in violation of Cal. Bus. & Prof. Code § 17200.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Jones prays for judgment in his favor against Defendants, and each Defendant, and seeks the following relief:

A. Declare that Defendants have infringed Plaintiff's copyright in the Script of *Cosmic Force*.

B.  For a permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from (a) directly or indirectly infringing in any manner Plaintiff's copyright or other exclusive rights (whether now in existence or hereafter created), including without limitation, copyrights or exclusive rights under copyright in the Copyrighted Script *Cosmic Force*, and (b) causing, contributing to, enabling, facilitating, or participating in the infringement of Plaintiff's copyright or other exclusive rights (whether now in existence or hereafter created), including without limitation, copyrights or exclusive rights under copyright in the Copyrighted Script *Cosmic Force*.

C. For a permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from falsely designating the authorship or origin of *Ad Astra*.

D.   Specific performance of crediting Plaintiff as the author and creator of *Ad Astra*, altering applicable *Ad Astra*'s copyright registrations to note Plaintiff's authorship and other equitable relief determined by this Court, including but not limited to: corrections to any advertisements, news articles, *etc.* not properly reflecting Plaintiff's authorship.

E. That Plaintiff be awarded any actual damages as a result of Defendants' infringing acts in an amount of at a minimum $25 Million, or an amount that the Court may deem just and proper.

F.   That Defendants be required to provide a full accounting to Plaintiff for all revenues derived from their use of the Script and their production, reproduction, and preparation of derivative works based on the Script, distribution, and display of derivative works in all media, from all sources, worldwide.

G. That Plaintiff be awarded all profits derived by Defendants as a result of said infringing acts, or as determined by said accounting in the amount of at a minimum $55 Million, or an amount that the Court may deem just and proper.

H.   That Defendants be ordered to pay to Plaintiff punitive damages as a result of Defendants' deliberate and willful misconduct in an amount that the Court may deem just and proper.

I. That Plaintiff be awarded any actual damages and any profits derived by Defendants as a result of Defendants breach of implied contracts in the amount of at a minimum $80 Million, or an amount that the Court may deem just and proper.

J. That Defendants be ordered to pay Plaintiff pre-judgment and post-judgment interest on all applicable damages.

K. That Defendants be ordered to pay Plaintiff's attorney fees for this action.

L. Such other or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rule of Civil Procedure as to all issues in this lawsuit.

Date: July 21, 2021

                               _____/s/_____

Carl I. Brundidge (pro hac vice forthcoming)
David E. Moore (pro hac vice forthcoming)
Kumiko Kitaoaka (pro hac vice forthcoming)
Leena Mauskar (CA Bar No. 267828)
Brundidge & Stanger, P.C.
1925 Ballenger Avenue, Suite 560
Alexandria, VA  22314
Tel: (703) 684-1470
Fax: (703) 684-1470
cbrundidge@brundidge-stanger.com
david.moore@brundidge-stanger.com
*Attorneys for Plaintiff Phillip M. Jones*