DAVID ARONOFF (SBN 125694)
DAronoff@FoxRothschild.com
JOSHUA BORNSTEIN (SBN 311658)
JBornstein@FoxRothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Telephone:  310.598.4150
Facsimile:  310.556.9828

Attorneys for Defendants
20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, and ETHAN GROSS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP MADISON JONES,<br><br>Plaintiff,<br><br>v.<br><br>20TH CENTURY STUDIOS, INC.; CREATIVE ARTISTS AGENCY, LLC; RT FEATURES; RT FEATURES U.S. LLC, JAMES GRAY, AND ETHAN GROSS,<br><br>Defendants. | Case No. 2:21-CV-05890-PA (SKx)<br><br>Hon. Percy Anderson<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS RT FEATURES U.S., LLC, JAMES GRAY AND ETHAN GROSS TO DISMISS PLAINTIFF'S FIFTH COUNT FOR BREACH OF CONTRACT IN THE THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[PROPOSED] ORDER FILED CONCURRENTLY<br><br>Date:        February 28, 2022<br>Time:       1:30 p.m.<br>Courtroom: 9A |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 28, 2022, at 1:30 p.m., or as soon thereafter as the parties may be heard, or at such other date and time set by the Court, before the Hon. Percy Anderson, United States District Court Judge, in Courtroom 9A of the First Street U.S. Courthouse, located at 350 W. 1st Street, 9th Floor, Los Angeles, CA 90012, defendants RT Features U.S., LLC ("RTF"), James Gray ("Gray"), and Ethan Gross ("Gross") (collectively, "Moving Defendants") will and hereby do move under Fed. R. Civ. P. Rule 12(b)(6) to dismiss the Fifth Count for Breach of Implied Contract ("Fifth Count") in Plaintiff's Third Amended Complaint ("TAC") (Dkt. No. 94)[1] on the grounds that the Fifth Count fails to state a claim against them because it contains no allegations of contractual privity against them.

On December 30, 2021, pursuant to Local Rule 7-3, counsel for the parties met and conferred telephonically concerning the grounds for this Motion but failed to resolve these issues absent the need for a Court ruling. *See* Stipulation filed January 4, 2022 (Dkt. No. 92) (describing December 30, 2021 meet and confer session).

This Motion is based upon this Notice and the attached Memorandum of Points and Authorities, the concurrently-submitted [Proposed] Order, all of the pleadings, papers and other materials on file in this action, and such argument, evidence and additional matters that may be presented at or before the hearing on this Motion.

Dated: January 24, 2022                    **FOX ROTHSCHILD LLP**

                                           */S/ DAVID ARONOFF*
                                           David Aronoff
                                           Joshua Bornstein
                                           Attorneys for Defendants
                                           20TH CENTURY STUDIOS, INC.,
                                           RT FEATURES U.S., LLC, JAMES
                                           GRAY, and ETHAN GROSS

---

[1] Plaintiff's claim for Breach of Implied Contract is designated as "Count 5" although it is the fourth cause of action alleged in the TAC, which jumps from "Count 3" to "Count 5." *See* TAC, pp. 30 & 31. Presumably, the claim was drafted in this manner because "Count 4" previously was dismissed with prejudice. *See* Dkt. No. 87.

## **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................... 1

II.  RELEVANT BACKGROUND ...................................................................... 2

III. PLAINTIFF'S FIFTH COUNT SHOULD BE DISMISSED AS TO THE MOVING DEFENDANTS BECAUSE NO PRIVITY IS ALLEGED .......... 3

    A.  The Legal Standard for Dismissal Under Rule 12(b)(6) ...................... 3

    B.  Plaintiff's Idea Submission Claim Fails to Allege the Critical Element of Privity Between Plaintiff and RTF, Gray or Gross ............ 4

IV.  CONCLUSION ............................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................... 3, 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 554 (2007) .................................................................................... 3, 4

*Benay v. Warner Bros. Ent.*,
    607 F.3d 620 (9th Cir. 2010), ......................................................................... 5

*Design Data Corp. v. Unigate Enter., Inc.*,
    No. C 12-4131 PJH, 2013 WL 360542 (N.D. Cal. Jan. 29, 2013) .................. 5

*Goodness Films, LLC v. TV One, LLC*,
    No. CV 12-8688-GW(JEMX), 2013 WL 12306439 (C.D. Cal. Oct.
    21, 2013) ........................................................................................................ 4

**California Cases**

*Chandler v. Roach*,
    156 Cal. App. 2d 435 (1957) .......................................................................... 5

*Desny v. Wilder*,
    46 Cal. 2d 715 (1956) ................................................................................. 4, 5

*Div. of Labor Law Enforcement v. Transpacific Trans. Co.*,
    69 Cal. App. 3d 268 (1977) ............................................................................ 6

*Faris v. Enberg*,
    97 Cal. App. 3d 309 (1979) ............................................................................ 4

*Friedman v. Friedman*,
    20 Cal. App. 4th 876 (1993) ........................................................................... 6

*Klekas v. EMI Films, Inc.*,
    150 Cal. App. 3d 1102 (1984) ........................................................................ 4

*Mann v. Columbia Pictures, Inc.*,
   128 Cal. App. 3d 628 (1982) .................................................................................. 4, 5

*Marvin v. Marvin*,
   18 Cal. 3d 660 (1976) ................................................................................................ 5

*Rokos v. Peck*,
   182 Cal. App. 3d 604 (1986) .................................................................................. 4, 5

**Other Authorities**

Fed. R. Civ. P. Rule 12(b)(6) .................................................................................. 1, 2, 3

Fed. R. Civ. P. Rule 12(f) .................................................................................................. 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This Motion is brought by defendants RT Features U.S., LLC ("RTF"), James Gray ("Gray"), and Ethan Gross ("Gross") ("Moving Defendants") under Fed. R. Civ. P. Rule 12(b)(6) to dismiss the Fifth Count for Breach of Implied Contract ("Fifth Count") of Plaintiff's Third Amended Complaint ("TAC")[1] on the grounds that it fails to state a claim for relief against Moving Defendants.[2]

It is basic that contractual privity is an essential element of a claim for breach of an implied-in-fact contract for the sale of ideas, which is what the Fifth Count attempts to plead. Accordingly, in ruling on Moving Defendants' previous motion to dismiss Plaintiff's prior iteration of this claim in his First Amended Complaint ("FAC"), this Court granted the Motion (albeit with leave to amend), holding that the Fifth Count failed "to allege any facts showing an implied contract existed between Plaintiff and RTF … James Gray, or Ethan Gross." *See* Order dated December 7, 2021, p. 12 (Dkt. No. 87). As the Court explained, "[w]ithout allegations that Plaintiff met with RTF … James Gray, or Ethan Gross, Plaintiff lacks privity and his claim for breach of implied contract against them fails." *Id*.

However, Plaintiff's TAC utterly fails to rectify the deficiency identified by the Court in its Order. Instead of alleging that Plaintiff was in privity with the Moving Defendants, the Fifth Count of the TAC is premised on allegations that Plaintiff purportedly was in privity with defendants 20th Century Studios, Inc. ("20th Century") and Creative Artists Agency, LLC ("CAA"), and then additionally avers that 20th Century and CAA allegedly shared confidential information with RTF,

---

[1] Plaintiff's claim for Breach of Implied Contract is designated as "Count 5" although it is the fourth cause of action alleged in the TAC, which jumps from "Count 3" to "Count 5." *See* TAC, pp. 30 & 31. Presumably, the claim was drafted in this manner because "Count 4" previously was dismissed with prejudice. *See* Dkt. No. 87.

[2] Plaintiff's TAC purports to state claims against both RTF and "RT Features" which Plaintiff alleges is a Brazilian entity of unspecified kind. TAC ¶¶ 3-4. However, no such Brazilian "RT Features" entity apart from RTF exists, or has been duly served by Plaintiff, or had any connection with the motion picture *Ad Astra*.

1

1. Gray and Gross and supposedly had the right and ability to supervise them. TAC ¶¶ 38-39, 84-86. But these allegations fail to plead privity between Plaintiff and the Moving Defendants directly. By definition, privity requires a direct relationship between parties, which is not satisfied by Plaintiff's allegations here.

In short, this Motion should be granted, and the Fifth Count of the TAC should be dismissed with prejudice as to RTF, Gray and Gross.

## II.  RELEVANT BACKGROUND

On July 21, 2021, Plaintiff filed his Complaint against 20th Century, RTF and CAA. Dkt. No. 1. On September 22, 2021, 20th Century, RTF and CAA moved to dismiss the Complaint under Fed. R. Civ. P. Rule 12(b)(6). Dkt. Nos. 62, 64. On October 7, 2021, Plaintiff filed his FAC, which added Gray and Gross as defendants in this lawsuit. Dkt. No. 67.

On October 21, 2021, 20th Century and RTF moved pursuant to Fed. R. Civ. P. Rule 12(b)(6) to dismiss Plaintiff's FAC, and CAA moved under Fed. R. Civ. P. Rules 12(b)(6) and 12(f) to dismiss the FAC and strike Exhibits 12, 14, 15, and 16 attached thereto. Dkt. Nos. 69, 70. On November 19, 2021, Gray and Gross filed a Notice of Joinder in the Rule 12(b)(6) motion filed by 20th Century and RTF. Dkt. No. 82. On December 7, 2021, the Court granted, in part, and denied, in part, the Rule 12 motions filed by the Defendants. Dkt. No. 87.

In its Order of December 7, 2021, the Court dismissed without prejudice Plaintiff's Fifth Count against RTF, Gray, and Gross, because Plaintiff failed "to allege any facts showing an implied contract existed between Plaintiff and RTF, … James Gray, or Ethan Gross." Dkt. No. 87, p. 12. As the Court explained, "[w]ithout allegations that Plaintiff met with RTF … James Gray, or Ethan Gross, Plaintiff lacks privity and his claim for breach of implied contract against them fails." *Id*.

Subsequently, on December 21, 2021, Plaintiff filed a Second Amended Complaint ("SAC"), but it failed to comport with the Court's December 7, 2021

Order. *See* Dkt. Nos. 87 and 91.³ Accordingly, after counsel for all of the parties met and conferred on December 30, 2021, Plaintiff stipulated that he would file the TAC in an effort to rectify at least some of the deficiencies of his pleading. *See* Stipulation filed January 4, 2022 (Dkt. No. 92). The Court thereafter granted Plaintiff leave to file the TAC. *See* Dkt. No. 93. Thereafter, on January 10, 2022, Plaintiff filed his TAC. Dkt. No. 94.

However, the TAC still fails to allege privity between Plaintiff and RTF, Gray or Gross. Instead, Plaintiff alleges that he engaged in purported communications and meetings involving 20th Century and/or CAA. *See*, *e.g.*, TAC ¶¶ 23-35. But no such meetings are alleged in the TAC to have taken place between Plaintiff and RTF, Gray or Gross. Rather, the TAC alleges that 20th Century and CAA supposedly shared Plaintiff's purportedly confidential information with RTF, Gray and Gross and allegedly had the right and ability to supervise them. TAC ¶¶ 38-39, 84-86. These allegations fail to satisfy the privity requirement.

### III. PLAINTIFF'S FIFTH COUNT SHOULD BE DISMISSED AS TO THE MOVING DEFENDANTS BECAUSE NO PRIVITY IS ALLEGED

#### A. The Legal Standard for Dismissal Under Rule 12(b)(6)

Under Rule 12(b)(6), a plaintiff's complaint must allege "sufficient factual matter" to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Instead, plausibility depends on whether or not "the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

³ Among its other deficiencies, the SAC realleged claims for "Right to Derivate Works and Attribution of said Works" (Count 4), "False Designation of Origin and Reverse Passing Off" (Count 6) and "Unfair Competition (Count 7), all of which had been dismissed previously by the Court without leave to amend. *See* Dkt. No. 87.

suffice." *Id.* at 678; *Twombly,* 550 U.S. at 555. Thus, allegations that demonstrate a "mere possibility of misconduct" are insufficient. *Iqbal,* 556 U.S. at 679.

### B. Plaintiff's Idea Submission Claim Fails to Allege the Critical Element of Privity Between Plaintiff and RTF, Gray or Gross

Privity is a critical element of a breach of implied contract claim in an idea-submission case. "Generally speaking, ideas are as free as the air…. The general rule of law is that the noblest of human productions – knowledge, truths ascertained, conceptions and ideas – become, after voluntary communication to others, free as the air to common use." *Desny v. Wilder*, 46 Cal. 2d 715, 731-32 (1956); *Rokos v. Peck*, 182 Cal. App. 3d 604, 613 (1986). Consequently, the law has developed so that ideas can only be protected by a contract between a seller who offers to sell an otherwise unprotectable idea, and a willing buyer who agrees to pay for use of the idea under conditions that the buyer is specifically made aware of before the idea is disclosed. *Desny*, 46 Cal. 2d at 737-739; *Faris v. Enberg*, 97 Cal. App. 3d 309, 318-20 (1979).

Thus, to plead a claim for breach of an implied-in-fact contract, a plaintiff must allege that he or she "prepared the work, disclosed the work to the offeree for sale, and did so under circumstances from which it could be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered and the reasonable value of the work." *Goodness Films, LLC v. TV One, LLC,* No. CV 12-8688-GW(JEMX), 2013 WL 12306439, at *10 (C.D. Cal. Oct. 21, 2013) (citing *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 967 (9th Cir. 2004)); *see also Mann v. Columbia Pictures, Inc.*, 128 Cal. App. 3d 628, 647 fn. 6 (1982); *Faris*, 97 Cal. App. 3d 309, 318 (1979); *Klekas v. EMI Films, Inc.*, 150 Cal. App. 3d 1102, 1114 (1984). Importantly, the defendant must have had an opportunity to reject the submission knowing the terms under which it was tendered by the plaintiff because "[u]nless the offeree has an opportunity to reject he cannot be said to accept." *Desny*, 46 Cal. 2d at 739; *Faris*, 97 Cal. App. 3d at 318.

In this context, it is basic that "[p]rivity between the parties is a necessary

element of an implied-in-fact contract claim." *Benay v. Warner Bros. Ent.*, 607 F.3d 620, 634 (9th Cir. 2010), *overruled in part on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (en banc); *Design Data Corp. v. Unigate Enter., Inc.*, No. C 12-4131 PJH, 2013 WL 360542, at *5 (N.D. Cal. Jan. 29, 2013) ("the courts have … held that privity between the parties is a necessary element of an implied-in-fact contract claim"). This is because, absent privity with the plaintiff, a defendant cannot have had any "opportunity to reject" the plaintiff's submission of his idea. *Desny*, 46 Cal. 2d at 739. Thus, "the creation of an implied-in-fact contract ... is of such a personal nature that it is effective only between the contracting parties." *Rokos*, 182 Cal. App. 3d at 617-18. Moreover, as a result this privity requirement, "[a]ny person not a party to the contract is free to use the idea without restriction." *Chandler v. Roach*, 156 Cal. App. 2d 435, 441 (1957) (citation omitted); *see also Mann*, 128 Cal. App. 3d at 647 fn. 6.

Here, the TAC alleges that Plaintiff submitted his *Cosmic Force* script to 20th Century and CAA (TAC ¶¶ 23-35), and that "[20th Century] and CAA have shared Plaintiff's confidential business information with" RTF, Gray and Gross, who thereafter allegedly "used Plaintiff's confidential information for purposes other than evaluating a business opportunity with Plaintiff, namely the theft of Plaintiff's copyrighted work…" TAC ¶ 84. Plaintiff further alleges that "[20th Century] and CAA executed contracts with" RTF, Gray and Gross "in which Defendants [20th Century] and CAA had the right and ability to supervise" them. *Id*. ¶¶ 38-39, 85-86. These allegations, however, utterly fail to aver any privity between Plaintiff himself and RTF, Gray or Gross. As this Court already observed, "[w]ithout allegations that Plaintiff met with RTF … James Gray, or Ethan Gross, Plaintiff lacks privity and his claim for breach of implied contract against them fails." Dkt. No. 87, p. 12.[4]

---

[4] In addition, Plaintiff's TAC perplexingly cites a handful of legal authorities. Of course, it is improper for a pleading to allege legal conclusions, but these case citations are also irrelevant as none of the cited cases concern issues of privity or implied contracts for the use of ideas. *See* TAC ¶¶ 85-86 (*citing Marvin v. Marvin*,

5

Accordingly, RTF, Gray and Gross should be dismissed with prejudice from Plaintiff's Fifth Count of the TAC.  Additionally, further leave to amend the Fifth Count should be denied.  Plaintiff has now had multiple opportunities to amend his pleading, and thus it is clear no facts exist supporting his breach of implied contract claims against the Moving Defendants.

## IV. CONCLUSION

For the reasons stated above, this Motion should be granted in full and without leave to amend, and the Fifth Count should be dismissed with prejudice as to defendants RTF, Gray and Gross.

Dated:  January 24, 2022

RESPECTFULLY SUBMITTED,

**FOX ROTHSCHILD LLP**

*/S/ DAVID ARONOFF*
David Aronoff
Joshua Bornstein
Attorneys for Defendants
20TH CENTURY STUDIOS, INC.,
RT FEATURES U.S., LLC, JAMES GRAY, and ETHAN GROSS

---

18 Cal. 3d 660 (1976); *Div. of Labor Law Enforcement v. Transpacific Trans. Co.*, 69 Cal. App. 3d 268 (1977); *Friedman v. Friedman*, 20 Cal. App. 4th 876 (1993)).