JEREMIAH REYNOLDS (SBN 223554)
jreynolds@eisnerlaw.com
ZACHARY ELSEA (SBN 279252)
zelsea@eisnerlaw.com
ALEXANDRA ACHAMALLAH (SBN 317978)
aachamallah@eisnerlaw.com
EISNER, LLP
9601 Wilshire Blvd., 7th Floor
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

Attorneys for Defendant,
Creative Artists Agency, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PHILLIP MADISON JONES,<br><br>            Plaintiff,<br><br>    vs.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION D/B/A 20TH CENTURY STUDIOS; THE WALT DISNEY COMPANY; 20TH CENTURY STUDIOS, INC.; CREATIVE ARTISTS AGENCY, LLC; RT FEATURES; RT FEATURES U.S. LLC; JAMES GRAY; AND ETHAN GROSS,<br><br>            Defendants. | Case No. 2:21-cv-05890-FWS-SK<br><br>*The Hon. Fred W. Slaughter*<br><br>**DEFENDANT CREATIVE ARTISTS AGENCY, LLC'S ANSWER TO FOURTH AMENDED COMPLAINT**<br><br>Trial Date:    July 25, 2023 |

Defendant Creative Artists Agency, LLC ("Defendant" or "CAA") hereby answers the Fourth Amended Complaint (Dkt. No. 126) of Plaintiff Phillip Madison Jones ("Plaintiff") as follows.

## ANSWER TO COMPLAINT

1. Answering Paragraph 1, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

2. Answering Paragraph 2, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

3. Answering Paragraph 3, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

4. Answering Paragraph 4, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

5. Answering Paragraph 5, Defendant admits only that it is a talent and sports agency. Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegation that it "packages actors and directors with literary clients" because the term "packages" is highly vague and ambiguous as used by Plaintiff in this Paragraph, and Defendant denies the allegation on that basis. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 5.

6. Answering Paragraph 6, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

7. Answering Paragraph 7, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

8. Answering Paragraph 8, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

9. Answering Paragraph 9, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

10. Answering Paragraph 10, Defendant admits only that Paragraph 10 purports to summarize the contents of the *Cosmic Force* script. Defendant denies that Plaintiff accurately characterizes the *Cosmic Force* script. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained therein.

11. Answering Paragraph 11, Defendant admits only that Plaintiff submitted a copy of the *Cosmic Force* script to Cameron Mitchell, a former CAA agent. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained therein.

12. Answering Paragraph 12, Defendant denies each and every allegation contained therein.

13. Answering Paragraph 13, Defendant denies each and every allegation contained therein.

14. Answering Paragraph 14, Defendant admits only that *Ad Astra* was directed by James Gray and stars Brad Pitt, Tommy Lee Jones, Liv Tyler, Ruth Negga, and Donald Sutherland, and that CAA has represented James Gray, Brad Pitt, and Tommie Lee Jones. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained therein.

15. Answering Paragraph 15, Defendant denies each and every allegation contained therein.

16. Answering Paragraph 16, Defendant denies each and every allegation contained therein.

17. Answering Paragraph 17, Defendant admits only that the *Ad Astra* screenplay was developed prior to Plaintiff ever submitting a copy of the *Cosmic Force* script to former CAA agent, Cameron Mitchell. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained therein.

18. Paragraph 18 is a legal conclusion to which no response is required. To the extent Paragraph 18 is deemed to include factual allegations to which a response is required, the same are denied.

19. Answering Paragraph 19, Defendant does not contest subject matter jurisdiction.

20. Answering Paragraph 20, Defendant does not contest personal jurisdiction over CAA.

21. Answering Paragraph 21, Defendant does not contest venue.

22. Answering Paragraph 22, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

23. Answering Paragraph 23, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

24. Answering Paragraph 24, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

25. Answering Paragraph 25, Defendant denies each and every allegation contained therein.

26. Answering Paragraph 26, Defendant denies each and every allegation contained therein.

27. Answering Paragraph 27, Defendant admits the allegations contained therein.

28. Answering Paragraph 28, Defendant admits the allegations contained therein.

29. Answering Paragraph 29, Defendant admits the allegations contained therein.

30. Answering Paragraph 30, Defendant admits only that on November 18, 2015, Plaintiff sent an email to former CAA agent Cameron Mitchell. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis denies such allegations.

31. Answering Paragraph 31, Defendant admits only that on February 9, 2016, Plaintiff sent an email to former CAA agent Cameron Mitchell, and on that date, Cameron Mitchell also sent an email to Plaintiff. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis denies such allegations.

32. Answering Paragraph 32, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

33. Answering Paragraph 33, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

34. Answering Paragraph 34, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

35. Answering Paragraph 35, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

36. Answering Paragraph 36, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

37. Answering Paragraph 37, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

38. Answering Paragraph 38, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

39. Answering Paragraph 39, Defendant denies each and every allegation contained therein.

40. Answering Paragraph 40, Defendant denies each and every allegation contained therein.

41. Answering Paragraph 41, Defendant denies each and every allegation contained therein.

42. Answering Paragraph 42, Defendant denies each and every allegation contained therein.

43. Answering Paragraph 43, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

44. Answering Paragraph 44, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

45. Answering Paragraph 45, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

46. Answering Paragraph 46, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

47. Answering Paragraph 47, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

48. Answering Paragraph 48, Defendant admits only that Paragraph 48 purports to summarize the *Ad Astra* screenplay.  Defendant denies that Plaintiff accurately characterizes the *Ad Astra* screenplay.  Except as expressly admitted herein, Defendant denies each and every remaining allegation contained therein.

49. Answering Paragraph 49, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

50. Answering Paragraph 50, Defendant denies each and every allegation contained therein.

51. Answering Paragraph 51, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  To the extent that Paragraph 51 alleges legal conclusions, no response is required.

52. Answering Paragraph 52, Defendant admits only that Paragraph 52 purports to summarize similarities between *Cosmic Force* and *Ad Astra*.  Defendant answers that Paragraph 52 is improperly pled in containing numerous subparts and that the works at issue speak for themselves.  Defendant denies each and every allegation in Paragraph 52.  To the extent that Paragraph 52 alleges legal conclusions, no response is required.

53. Paragraph 53 is a legal conclusion to which no response is required. To the extent Paragraph 53 is deemed to include factual allegations to which a response is required, the same are denied.

54. Paragraph 54 is a legal conclusion to which no response is required. To the extent Paragraph 54 is deemed to include factual allegations to which a response is required, the same are denied.

55. Answering Paragraph 55, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

56. Answering Paragraph 56, Defendant admits only that *Ad Astra* movie trailers are available on multiple media platforms. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained therein. To the extent that Paragraph 56 alleges legal conclusions, no response is required.

57. Answering Paragraph 57, Defendant denies each and every allegation contained therein. To the extent that Paragraph 57 alleges legal conclusions, no response is required.

58. Answering Paragraph 58, Defendant denies each and every allegation contained therein. To the extent that Paragraph 58 alleges legal conclusions, no response is required.

59. Answering Paragraph 59, each preceding paragraph of this Answer is incorporated by reference.

60. Answering Paragraph 60, Defendant denies each and every allegation contained therein.

61. Answering Paragraph 61, Defendant denies each and every allegation contained therein.

62. Answering Paragraph 62, Defendant denies each and every allegation contained therein.

63. Answering Paragraph 63, Defendant denies each and every allegation contained therein.

64. Answering Paragraph 64, Defendant denies each and every allegation contained therein.

65. Answering Paragraph 65, Defendant denies each and every allegation contained therein.

66. Answering Paragraph 66, each preceding paragraph of this Answer is incorporated by reference.

67. Answering Paragraph 67, Defendant denies each and every allegation contained therein.

68. Answering Paragraph 68, Defendant denies each and every allegation contained therein.

69. Answering Paragraph 69, Defendant denies each and every allegation contained therein.

70. Answering Paragraph 70, Defendant denies each and every allegation contained therein.

71. Answering Paragraph 71, each preceding paragraph of this Answer is incorporated by reference.

72. Answering Paragraph 72, Defendant denies each and every allegation contained therein.

73. Answering Paragraph 73, Defendant denies each and every allegation contained therein.

74. Answering Paragraph 74, Defendant denies each and every allegation contained therein.

75. Answering Paragraph 75, Defendant denies each and every allegation contained therein.

76. Answering Paragraph 76, Defendant denies each and every allegation contained therein.

77. Answering Paragraph 77, Defendant denies each and every allegation contained therein.

78. Answering Paragraph 78, each preceding paragraph of this Answer is incorporated by reference.

79. Answering Paragraph 79, Defendant denies each and every allegation contained therein.

80. Answering Paragraph 80, Defendant denies each and every allegation contained therein.

81. Answering Paragraph 81, Defendant denies each and every allegation contained therein.

82. Answering Paragraph 82, Defendant denies each and every allegation contained therein.

83. Answering Paragraph 83, Defendant denies each and every allegation contained therein.

84. Answering Paragraph 84, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Without admitting the truth of any allegation set forth in the Fourth Amended Complaint, Defendant asserts the following affirmative defenses to the Fourth Amended Complaint and each and every cause of action purportedly stated therein.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Fourth Amended Complaint, and each and every cause of action set forth therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Compliance with the Law)

2. Defendant's actions were in full compliance with the law.

### THIRD AFFIRMATIVE DEFENSE
### (Failure of Consideration)

3. Any performance due by Defendant under any contract alleged in the Fourth Amended Complaint was excused by failure of consideration.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

4. Plaintiff's damages and injuries, if any, are the result, in whole or in part, of Plaintiff's failure to exercise reasonable care to reduce or mitigate such damages and injuries.

### FIFTH AFFIRMATIVE DEFENSE
### (Justification/Excuse)

5. Any of Defendant's actions taken with respect to Plaintiff were justified and/or excused, thereby barring Plaintiff's claims.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

6. To the extent that the Fourth Amended Complaint is based upon alleged oral promises and agreements, such claims are barred by the Statute of Frauds and Civil Code Section 1624, and any such oral promises and agreements should be declared void and unenforceable.

### SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

7. Because of Plaintiff's misconduct in connection with the events which are the subject of this lawsuit, Plaintiff comes into this Court with unclean hands and should, therefore, be denied any relief whatsoever.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

8. By reason of his conduct, Plaintiff has waived any right which he may have had to recover, and/or is estopped from any recovery, by way of his Fourth Amended Complaint and any cause of action contained therein.

### NINTH AFFIRMATIVE DEFENSE
### (Fair Use)

9. The claims asserted in Plaintiff's Fourth Amended Complaint are barred in whole or in part by the fair use doctrine, 17 U.S.C. § 107.

### TENTH AFFIRMATIVE DEFENSE
### (Independent Development/Independent Creation)

10. The claims asserted in Plaintiff's Fourth Amended Complaint are barred in whole or in part by the doctrines of independent development and/or independent creation.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Substantial Similarity)

11. The claims asserted in Plaintiff's Fourth Amended Complaint are barred because *Ad Astra* is not substantially similar to any copyright-protected expression contained in *Cosmic Force*, if any.

### TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Originality)

12. The claims asserted in Plaintiff's Fourth Amended Complaint are barred because the allegedly infringed elements of *Cosmic Force* are not original to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Unprotected Material)

13. The claims asserted in Plaintiff's Fourth Amended Complaint fail because, to the extent Defendant may have copied any material contained in *Cosmic Force*, which Defendant denies, the use was limited to ideas, scenes a faire, clichés,

and conventions of story-telling, or other expression not subject to copyright protection.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (De Minimis Use)

14. To the extent Defendant may have copied any copyright-protected material contained in *Cosmic Force*, which Defendant denies, such use was *de minimis* and not subject to liability.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

15. The claims asserted in Plaintiff's Fourth Amended Complaint fail and/or, at a minimum, Plaintiff must satisfy heightened First Amendment due process standards including the burden of establishing "clear and convincing" evidence of the elements of its claims, because to the extent Defendant may have copied any copyright-protected material contained *Cosmic Force*, which Defendant denies, Plaintiff's claims and/or remedies are subject to the requirements of the First Amendment to the United States Constitution and Section 2(a) of the California Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Public Domain)

16. The claims asserted in Plaintiff's Fourth Amended Complaint fail because, to the extent Defendant may have copied any material contained in *Cosmic Force*, which Defendant denies, the use was limited to material in the public domain, not protectable expression subject to copyright protection.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

17. The claims asserted in Plaintiff's Fourth Amended Complaint fail because to the extent Defendant's acts infringed any copyright-protected material in *Cosmic Force*, which Defendant denies, the infringement was innocent, not willful.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Registration)

18. To the extent Plaintiff has failed to comply with the provisions of 17 U.S.C. §§ 411(a) and/or 412, Plaintiff is barred from recovering statutory damages or attorneys' fees.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Copyright Formalities)

19. The claims asserted in Plaintiff's Fourth Amended Complaint are barred, in whole or in part, to the extent that the U.S. copyright in *Cosmic Force* was not properly registered and/or that such registration is invalid or was obtained fraudulently or otherwise improperly.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Copyright Preemption)

20. Plaintiff's state law claims, including his purported claim for breach of implied contract, are barred by principles of Copyright Act preemption, including under 17 U.S.C. § 301(a).

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Implied Consent)

21. By reason of Plaintiff's conduct, words, actions, and/or failures to act, Plaintiff impliedly consented to Defendant's alleged conduct.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Speculative and Conjectural Harm)

22. Plaintiff's claims are barred in whole or in part to the extent Plaintiff's alleged damages claims are entirely conjectural and speculative.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Fault of Others)

23. Plaintiff is barred and precluded from any recovery against Defendant because to the extent Plaintiff has suffered any damage, loss, and/or injury, which Defendant denies, it was caused by persons other than Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Laches)

24. Plaintiff is barred from obtaining injunctive relief under the Fourth Amended Complaint or any of the purported claims alleged therein by the doctrine of laches due to Plaintiff's unreasonable delay in seeking such relief.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

25. Some, if not all, of Plaintiff's claims for relief in the Fourth Amended Complaint are time barred, in whole or in part, by the applicable statute of limitations, including without limitation, California Code of Civil Procedure §§ 337 and 339.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Ongoing Investigation)

26. Defendant has not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of the Fourth Amended Complaint and, accordingly, reserves the right to amend, modify, revise, or supplement its Answer and to plead such other defenses and take such other further actions as it may deem proper and necessary in its defense upon completion of said investigation and/or study.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That the Fourth Amended Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of the Fourth Amended Complaint;

3. That Defendant be awarded its costs incurred in defending this action; and

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

DATED: January 17, 2023               EISNER, LLP

By: ___/s/ Jeremiah Reynolds___
JEREMIAH REYNOLDS
Attorneys for Defendant,
Creative Artists Agency, LLC

**DEMAND FOR JURY TRIAL**

Defendant Creative Artists Agency, LLC hereby demands a trial by jury on all issues and causes of action triable by a jury.

DATED:  January 17, 2023          EISNER, LLP

By:   /s/ Jeremiah Reynolds
JEREMIAH REYNOLDS
Attorneys for Defendant,
Creative Artists Agency, LLC