DAVID ARONOFF (SBN 125694)
DAronoff@FoxRothschild.com
JOSHUA BORNSTEIN (SBN 311658)
JBornstein@FoxRothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Telephone:   310.598.4150
Facsimile:   310.556.9828

Attorneys for Defendants
TWENTIETH CENTURY FOX FILM
CORPORATION, THE WALT DISNEY
COMPANY, 20TH CENTURY STUDIOS,
INC., RT FEATURES U.S., LLC, JAMES
GRAY, and ETHAN GROSS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP MADISON JONES,<br><br>  Plaintiff,<br><br>  v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION d/b/a 20TH CENTURY STUDIOS;  THE WALT DISNEY COMPANY; 20TH CENTURY STUDIOS, INC.; CREATIVE ARTISTS AGENCY, LLC; RT FEATURES; RT FEATURES U.S. LLC, JAMES GRAY, AND ETHAN GROSS,<br><br>  Defendants. | Case No. 2:21-CV-05890-FWS (SKx)<br><br>Hon. Fred W. Slaughter<br><br>**ANSWER OF DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION, THE WALT DISNEY COMPANY, 20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, AND ETHAN GROSS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY** |

ANSWER OF DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION, THE WALT DISNEY COMPANY, 20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, AND ETHAN GROSS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

141386964.2

Defendants Twentieth Century Fox Film Corporation ("TCFFC"), The Walt Disney Company ("TWDC"), 20th Century Studios, Inc. ("20th Century"), RT Features, U.S., LLC ("RTF"), James Gray ("Gray"), and Ethan Gross ("Gross") (collectively, "Defendants") hereby answer the Fourth Amended Complaint (Dkt. No. 126) of Plaintiff Phillip Madison Jones ("Plaintiff") as follows.

## ANSWER TO FOURTH AMENDED COMPLAINT

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and deny them on that basis.

2. Defendants admit that TCFFC is incorporated in the state of Delaware with its principal place of business located at 10201 West Pico Boulevard, Los Angeles, California. Defendants further admit that TCFFC is a film studio that produces motion pictures and is wholly and indirectly owned by TWDC. Defendants deny the remaining allegations of Paragraph 2.

3. Defendants admit that TWDC is incorporated in the state of Delaware and has its principal place business at 500 South Buena Vista Street, Burbank, California, 91521. Defendants further admit that certain of TWDC's direct or indirect subsidiaries and affiliates are involved in film and television production and distribution and theme parks. Defendants further admit that TWDC's indirect subsidiaries include TCFFC, 20th Century Studios, Inc. ("20th Century"), and Buena Vista Home Entertainment Inc. dba Walt Disney Studios Home Entertainment ("BVHE"). Defendants deny the remaining allegations of Paragraph 3.

4. Defendants admit that 20th Century is a corporation with its principal place of business located at 10201 West Pico Boulevard, Los Angeles, California. Defendants further admit that 20th Century is wholly and indirectly owned by TWDC. Defendants deny the remaining allegations of Paragraph 4.

5. Defendants admit that defendant Creative Artists Agency, LLC ("CAA") is a talent and sports agency that, among other activities, packages actors

2

ANSWER OF DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION, THE WALT DISNEY COMPANY, 20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, AND ETHAN GROSS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

141386964.2

and directors with literary clients.  Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and deny them on that basis.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and deny them on that basis.

7.      Defendants admit that defendant RT Features U.S. LLC ("RTF") is a motion picture production company. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and deny them on that basis.

8.      Defendants admit that defendant James Gray ("Gray") is credited as a co-writer and director of the motion picture *Ad Astra*. Defendants further admit that Gray is represented by the talent agency Creative Artists Agency, LLC ("CAA"). Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and deny them on that basis.

9.      Defendants admit that defendant Ethan Gross ("Gross") is credited as a co-writer of the motion picture *Ad Astra*.

## NATURE OF ACTION

10.     Defendants deny Paragraph 10 insofar as it purports to summarize the contents of the *Cosmic Force* script on the grounds that said work speaks for itself with regard to its expressive content.  Except as so expressly denied herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 and deny them on that basis.

11.     Defendants deny that Plaintiff submitted a copy of the *Cosmic Force* script to TCFFC or engaged in confidential business discussions with TCFFC regarding the production of a movie and/or television series based on the Script or the licensing or sale of the Script.  Except as so denied, Defendants lack knowledge

3

ANSWER OF DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION, THE WALT DISNEY COMPANY, 20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, AND ETHAN GROSS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

141386964.2

or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and deny them on that basis.

12. Defendants deny each and every allegation of Paragraph 12.

13. Defendants admit that RTF commissioned the screenplay for *Ad Astra*, that the screenplay was written by Gray and Gross, and that the motion picture *Ad Astra* and its trailers were produced, distributed, and publicly performed to the public in the U.S. and around the world. Except as so admitted, Defendants deny the remaining allegations of Paragraph 13.

14. Defendants admit that the motion picture *Ad Astra* was directed by Gray and was written by Gray and Gross, who received writing credits, and that their screenplay was commissioned by RTF. Defendants further admit that *Ad Astra* stars Brad Pitt, Tommy Lee Jones, Liv Tyler, Ruth Negga, and Donald Sutherland. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and deny them on that basis.

15. Defendants deny each and every allegation of Paragraph 15.

16. Defendants deny each and every allegation of Paragraph 16.

17. Defendants deny each and every allegation of Paragraph 17.

18. Defendants deny each and every allegation of Paragraph 18.

## JURISDICTION AND VENUE

19. Defendants admit the subject matter jurisdiction of this Court but deny all allegations of wrongdoing, including copyright infringement, unfair competition and passing off. Except as so expressly admitted and denied, Defendants deny each and every remaining allegation contained in Paragraph 19.

20. Defendants admit personal jurisdiction within the district of this Court but deny all allegations of wrongdoing, including any acts of infringement. Except

4

ANSWER OF DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION, THE WALT DISNEY COMPANY, 20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, AND ETHAN GROSS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

141386964.2

1  as so expressly admitted and denied, Defendants deny each and every remaining
2  allegation contained in Paragraph 20.

3      21. Defendants admit proper venue within the district of this Court but deny
4  any wrongdoing.  Except as so admitted, Defendants deny each and every remaining
5  allegation contained in Paragraph 21.

## RESPONSE TO FACTUAL ALLEGATIONS

    22. Defendants deny Plaintiffs' characterizations of *Cosmic Force* on the grounds that said work speaks for itself with regard to its expressive content.  Except as so expressly denied, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and deny them on that basis.

    23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and deny them on that basis.

    24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and deny them on that basis.

    25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and deny them on that basis.

    26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and deny them on that basis.

    27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and deny them on that basis.

    28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and deny them on that basis.

    29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and deny them on that basis.

    30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and deny them on that basis.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and deny them on that basis.

32. Defendants deny that Mike Stein, John Davis or Davis Entertainment were employed by, acted or were authorized to act on behalf of, or otherwise represented TCFFC.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and deny them on that basis.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and deny them on that basis.

34. Defendants deny that they received a copy of Plaintiff's Script.  Except as so specifically denied, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 and deny them on that basis.

35. Defendants deny that they received a copy of Plaintiff's Script.  Except as so specifically denied, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 and deny them on that basis.

36. Defendants deny that they received a copy of Plaintiff's Script.  Except as so specifically denied, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 and deny them on that basis.

37. Defendants deny that they received a copy of Plaintiff's Script.  Except as so specifically denied, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 and deny them on that basis.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and deny them on that basis.

141386964.2

39. Defendants deny each and every allegation of Paragraph 39.

40. Defendants deny each and every allegation of Paragraph 40.

41. Defendants deny each and every allegation of Paragraph 41.

42. Defendants deny each and every allegation of Paragraph 42.

43. Defendants admit that the websites referenced by Plaintiff speak for themselves as to their content. Except as so admitted, Defendants deny the remaining allegations of Paragraph 43.

44. Defendants admit that the website referenced by Plaintiff speaks for itself as to its content. Except as so admitted, Defendants deny the remaining allegations of Paragraph 44.

45. Defendants admit that the website referenced by Plaintiff speaks for itself as to its content. Except as so admitted, Defendants deny the remaining allegations of Paragraph 45.

46. Defendants admit that Gray and Gross wrote the screenplay for *Ad Astra* but deny that the version of the screenplay dated August 11, 2016 was written on that date or that it was the final screenplay for *Ad Astra*. Defendants further admit that the website referenced by Plaintiff speaks for itself as to its content. Except as so admitted and denied, Defendants deny the remaining allegations of Paragraph 46.

47. Defendants admit that the website referenced by Plaintiff speaks for itself as to its content. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and deny them on that basis.

48. Defendants deny Plaintiffs' characterizations of *Ad Astra* and *Cosmic Force* on the grounds that said works speak for themselves with regard to their expressive content. In addition, Defendants further deny the remaining allegations of Paragraph 48.

141386964.2

49. Defendants admit that Gray and Gross wrote the screenplay for *Ad Astra*, but deny that the version of the screenplay dated August 11, 2016 was written on that date or that it was the final screenplay for *Ad Astra*. Except as so admitted and denied, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 and deny them on that basis.

50. Defendants deny each and every allegation of Paragraph 50.

51. Defendants deny that there are numerous or substantial similarities between *Ad Astra* and *Cosmic Force*. Except as so expressly denied, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and deny them on that basis.

52. Defendants deny that the *Ad Astra* film, trailers, or screenplay were copied from or otherwise copy elements from *Cosmic Force*. Additionally, Defendants deny Plaintiff's characterizations of *Ad Astra* and *Cosmic Force* on the grounds that said works speak for themselves with regard to their expressive content. Defendants also answer Paragraph 51 by averring that it is improperly pled, containing numerous prolix subparts in direct violation of the Court's Order (Dkt. No. 93) directing Plaintiff to "separate the allegations [] set forth in [former] Paragraph 49 … into short, plain statements, separated into paragraph numbers … in accordance with Fed. R. Civ. P. Rule 8." Defendants further deny each and every remaining allegation of Paragraph 52 including all subparts.

53. Defendants deny that the *Ad Astra* film, trailers, or screenplay were copied from or otherwise contain similarities to *Cosmic Force*. Further, Defendants deny Plaintiff's characterizations of *Ad Astra* and *Cosmic Force* on the grounds that said works speak for themselves with regard to their expressive content. Defendants further deny each and every remaining allegation of Paragraph 53.

54. Defendants deny each and every allegation of Paragraph 54.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and deny them on that basis.

56. Defendants admit only that the *Ad Astra* movie and movie trailers are available on multiple media platforms. Defendants deny each and every remaining allegation contained in Paragraph 56.

57. Defendants deny each and every allegation of Paragraph 57.

58. Defendants deny each and every allegation of Paragraph 58.

## FIRST CLAIM FOR RELIEF

### Alleged Copyright Infringement Against All Defendants – 17 U.S.C. § 501

59. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 58, above.

60. Defendants deny each and every allegation of Paragraph 60.

61. Defendants deny each and every allegation of Paragraph 61.

62. Defendants deny each and every allegation of Paragraph 62.

63. Defendants deny each and every allegation of Paragraph 63.

64. Defendants deny each and every allegation of Paragraph 64.

65. Defendants deny each and every allegation of Paragraph 65.

## SECOND CLAIM FOR RELIEF

### Alleged Contributory Copyright Infringement

66. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 65, above.

67. Defendants deny each and every allegation of Paragraph 67.

68. Defendants deny each and every allegation of Paragraph 68.

69. Defendants deny each and every allegation of Paragraph 69.

70. Defendants deny each and every allegation of Paragraph 70.

///

9

ANSWER OF DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION, THE WALT DISNEY COMPANY, 20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, AND ETHAN GROSS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

141386964.2

## THIRD CLAIM FOR RELIEF

### Alleged Vicarious Copyright Infringement

71. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 70, above.

72. Defendants deny each and every allegation of Paragraph 72.

73. Defendants deny each and every allegation of Paragraph 73.

74. Defendants deny each and every allegation of Paragraph 74.

75. Defendants deny each and every allegation of Paragraph 75.

76. Defendants deny each and every allegation of Paragraph 76.

77. Defendants deny each and every allegation of Paragraph 77.

## FOURTH CLAIM FOR RELIEF

### Alleged Breach of Contract – Implied Contract – Cal. Civ. Code §§ 1619, 1621[1]

78. Defendants reallege and incorporate by reference their response to Paragraphs 1 through 77, above.

79. Defendants deny each and every allegation of Paragraph 79.

80. Defendants deny each and every allegation of Paragraph 80.

81. Defendants deny each and every allegation of Paragraph 81.

82. Defendants deny each and every allegation of Paragraph 82.

83. Defendants deny each and every allegation of Paragraph 83.

84. Defendants deny each and every allegation of Paragraph 84.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, but without conceding or acknowledging that they bear the burden of proof, persuasion or presentation of evidence on any of these issues, Defendants allege:

---

[1] On February 15, 2022, the Court dismissed Plaintiff's Count for Breach of Contract – Implied Contract in its entirety as to defendants Gray, Gross, and RTF, with prejudice and without leave to amend. Dkt. No. 102. Thus, no response by those Defendants is required or appropriate as to Paragraphs 78 through 83.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Fourth Amended Complaint, and each and every cause of action set forth therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Independent Creation)

Plaintiff's claims fail because *Ad Astra* was created independently by defendants Gray, Gross, and the other defendants, including TCFFC.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Access)

Plaintiff's claims are barred because Gray, Gross, and the other defendants, including 20th Century, TCFFC, and TWDC, never had actual knowledge of *Cosmic Force* or a reasonable opportunity to copy Plaintiff's work in the creation of *Ad Astra*.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Substantial Similarity)

Plaintiff's claims are barred because *Ad Astra* is not substantially similar to any copyright-protected expression contained in *Cosmic Force*, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Originality)

Plaintiff's claims for relief are barred because the allegedly infringed elements of *Cosmic Force* are not original to Plaintiff.

///

///

///

///

11

ANSWER OF DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION, THE WALT DISNEY COMPANY, 20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, AND ETHAN GROSS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

141386964.2

### SIXTH AFFIRMATIVE DEFENSE

### (Unprotected Material)

Plaintiffs' claims fail because, to the extent any defendant copied any material contained in *Cosmic Force* – which Defendants deny – the use was limited to ideas, scenes a faire, clichés and conventions of story-telling, or other expression not subject to copyright protection.

### SEVENTH AFFIRMATIVE DEFENSE

### (De Minimis Use)

To the extent any defendant copied any copyright-protected material contained in *Cosmic Force* – which Defendants deny – such use was *de minimis* and not subject to liability.

### EIGHTH AFFIRMATIVE DEFENSE

### (Fair Use)

To the extent any defendant copied any copyright-protected material contained in *Cosmic Force* – which Defendants deny – such use constituted protected "fair use" under 17 U.S.C. § 107 of the Copyright Act.

### NINTH AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiff's claims fail and/or, at a minimum, Plaintiff must satisfy heightened First Amendment due process standards including the burden of establishing "clear and convincing" evidence of the elements of its claims because, to the extent any defendant copied any copyright-protected material contained *Cosmic Force* – which Defendants deny – Plaintiff's claims and/or remedies are subject to the requirements of the First Amendment to the United States Constitution and Article I, Section 2(a) of the California Constitution.

///

12

ANSWER OF DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION, THE WALT DISNEY COMPANY, 20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, AND ETHAN GROSS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

141386964.2

## TENTH AFFIRMATIVE DEFENSE

**(Public Domain)**

Plaintiff's claims fail because, to the extent any defendant copied any material contained in *Cosmic Force* – which Defendants deny – the use was limited to material in the public domain, not protectable expression subject to copyright protection.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Innocent Intent)**

Plaintiff's claims fail because to the extent Defendant's acts infringed any copyright-protected material in *Cosmic Force* – which Defendants deny – the infringement was innocent, not willful.

## TWELFTH AFFIRMATIVE DEFENSE

**(Lack of Registration)**

To the extent Plaintiff has failed to comply with the provisions of 17 U.S.C. §§ 411(a) and/or 412, Plaintiff is barred from recovering statutory damages or attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Copyright Formalities)**

Plaintiff's claims are barred, in whole or in part, to the extent that the U.S. copyright in *Cosmic Force* was not properly registered and/or that such registration is invalid or was obtained fraudulently or otherwise improperly.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Copyright Preemption)**

Plaintiff's state law claims, including his purported claim for breach of implied contract, are barred by principles of Copyright Act preemption, including under 17 U.S.C. § 301(a).

///

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

By reason of Plaintiff's conduct, words and/or actions and Defendants' reasonable reliance to their detriment thereon, Plaintiff has waived and is estopped from obtaining relief on any of his purported claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

By reason of Plaintiff's conduct, words and/or actions, Plaintiff is guilty of unclean hands and, therefore, precluded from obtaining the relief sought in the Fourth Amended Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff is barred from recovery to the extent that his purported damages could reasonably have been avoided or minimized by him, in whole or in part.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Speculative and Conjectural Harm)

Plaintiff's claims are barred in whole or in part to the extent Plaintiff's alleged damages claims are entirely conjectural and speculative.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

Plaintiff is barred and precluded from any recovery against Defendants because to the extent Plaintiff has suffered any damage, loss and/or injury – which Defendants deny – it was caused by persons other than Defendants.

///

///

///

14

ANSWER OF DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION, THE WALT DISNEY COMPANY, 20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, AND ETHAN GROSS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

141386964.2

## TWENTIETH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff is barred from obtaining injunctive relief under the Fourth Amended Complaint or any of the purported claims alleged therein by the doctrine of laches due to Plaintiff's unreasonable delay in seeking such relief.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Justification/Excuse)

Any of Defendants' actions taken with respect to Plaintiff were justified and/or excused, thereby barring Plaintiff's claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure of Consideration)

Any performance due by Defendants under any contract alleged in the Fourth Amended Complaint was excused by failure of consideration.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Some, if not all, of Plaintiff's claims for relief in the Fourth Amended Complaint are time barred, in whole or in part, by applicable statutes of limitations, including without limitation, the two-year statute under Cal. Code of Civil Procedure § 339 and the three-year statute under Section 507 of the Copyright Act, 17 U.S.C. § 507. In particular, the Fourth Claim for Relief is entirely barred, and Plaintiff's copyright infringement claims are barred in part, as to newly-added defendants TWDC and TCFFC by reason of their late joinder to the case in the Fourth Amended Complaint.

///

///

///

15

ANSWER OF DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION, THE WALT DISNEY COMPANY, 20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, AND ETHAN GROSS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

141386964.2

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

Defendants have insufficient information upon which to form a belief as to whether it has additional affirmative defenses. Defendants reserve their right to assert additional affirmative defenses in the event they discover facts upon which such affirmative defenses may be based.

## PRAYER FOR RELIEF

WHEREFORE, Defendants prays for relief as follows:

1. That Plaintiff take nothing by the Fourth Amended Complaint, which should be dismissed with prejudice;

2. For judgement in favor of Defendants and against Plaintiff;

3. That Defendants be awarded their reasonable attorneys' fees and costs of suit; and

4. That Defendants be awarded such other and further relief as the Court may deem just and proper.

Dated:  January 17, 2023                    **FOX ROTHSCHILD LLP**

*/S/ DAVID ARONOFF*
David Aronoff
Joshua Bornstein
Attorneys for Defendants,
TWENTIETH CENTURY FOX FILM CORPORATION, THE WALT DISNEY COMPANY, 20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, and ETHAN GROSS

ANSWER OF DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION, THE WALT DISNEY COMPANY, 20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, AND ETHAN GROSS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

141386964.2

# JURY DEMAND

Defendants hereby demand trial by jury on all issues that are so triable herein.

Dated: January 17, 2023

RESPECTFULLY SUBMITTED,

**FOX ROTHSCHILD LLP**

*/s/ DAVID ARONOFF*
David Aronoff
Joshua Bornstein
Attorneys for Defendants
TWENTIETH CENTURY FOX FILM CORPORATION, THE WALT DISNEY COMPANY, 20TH CENTURY STUDIOS, INC., RT FEATURES U.S., LLC, JAMES GRAY, and ETHAN GROSS