| | |
|---|---|
| 1 | **LAW OFFICE OF VICTOR SAPPHIRE** |
| 2 | Victor K. Sapphire, Esquire |
|   | 7190 Sunset, Suite 116, Los Angeles, CA 90046 |
| 3 | (323) 449-7872 |
| 4 | vic@Brandidenttylawyer.com |
|   |          - and - |
| 5 | **THE TICKTIN LAW GROUP** |
| 6 | Peter Ticktin, Esquire (FBN 887935) |
|   | Serv512@LegalBrains.com |
| 7 | April Noelle Grant, Esquire (FBN 1042028) |
| 8 | Serv540@LegalBrains.com |
|   | 270 SW Natura Ave., Deerfield Beach, FL 33441 |
| 9 | (561) 232-2222 |
| 10 | Attorneys for the Plaintiff, Phillip Madison Jones |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PHILLIP MADISON JONES, | Case Number: 2:21-CV-05890-FWS-SK |
| Plaintiff. | *The Honorable Fred W. Slaughter* |
| v. | **PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF OPPOSITION TO MOTION OF DEFENDANTS JAMES GRAY, ETHAN GROSS AND RT FEATURES, U.S. LLC FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |
| TWENTIETH CENTURY FOX FILM CORPORATION; THE WALT DISNEY COMPANY; 20TH CENTURY STUDIOS, INC.; CREATIVE ARTISTS AGENCY, LLC, JAMES GRAY, and ETHAN GROSS, | |
| Defendants. | *Filed Concurrently with Opposition to Motion for Summary Judgment; Declarations of Phillip Madison Jones, Suzanne de Passe, Janet Neipris-Wille; [Proposed]Judgment* |

Date: August 10, 2023
Time: 10:00 a.m.
Crtrm.: 10D

Trial Date: February 13, 2024

Pursuant to Local Rule 56-2, the Plaintiff, Phillip Madison Jones, respectfully submits the following Statement of Genuine Disputes in support of his Opposition to Motion for Summary Judgment, filed herewith against the Defendants, James Gray ("Gray"), Ethan Gross ("Gross") (collectively "Writer Defendants"), and RT Features US ("RT US") (collectively the "Defendants"):

I. **STATEMENT OF GENUINE DISPUTES**
II.

| **Disputed Facts** | **Supporting Evidence** |
|---|---|
| **A. The Defendants Had Access to Cosmic Force** | |
| 1. The 5/22/15 Script does not follow the primary storyline established by the 11/29/13 Script as modified by the 8/27/14 Outline in depicting astronaut Roy McBride as he embarks upon a dangerous mission from Earth to the Moon, then to Mars, and then to Neptune, in search of the rogue mission commander of the Lima Project, his own father H. Clifford McBride, who was believed to have been tragically lost in space 18 years previously. | Wille Dec., ¶ 114. |

| **Disputed Facts** | **Supporting Evidence** |
|---|---|
| 2. Between 2016 and 2017, Gray and Gross continued substantial revising *Ad Astra* with access to *Cosmic Force*. | Wille Dec., ¶ H; Jones Dec., ¶ 21. |
| 3. *Ad Astra* was not independently created by the Writer Defendants without knowledge of or a reasonable opportunity to copy *Cosmic Force*, the script written by the Plaintiff. | Wille Dec., ¶ 22, 93, 122. |
| 4. Fan was interested in *Cosmic Force* | Jones Dec., ¶ 25 |
| 5. Stein and/or Davis shared *Cosmic Force* with the Writer Defendants. | Jones Dec., ¶ 21. |
| 6. Davis Entertainment DEC is an independent production company that is not owned by defendant TCFFC or any of TCFFC's parent companies or affiliates | Jones Dec., ¶ 16. |
| **B. Ad Astra and Cosmic Force are Strikingly Similar** | |
| 7. The Writer Defendants received, read, or heard of Plaintiff's script, Cosmic Force prior to the commencement of this lawsuit. | |
| **C. Ad Astra and Cosmic Force Have Too Many Similarities for the Copying Not to Have Occurred** | |

STATEMENT OF GENUINE DISPUTES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS JAMES GRAY, ETHAN GROSS AND RT FEATURES, U.S. LLC FOR SUMMARY JUDGMENT

3

| **Disputed Facts** | **Supporting Evidence** |
|---|---|
| 8. The plots of *Ad Astra* and *Cosmic Force* are substantially similar in protectible expression after filtering unprotected stock scenes and scenes-a-faire of the science fiction genre and the elements of the *Ad Astra* that were created before were different than the Writer Defendants had access to *Cosmic Force*. | Wille Dec., ¶ 6-7,19,22,93,104,125. |
| 9. The sequences of events of *Ad Astra* and *Cosmic Force* are substantially similar in protectible expression after filtering unprotected stock scenes and scenes-a-faire of the science fiction genre and the elements of the *Ad Astra* that were created before were different than the Writer Defendants had access to *Cosmic Force*. | Wille Dec., ¶ 6-7,125. |
| 10. The characters of *Ad Astra* and *Cosmic Force* are substantially similar in protectible expression after filtering unprotected stock scenes and scenes-a-faire of the science fiction genre and the elements of the *Ad Astra* that were created before were different than the Writer Defendants had access to *Cosmic Force*. | Wille Dec., ¶ 104,112, 113,123,125,126. |

STATEMENT OF GENUINE DISPUTES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS JAMES GRAY, ETHAN GROSS AND RT FEATURES, U.S. LLC FOR SUMMARY JUDGMENT

4

| **Disputed Facts** | **Supporting Evidence** |
|---|---|
| 11. The settings of *Ad Astra* and *Cosmic Force* are substantially similar in protectible expression after filtering unprotected stock scenes and scenes-a-faire of the science fiction genre and the elements of the *Ad Astra* that were created before were different than the Writer Defendants had access to *Cosmic Force*. | Wille Dec., ¶ 6-7, 22,125. |
| 12. The plots of *Ad Astra* and *Cosmic Force* are substantially similar in protectible expression after filtering unprotected stock scenes and scenes-a-faire of the science fiction genre and the elements of the *Ad Astra* that were created before were different than the Writer Defendants had access to *Cosmic Force*. | Wille Dec., ¶ 6-7,19,22,93,104,125. |
| 13. The moods/tones of *Ad Astra* and *Cosmic Force* are substantially similar in protectible expression after filtering unprotected stock scenes and scenes-a-faire of the science fiction genre and the elements of the *Ad Astra* that were created before were different than the Writer Defendants had access to *Cosmic Force*. | Wille Dec., ¶ 6-7, 125. |

STATEMENT OF GENUINE DISPUTES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS JAMES GRAY, ETHAN GROSS AND RT FEATURES, U.S. LLC FOR SUMMARY JUDGMENT

5

| **Disputed Facts** | **Supporting Evidence** |
|---|---|
| 14. The dialogues of *Ad Astra* and *Cosmic Force* are substantially similar in protectible expression after filtering unprotected stock scenes and scenes-a-faire of the science fiction genre and the elements of the *Ad Astra* that were created before were different than the Writer Defendants had access to *Cosmic Force*. | Wille Dec., ¶ 6,18, 114(c)(g),115,125. |
| 15. The pace of *Ad Astra* and *Cosmic Force* are substantially similar in protectible expression after filtering unprotected stock scenes and scenes-a-faire of the science fiction genre and the elements of the *Ad Astra* that were created before were different than the Writer Defendants had access to *Cosmic Force*. | Wille Dec., ¶ 6-7,18,125. |
| 16. Ad Astra is "strikingly similar" to Cosmic Force such that the independent creation of Ad Astra by the Writer Defendants was virtually impossible. | Wille Dec., ¶ 95,128. |

STATEMENT OF GENUINE DISPUTES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS JAMES GRAY, ETHAN GROSS AND RT FEATURES, U.S. LLC FOR SUMMARY JUDGMENT

6

| **Disputed Facts** | **Supporting Evidence** |
|---|---|
| 17. The expressive elements of Ad Astra's screenplays and trailers are substantially similar in protectible expression after filtering unprotected stock scenes and scenes-a-faire of the science fiction genre and the elements of the *Ad Astra* that were created before were different than the Writer Defendants had access to *Cosmic Force*. | Wille Dec., ¶ 7,128. |

DATED:   July 6, 2023

/s/ *Peter Ticktin*_____
THE TICKTIN LAW GROUP
Peter Ticktin, Esquire
*Attorney for the Plaintiff*