**LAW OFFICE OF VICTOR SAPPHIRE**
Victor K. Sapphire, Esquire
7190 Sunset, Suite 116, Los Angeles, CA 90046
(323) 449-7872
vic@Brandidentitylawyer.com
           - and -
**THE TICKTIN LAW GROUP**
Peter Ticktin, Esquire (FBN 887935)
Serv512@LegalBrains.com
April Noelle Grant, Esquire (FBN.
Serv540@LegalBrains.com
270 SW Natura Ave., Deerfield Beach, FL 33441
(561) 232-2222

Attorneys for the Plaintiff,
Phillip Madison Jones

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHILLIP MADISON JONES,<br><br>    Plaintiff.<br><br>v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION d/b/a 20th CENTURY STUDIOS; THE WALT DISNEY COMPANY; 20th CENTURY STUDIOS, INC.; CREATIVE ARTISTS AGENCY, LLC; RT FEATURES; RT FEATURES U.S. LLC; JAMES GRAY and ETHAN GROSS,<br><br>    Defendants. | Case Number: 2:21-CV-05890-FWS-SK<br><br>*The Honorable Fred W. Slaughter*<br><br>**MOTION TO DEFER CONSIDERATION OF ALL THREE PENDING MOTIONS FOR SUMMARY JUDGMENT UNTIL COMPLETION OF UNDERLYING DISCOVERY**<br><br>Date: September 28, 2023<br>Time: 10:00 a.m.<br>Crtrm.: 10D |

The Plaintiff, PHILLIP MADISON JONES, by and through its undersigned counsel, pursuant to Rule 56(d) of the F.R.Civ.P., hereby moves this Court to Defer Consideration of All Three Motions for Summary Judgment [Dkt. 149, 150, 152.] for the amount of time it takes to obtain the hard drive on which the script of *Ad Astra* which is represented to be dated as May 22, 2015, 2 months is obtained.

In this regard, the Plaintiff and this Court needs to get to the bottom of whether the May 22, 2015 Script which was a key exhibit of the Defendants is confirmed as authentic or whether it is a fraudulent document.

It is very rare that good reason exists to believe that there is a likelihood of fraud on the Court, and, considering discussions with counsel for the Defendants, it is of importance to be clear that the Plaintiff is not suggesting or in any way intending to imply that any counsel for any of the Defendants actually know of any wrongdoing.  They have operated in a professional manner, and in all likelihood, if they are personally guilty of any wrongdoing, it would be for believing those who provide evidence to them.

The Defendants claim that a script written by JAMES GRAY and ETHAN GROSS was changed due to independent creation by them, and they first attempted to persuade the Plaintiff by their counsel sending a letter with 5 exhibits.  Included in them is Exhibit "C."

When Exhibit "C" to the letter was provided, it was provided with a printout of the Metadata for that exhibit. The Exhibit "C" to the Letter and the Metadata are marked as Exhibit "A" to this Motion.

Exhibit "C" was attached to a letter dated May 19, 2022 from David Arnoff to prior and deceased counsel, Carl Brundidge. It is notes with planned revisions of the 2013 *Ad Astra* script, and the Defendants allege that it was written on August 25, 2014. The 2-pages of notes was provided as proof of timing of some significant changes from the storyline in *Ad Astra* to those in the Plaintiff's work, *Cosmic Force*.

Counsel was good enough to not only provide the 2-page document, but he also provided a sheet called "Metadata." The Metadata did, in fact, confirm the date. However, it had a word count of 708 words and a character count of 4038 characters, and the actual document provided has 841 words and 3829 characters without counting spaces and 4602 characters, counting spaces. Also, neither the Paragraph count nor line count of Exhibit C match the Metadata.

With the Metadata not matching the Exhibit C, of which it is supposedly its Metadata, there are few possible reasons for such a mismatch, and the most likely possibility is that the Metadata was of a different document which had been sent was not simply created as a false document, it must be the Metadata of another

document which was sent on August 25, 2014, leaving Exhibit C was created at a different date.

Although Exhibit C was not provided in the evidence to prove the timing of supposed "independent creation," in the lawsuit, it shows some unexplained funny business of an exhibit to prove the exact same thing which the Defendants used to prove their defense in their Motions for Summary Judgment, only for the Motions for Summary Judgment, the script was used which supposedly had been done on May 22, 2015.

The bottom line is that the May 22, 2015 Script goes a long way to prove independent creation. It is the only issue which would cause the three Motions for Summary Judgment to be granted, as it does prove independent creation. That Script was provided to prove their defense of independent creation by presenting a script of *Ad Astra* which had some key changes which were the same as the storyline in the final *Ad Astra* from prior to the Defendants obtaining a copy of *Cosmic Force*, the ideas of which appear in *Ad Astra*.

The Defendants claim that the Script was dated May 22, 2015. As the first meeting with PHILLIP MADISON JONES was on November 10, 2015, and the script has in it changes which mirror the script of *Cosmic Force*, which was written by Mr. JONES, they claim that this proves independent creation because it was in their script before they even met with Mr. JONES.

MOTION TO DEFER CONSIDERATION OF ALL THREE PENDING MOTIONS FOR SUMMARY JUDGMENT

The Defendants' argument in this regard is compelling, except for one problem which is that there are two reasons to doubt that the May 22, 2015 Script was actually in existence until after November 10, 2015: a history which shows in Exhibit C that a most probably false document was produced to support the same timing issue and its Metadata did not match; and secondly, the improbability of the changes mirroring *Cosmic Force* is hard to fathom.

In fact, there are three ways that this could have possibly occurred. First, it is possible, although not worthy of belief, that Mr. GRAY and Mr. GROSS had the same thoughts to change the script from one which had little to no semblance to Cosmic Force to one which had the same central story line from beginning to end, characters, character development, and even the location of the father's lost ship. Originally *Ad Astra* located the father's lost ship near Saturn which then changed to Neptune, which is at the edge of the Kuiper Asteroid Belt, which was the same location as the father's lost ship in *Cosmic Force*. The new changes were strikingly similar to the events, characters, and character development of *Cosmic Force.*

All of these changes mirror with character development the writing of PHILLIP MADISON JONES in Cosmic Force. It is difficult to imagine that Mr. GRAY and Mr. GROSS were able to channel Mr. JONES' creative thoughts by some metaphysical coincidence or just by coincidence conjure up the exact same "central storyline" from beginning to end, that is even present in the trailer, as well

as story elements that didn't make it into the final film but are present in the pre-production scripts. There is evidence of exact dialogue, scene order, emotional distress of the lead character about his madman father, the same name of the *Cosmic Force* character "Eve", and the location of the father's lost ship. There are so many other points of sameness and similarity that Plaintiff has meticulously documented for the court marked with timecode from the film, that it is highly unlikely that the Defendants didn't lift them from Plaintiff's script, *Cosmic Force.*

So, with the incredible story that the Mr. GRAY and Mr. GROSS somehow, with no explanation of the impetus of the creation, came up with the same new story line, with the same characters, the same background of the characters, is suspicious in its own right, though not impossible. Then add to that that there is Exhibit C, which appears to be a misdated document, to also show that there was supposedly independent creation of the same thoughts prior to the November 10, 2015 meeting of Mr. GRAY and Mr. GROSS with Mr. JONES. With these suspicious issues, and with the Plaintiff's counsel parachuting into the case, last minute, a slight delay would be appropriate to assure that this Court is not going to base its decision on a false document.

In fact, there is one way to determine the truth as to the timing of the May 22, 2015 Script, and that is to examine the hard drive of the computer on which *Ad Astra* was drafted and from which emails of the May 22, 2015 Script were emailed.

In this regard, please see Exhibit "B," attached hereto, which is the affidavit of an expert who can examine the hard drive, which includes his statement that the only way to determine the authenticity of the document is to examine the hard drive which has already been sought in discovery in a Request for Production.

In his Order granting in part the Motion to Dismiss filed by the Defendants, 20th Century Studios, Inc. and RT Features U.S., LLC (Docket No. 70) and a Motion to Dismiss and Strike filed by defendant Creative Artists Agency, LLC "CAA Mot.", Docket No. 69), U.S. District Judge Percy Anderson held:

> Here, there are enough similarities between the works for reasonable minds to differ on the issue of substantial similarity. The plot sequence of both works revolve around similar character relationships and there are several shared elements of theme, setting, and pace.

His Honor was correct, as there are significant similarities.

The changes which showed up in the script which was supposedly written on May 22, 2015, were so much in line with *Cosmic Force* in terms of the new story line, new changes of the characters, and the history/backstory of the characters, that the claim of supposed independent creation is not worthy of belief.

The second way that this could have occurred is that somehow GRAY and GROSS got a copy of *Cosmic Force* before they rewrote *Ad Astra* in the May 22, 2015 Script. However, this is not a likely possibility. If that had occurred, the case is different than the case pled, and there should be a judgment for the Defendants.

The last possibility, and the most likely, is that the May 22, 2015 Script was rewritten after GRAY and GROSS had received a copy of the script some time subsequent to November 10, 2015. Although it is difficult to believe that a party would make a false exhibit of a script by changing the date of its changes and the date it was emailed out, this would not be the first such fraud perpetrated on a court.

The Plaintiff has now, already requested production pursuant to Rule 35 of the F.R.Civ.P. of a forensic copy of the hard drive on which the May 22, 2023 Script was written and emailed out.

With that forensic copy of the hard drive becoming available, there will be no question. Either the May 22, 2015 Script was written on May 22, 2015, or it was not. An expert has already been retained, so this whole issue should be resolved very quickly, unless the Defendants choose to delay by objecting to the providing of the forensic copy of the hard drive. If they have nothing to hide, though, they should want to provide the hard drive to prove their innocence, as only that hard drive could.

Rule 56(d) provides:

> If the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or

8

MOTION TO DEFER CONSIDERATION OF ALL THREE PENDING MOTIONS FOR SUMMARY JUDGMENT

The last possibility, and the most likely, is that the May 22, 2015 Script was rewritten after GRAY and GROSS had received a copy of the script some time subsequent to November 10, 2015. Although it is difficult to believe that a party would make a false exhibit of a script by changing the date of its changes and the date it was emailed out, this would not be the first such fraud perpetrated on a court.

The Plaintiff has now, already requested production pursuant to Rule 35 of the F.R.Civ.P. of a forensic copy of the hard drive on which the May 22, 2023 Script was written and emailed out.

With that forensic copy of the hard drive becoming available, there will be no question. Either the May 22, 2015 Script was written on May 22, 2015, or it was not. An expert has already been retained, so this whole issue should be resolved very quickly, unless the Defendants choose to delay by objecting to the providing of the forensic copy of the hard drive. If they have nothing to hide, though, they should want to provide the hard drive to prove their innocence, as only that hard drive could.

Rule 56(d) provides:

> If the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or

8

MOTION TO DEFER CONSIDERATION OF ALL THREE PENDING MOTIONS FOR SUMMARY JUDGMENT

    (3) issue any other appropriate order.

  This is exactly the scenario for which the U.S. Supreme Court included (d) in Rule 56, as the pursuit of justice must entail the pursuit of truth.

  Here, the Defendants have absolute proof of either their innocence and independent creation, or they have a false exhibit which they presented to this Court. If upon examination, the hard drive reveals that the Defendants actually had revised their script by May 22, 2015, this case will be over, resolved in favor of the Defendants. However, if the hard drive shows that the May 22, 2015 Script was actually created and emailed on later dates, justice should be done.

  WHEREFORE, the Plaintiff, PHILLIP MADISON JONES, respectfully requests that this Court to grant this motion to Defer Consideration of All Three Motions for Summary Judgment which were heard on August 10, 2023, and enter an order deferring consideration of the 3 pending defense Motions for Summary Judgment until appropriate discovery and analysis of electronically stored information that will determine conclusively whether the May 22, 2023 Script is authentically from that date of May 22, 2015, or whether there is an attempted fraud on this court, being attempted.

## CERTIFICATE OF CONFERRAL

The undersigned hereby certifies that this motion is made following the conference

of counsel pursuant to L.R. 7-3 which took place on August 18, 2023.

                */s/ Peter Ticktin*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 28, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

/s/ *Peter Ticktin*
**THE TICKTIN LAW GROUP**
Peter Ticktin, Esquire
Florida Bar No. 887935
April Noelle Grant, Esquire
Florida Bar No. 1042028
**LAW OFFICE OF VICTOR SAPPHIRE**
Victor K. Sapphire, Esquire
7190 Sunset, Suite 116,
Los Angeles, CA 90046
(323) 449-7872
vic@Brandidentitylawyer.com
*Attorneys for the Plaintiff*