JEREMIAH REYNOLDS (SBN 223554)
jreynolds@eisnerlaw.com
ZACHARY ELSEA (SBN 279252)
zelsea@eisnerlaw.com
ALEXANDRA ACHAMALLAH (SBN 317978)
aachamallah@eisnerlaw.com
EISNER, LLP
433 N. Camden Drive, 4th Floor
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

Attorneys for Defendant,
Creative Artists Agency, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHILLIP MADISON JONES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION d/b/a 20th CENTURY STUDIOS; THE WALT DISNEY COMPANY; 20th CENTURY STUDIOS, INC.; CREATIVE ARTISTS AGENCY, LLC; RT FEATURES; RT FEATURES U.S. LLC; JAMES GRAY and ETHAN GROSS,<br><br>　　　　Defendants. | Case No. 2:21-cv-05890-FWS-SK<br><br>*The Hon. Fred W. Slaughter*<br><br>**DEFENDANT CREATIVE ARTISTS AGENCY, LLC'S OPPOSITION TO PLAINTIFF PHILLIP MADISON JONES' MOTION TO DEFER CONSIDERATION OF ALL THREE PENDING MOTIONS FOR SUMMARY JUDGMENT UNTIL COMPLETION OF UNDERLYING DISCOVERY**<br><br>Date:　　October 5, 2023<br>Time:　　10:00 a.m.<br>Crtrm.:　10D<br><br>Trial Date:　　March 26. 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Phillip Madison Jones's ("Jones") desperate attempt to avoid a ruling on Defendants' meritorious motions for summary judgment must be rejected. Jones's Motion to Defer Consideration of All Three Pending Motions for Summary Judgment Until Completion of Underlying Discovery (the "Motion"), which does not cite a single case or any evidence, is premised entirely on an unhinged, bad faith accusation that multiple Defendants coordinated to fabricate case-dispositive documents that indisputably prove the independent creation of *Ad Astra* by Defendant James Gray.

Indeed, Jones concedes in his Motion that "the May 22, 2015 script goes a long way to prove independent creation . . . as ***it does prove independent creation***," (Dkt. 212, p. 4:12-15) (emphasis added), and that if "the Defendants actually had revised their script by May 22, 2015, ***this case will be over, resolved in favor of the Defendants***" (*Id*., p. 9:8-11) (emphasis added). But not only did Jones fail to timely challenge the authenticity of the May 22, 2015 Script in his summary judgment oppositions, he has possessed documents corroborating the timing of May 22, 2015 Script of the from multiple sources, including Defendant Creative Artists Agency ("CAA"), for ***nearly one year***.

The Opposition of Defendants James Gray, Ethan Gross, RT Features U.S., LLC, Twentieth Century Fox Film Corporation, The Walt Disney Company, and 20th Century Studios, Inc., (the "Writer and Distributor Defendants") conclusively establishes that Jones has failed to satisfy Rule 56(d), that his "expert" declaration is worthless, that his motion is an untimely, improper, and unauthorized sur-reply, and that Jones should be subject to sanctions. Defendant Creative Artists Agency ("CAA") therefore hereby joins the Writer and Distributor Defendants' Opposition.

CAA files the instant brief and supporting declaration to further supplement the record to demonstrate (1) that Defendants' counsel unfortunately anticipated that

Jones would attempt a stunt like this to try to delay the inevitable summary judgment rulings against him, (2) that almost a year ago, CAA produced to Jones the emails and attached May 22, 2015 Script independently demonstrating that it received the May 22, 2015 Script (which Jones calls a "fraudulent document") on that date, and (3) that three separate CAA agents swore under oath that they received the *Ad Astra* script on May 22, 2015.

Accordingly, Jones's Motion was filed in bad faith and it should be rejected.

## II. RELEVANT PROCEDURAL BACKGROUND

### A. CAA Produced The May 22, 2015 Script And Contemporaneous Transmission Email Nearly One Year Ago

Jones filed this action over two years ago on July 21, 2021. (Dkt. 1.) Jones's operative Fourth Amended Complaint was filed on January 2, 2023. (Dkt. 126.) The Fourth Amended Complaint names as Defendants (i) Creative Artists Agency, LLC ("CAA"), (ii) The Walt Disney Company, Twentieth Century Fox Film Corporation, and 20th Century Studios, Inc. (the "Distributor Defendants"), and (iii) James Gray, Ethan Gross, and RT Features U.S., LLC (the "Writer Defendants" and collectively with CAA and the Distributor Defendants, "Defendants").

Defendant CAA began serving written discovery on January 24, 2022. (Declaration of Zachary Elsea ("Elsea Decl.") ¶ 2.) Jones began serving written discovery on May 3, 2022. (Elsea Decl. ¶ 3.) In response to Jones's requests for production, CAA produced three sets of documents on June 17, 2022, July 22, 2022, and October 7, 2022. (Elsea Decl. ¶ 4.) In total, CAA produced 4,439 pages of documents. (Elsea Decl. ¶ 5.)

Among those documents, as part of CAA's October 7, 2022 production, CAA produced a copy of an email from Defendant James Gray to Rodrigo Teixeira and Sophie Mas of RT Features, cc'ing CAA agent Roeg Sutherland of CAA, bcc'ing CAA agents John Garvey and Todd Feldman, and attaching the full May 22, 2015 *Ad Astra* script, at Bates number CAA0003187–CAA0003299. (Elsea Decl. ¶ 6.)

The full 112-page *Ad Astra* script, entitled "AADRAFT(5-22-15).pdf" was produced and is attached to the email. (*Id.*)[1]

Jones's deposition was taken on May 16, 2022. (Elsea Decl. ¶ 7.) Jones did not notice any depositions in this case, presumably because the documentary record in the case was so complete and unimpeachable in showing the independent creation of *Ad Astra*. (Elsea Decl. ¶ 8.)

### B. Defendants' Counsel Anticipated That Jones Would Improperly Attempt To Delay A Ruling On Summary Judgment

Defendants unfortunately saw Jones's chicanery coming. CAA and the Writer Defendants filed motions for summary judgment on May 31, 2023. (Dkt. 149, Dkt. 150.) The Distributor Defendants filed a motion for summary judgment on June 1, 2023. (Dkt. 152.)

Following the filing of the motions for summary judgment, Jones obtained new counsel: The Ticktin Law Group. Counsel for Jones and all Defendants met and conferred via teleconference on June 13, 2023 regarding Jones's request for an extension of time to oppose the motions for summary judgement. (Elsea Decl. ¶ 9.) Following the call, counsel for CAA sent an email to counsel for Jones, stating:

> CAA agrees not to oppose your client's request for a 3 week extension of time to file your opposition to CAA's MSJ conditional on (1) you informing the Court in the application for an extension that CAA agreed not to oppose your client's extension request based upon the representation that Plaintiff is not intending at this time to seek further extensions to file his oppositions ***or seek additional discovery to oppose the MSJs***; and (2) that CAA shall have a period of 2 weeks to file replies to your opposition.

(Elsea Decl. ¶ 10, Ex. 1 (emphasis added).) The Joint Stipulation therefore stated that Plaintiff "will oppose the Motions on the merits, ***and that he has no intention***

---

[1] The May 22, 2015 Script is in the record at Dkt. 150-15, as Exhibit 5 to the Declaration of Rodrigo Teixeira In Support of The Distributor Defendants' Motion For Summary Judgment.

*of seeking additional extensions or additional discovery that would affect the proposed deadlines set forth herein.*" (Dkt. 182, p. 2:1-3) (emphasis added).

## III. THE MOTION MUST BE DENIED BECAUSE JONES HAS HAD CAA'S EVIDENCE CORROBORATING THE MAY 22, 2015 SCRIPT SINCE OCTOBER 2022

Jones's Motion should be dismissed on procedural grounds alone. Jones failed to timely object to the authenticity of the May 22, 2015 Script in his summary judgment oppositions, which is dispositive of the issue.[2] The Writer And Distributor Defendants nonetheless conclusively establish in their Opposition that Jones has long since been provided with voluminous documentary evidence demonstrating the evolution of the *Ad Astra* script over time and the authenticity of the May 22, 2015 Script.

Additionally, as explained above, CAA *independently* produced to Jones, nearly one year ago, the May 22, 2015 Script and the cover email indicating its transmission on that date. (Elsea Decl., ¶ 6.) Jones has therefore had evidence of the veracity of the May 22, 2015 Script from multiple defendants in this case, including

---

[2] Even if Jones had timely objected, his generalized argument that every one of the numerous declarants authenticating the May 22, 2015 Script is lying would fail as a matter of law. "A party cannot create a dispute of fact by simply questioning the credibility of a witness." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 740 n.3 (9th Cir. 2004); *see also Siddiqui v. AG Commc'n Sys. Corp.*, 233 F. App'x 610, 613 (9th Cir. 2007) ("[C]hallenges to the weight of the evidence and the credibility and bias of potential witnesses do not create triable issues of fact that would preclude summary judgment."); *Hernandez v. Roberts of Woodside*, No. 19-CV-07911-TSH, 2022 WL 19315, at *11 (N.D. Cal. Jan. 3, 2022) ("[A] tenuous attack on Plaintiff's credibility fails to create genuine disputes of material fact requiring a trial.").

CAA, for over a year. Additionally, in declarations filed in support of CAA's Motion For Summary Judgment, CAA agents Sutherland, Feldman, and Garvey all swore under penalty of perjury that they received the May 22, 2015 script by email from Gray on or around that date. Dkt. 149-2, Declaration of Todd Feldman, ¶ 4 ("On or around May 22, 2015, I received a version of the *Ad Astra* screenplay by email from the script's co-writer, James Gray"); Dkt. 149-3, Declaration of John Garvey, ¶ 3 (same); Dkt. 149-4, Declaration of Roeg Sutherland, ¶ 4 , ("Mr. Gray transmitted another iteration of *Ad Astra* to me and CAA agents John Garvey and Todd Feldman on or around May 22, 2015.").

Thus, Jones's conspiracy theory that the May 22, 2015 Script is fraudulent necessarily requires that esteemed writer James Gray, numerous executives at RT Features, three high-powered agents at CAA, the in-house legal departments of at least CAA and RT Features, and two outside law firms all coordinated to perjure themselves and/or fabricate evidence in this matter. No credible person could believe such allegations. Jones's unhinged allegations are frivolous, are made in bad faith, and they have no place in this Court.

## IV. CONCLUSION

For the foregoing reasons, CAA respectfully requests that the Court deny Plaintiff's Motion in its entirety.

DATED: September 14, 2023        EISNER LLP

By: _____
JEREMIAH REYNOLDS
Attorneys for Defendant,
Creative Artists Agency, LLC