**LAW OFFICE IF VICTOR SAPPHIRE**
Victor K. Sapphire, Esquire
7190 Sunset, Suite 116, Los Angeles, CA 90046
(323) 449-7872
vic@Brandidenttylawyer.com
       - and -
**THE TICKTIN LAW GROUP**
Peter Ticktin, Esquire (FBN 887935)
Serv512@LegalBrains.com
April Noelle Grant, Esquire (FBN 1042028)
Serv540@LegalBrains.com
270 SW Natura Ave., Deerfield Beach, FL 33441
(561) 232-2222
Attorneys for the Plaintiff, Phillip Madison Jones

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP MADISON JONES,<br><br>Plaintiff.<br><br>v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION; THE WALT DISNEY COMPANY; 20TH CENTURY STUDIOS, INC.; CREATIVE ARTISTS AGENCY, LLC, JAMES GRAY, and ETHAN GROSS,<br><br>Defendants. | Case Number: 2:21-CV-05890-FWS-SK<br><br>*The Honorable Fred W. Slaughter*<br><br>**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF FORENSIC IMAGE OF HARD DRIVE OF THE COMPUTER USED TO CREATE, EDIT AND/OR EMAIL THE MAY 22, 2015 SCRIPT TO DEFENDANTS JAMES GRAY, ETHAN GROSS AND RT FEATURES U.S., LLC**<br><br>Date:   October 26, 2023<br>Time:   10:00 a.m.<br>Courtroom:   Santa Ana, 10D |

PLAINTIFF'S MOTION TO COMPEL ANSWERS TO REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAMES GRAY,ETHAN GROSS, AND RT FEATURES U.S., LLC.

The Plaintiff, PHILLIP MADISON JONES, by and through his undersigned Counsel, hereby serves his Motion to Compel to JAMES GRAY, and ETHAN GROSS, and RT FEATURES, U.S., LLC (hereinafter the "Defendants"). The most important request was No. 6, which sought the production of the forensic image of the hard drive from the same computer that was used to create, edit, and/or email the 05/22/2015 script of *Ad Astra*, and states as follows:

1. On August 21, 2023, the Plaintiff, served the aforesaid Request for Production to the Defendants, a copy of which is attached hereto and marked as Exhibit "A." To this, the Defendants served their Response to Request for Production, which is attached hereto and marked as Exhibit "B."

2. This is a civil action against the Defendants for copyright infringement under 17 U.S.C. § 501, contributory copyright infringement, vicarious copyright infringement, and breach of an implied contract Ca. Civ. Code §§ 1619, 1621.

3. The one critical piece of evidence which appears to exonerate the Defendants is a draft of a script which is purported to have been completed on May 22, 2015, hereinafter referred to as the "May 22 Script."

4. As the May 22 Script had some substantial (not all) changes, which are the same as the Plaintiff wrote in his work, *Cosmic Force*, the Plaintiff makes the concession that if the May 22 Script was actually completed on May 22, 2015, long before the Plaintiff showed *Cosmic Force* to the Defendants on December 10, 2015,

as strange and unbelievable as it may be, there was independent creation.

5. However, not only because of the near impossibility that the original script of *Ad Astra* changed to mirror *Cosmic Force* but also because another document nailing down the timing of the changes has proven to be fraudulent, or, at least highly suspect, the one persuasive exhibit which proves independent creation is suspect.

6. The May 22 Script is either proof positive of the Defendants' innocence or it is a fraud on the Court, and there is one easy way to determine which it is, which is to have an expert examine the forensic image of the hard drive from the same computer that was used to create, edit, and/or email the 05/22/2015 script of *Ad Astra*.

7. In this regard, there is good news, in that on April 15, 2022, a forensic analyst from KLDiscovery collected computer forensic images of the files on Gross' computer under the direction of Defendants' counsel. *Dec. of Merlino* 2:15-17. KLD collected approximately 20 GB of data from Gross' 2 computers external hard drive, and email accounts in native .emlx format. *Id at 2:18-21*. KLD then converted these files to personal storage table ("PST") files and then compressed the data into ZIP files which were then uploaded to a file transfer protocol ("FTP") and shared with Defendant's Counsel. *Dec. of Merlino* 2:21-27.

> **Commented [DP1]:** At least three hard drives here.

8. Meanwhile, on April 22, 2022, the same KLD forensic Analyst, under

direction of Defendant's Counsel, was sent to the home of James Gray where KLD collected approximately 29.1 GB of data from Gray's computer and email accounts. *Id at 3:1-4*. This data was collected in native .dmg file format, a compressed, encrypted disk image file. *Id at 4-5*. The emails from Gray's email accounts were converted to PST files and uploaded an FTP and shared with Defendant's Counsel. *Id at 3:6-7*.

9. In other words, the copy of the hard drive is already created and in the hands of counsel for the Defendants. Therefore, it would not be a burden of any sort to provide the copy of the hard drive, which is either proof positive of either the Defendants' innocence or of their culpability of attempting to perpetrate a fraud on this Court.

10. This is what causes one to ponder why, in the world, would the Defendants not take the opportunity to produce proof that their May 22 Script is authentic and that it was actually done by May 22, 2015. Why not produce evidence which the Plaintiffs have stated would end this case in their favor if it showed the May 22 Script to be truly dated May 22, 2015?

11. In any event, they refuse to produce the images of the hard drive.

12. Of course it is very questionable as to why they are providing discovery, but they are refusing to provide images of the hard drive.

**Request for Production**

13. The Plaintiff's Sixth Request for production and response state:

    A forensic image of the hard drive from the same computer that was used to create, edit, and/or email the 05/22/2015 script of *Ad Astra*.

    **RESPONSE:** Defendants incorporate by reference the General Objections stated above. Defendants further object to this Request on the grounds that the phrases "forensic image" and "edit, and/or email the 05/22/2015 script" are vague, ambiguous, and undefined. Defendants further object to this Request on the grounds that it is unduly burdensome, not proportional to the needs of the case, and harassing. This Request improperly seeks "discovery on discovery," a process that is disfavored and not allowed. Defendants further object to this Request because Plaintiff has failed to meet his threshold burden that such a Request is necessary, appropriate, or proportional to the needs of the case. *See Uschold v. Carriage Servs., Inc.*, No. 17CV04424JSWEDL, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019); *Winfield v. City of New York*, No. 15-cv-05236 (LTS) (KHP), 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018); *see also Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008) ("Speculation that there is more will not suffice … courts have insisted that the documents that have been produced permit a reasonable deduction that other documents may exist or did exist and have been destroyed."); *Watkins v. Hireright, Inc*., No. 13CV1432-MMA BLM, 2013 WL 10448882, at *3 (S.D. Cal. Nov. 18, 2013) ("Plaintiff is not entitled to 'independently assess the adequacy of [Defendant's] preservation.'"); *Ashcraft v. Experian Info. Sols., Inc*., No. 16-cv-02978-JAD-NJK, 2018 WL 6171772, at *2 n.2 (D. Nev. Nov. 26, 2018) ("Discovery into another party's discovery process is disfavored.") *Freedman v. Weatherford Int'l Ltd.*, No. 12-cv-2121-LAK-JCF, 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12,

2014) ("[R]equests for such 'meta-discovery' should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process ad infinitum."); *Rg Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 221CV00194FLAMAAX, 2021 WL 10312431, at *12 (C.D. Cal. Dec. 22, 2021) (disallowing discovery on discovery).

Subject to and without waiving the foregoing objections, and insofar as Defendants understand the Request, Defendants respond as follows: Defendants will not produce documents or other materials in response to this Request.

14. The Defendant had responded stating that the request is vague and ambiguous. This request for production is not at all ambiguous. The Defendant is being asked to produce a forensic image of the computer hard drive used by Gross and Gray to create, edit, and/or email the 05/22/2015 script of Ad Astra.

15. Furthermore, the Defendants' boilerplate objections that the request is unduly burdensome are improper because they are not supported by any evidentiary declarations to support such objections. Nonetheless, as the Defendants have made abundantly clear in their response to the Plaintiff's Motion to Defer All Three Motions for Summary Judgment Until Completion of Underlying Discovery, the Defendants have indicated that on April 15, 2022, a forensic analyst from KLDiscovery collected computer forensic images of the files on Gross' computer. *Opp of Defendants James Gray et al* 3:21-23. Additionally, on April 22, 2022, computer forensic images on Gray's computer, including his emails, were captured.

*Opp of Defendants James Gray et al* 4:3-5. Given that the Defendants have conceded that they are in possession of forensic images of the computer hard drive used to draft, edit, and/or email the May 22, 2015 script of Ad Astra, it cannot be said to be unduly burdensome for the Defendants the produce. Although the Defendants object that the term "forensic image" is undefined, the Defendants are well aware of the plain and ordinary meaning of a "forensic image" as it pertains to a computer hard drive. *Opp of Defendants James Gray et al* 3:21 – 4:6. The Defendants had a compelling need to collect forensic images of the hard drive as they cannot offer an educated opinion about the digital artifacts contained within the documents without doing a collection of the digital item. For the reasons that the Defendants have done so, the Plaintiff seeks forensic images of the hard drives in order to offer an opinion. The Defendant has invalidated his own argument by claiming that one can simply look at the metadata whilst simultaneously collecting a forensic image of the hard drive for themselves.

16. The Plaintiff seeks forensic images of the hard drives of Gray and Gross in order to see how the files pertaining the Ad Astra script evolved prior to its production. The Defendants themselves have admitted to the file evolving, as such the Plaintiff seeks discovery of how the Ad Astra script itself evolved. The forensic image of the hard drive will have multiple versions of the document which will shed light on how the file evolved and further reveal information as to what other digital

artifacts have been added.

17. The Plaintiff's request is proportional to needs of the case. The Plaintiff's expert Yaacov Apelbaum has indicated "only a forensic image can reliably capture the requested data." *Affidavit of Yaacov Apelbaum* 3:9-12, which is attached, hereto and marked as Exhibit "C." Access to a forensic image of the hard drives is necessary to reconstruct the history of the hard drives, including that of deleted files.

18. It is also unreasonable to assume that an author would create the final multi-page document in a single setting. That said, there must be multiple versions of the same document, revisions, additions, deletions contained on both Gray and Gross' hard drives. The existence of multiple versions of the same document is relevant because what has been produced by the Defendants at each stage of discovery is a finalized document that does not indicate any have an earlier revision.

19. This fact is critical, because a draft document such a script is bound to go through multiple iterations, gradually evolving from an initial thought into something more mature. Thus, we are in need of seeing all individual versions of the same draft as it progresses from creation through its multiple revisions into its status at any given point of time. Such insight is critical into determining whether any sudden inclusions or exclusions of subject matter, as would be the case if plagiarism or theft of intellectual property were to take place.

Page **8** of **12**
PLAINTIFF'S MOTION TO COMPEL ANSWERS TO REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAMES GRAY, ETHAN GROSS, AND RT FEATURES U.S., LLC.

20. Thus, without investigating the forensic image of the very hard drive that was used to create, edit, and/or email *Ad Astra*, the truth will not be exposed.

21. As this is part of the discovery process, the Defendants should be compelled to provide a full and complete answer to Request # 6, free from objection.

22. As an alternative, in its Seventh Request, the Plaintiff offered to inspect the computer, itself, to capture a forensic image of the hard drive.

23. **The Plaintiff's Seventh Request** for production and response state:

> Alternatively, Plaintiff respectfully requests examination of the physical hard drive and/or computer used to create, edit, and/or email the 5/22/2015 script of *Ad Astra* by Plaintiff's forensic computer expert at their principal place of business for the purpose of capturing a forensic image of the hard drive by 09/21/2023.
>
> **RESPONSE:** Defendants incorporate by reference the General Objections stated above. Defendants further object to this Request on the grounds that the phrases "forensic image" and "edit, and/or email the 05/22/2015 script" are vague, ambiguous, and undefined. Defendants further object to this Request on the grounds that it is unduly burdensome, not proportional to the needs of the case, and harassing. This Request improperly seeks "discovery on discovery," a process that is disfavored and not allowed. Defendants further object to this Request because Plaintiff has failed to meet his threshold burden that such a Request is necessary, appropriate, or proportional to the needs of the case. *See Uschold v. Carriage Servs., Inc.*, No. 17CV04424JSWEDL, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019); *Winfield v. City of New York*, No. 15-cv-05236 (LTS) (KHP), 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018); *see also Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008)

    ("Speculation that there is more will not suffice ... courts have insisted that the documents that have been produced permit a reasonable deduction that other documents may exist or did exist and have been destroyed."); *Watkins v. Hireright, Inc.*, No. 13CV1432-MMA BLM, 2013 WL 10448882, at *3 (S.D. Cal. Nov. 18, 2013) ("Plaintiff is not entitled to 'independently assess the adequacy of [Defendant's] preservation.'"); *Ashcraft v. Experian Info. Sols., Inc.*, No. 16-cv-02978-JAD-NJK, 2018 WL 6171772, at *2 n.2 (D. Nev. Nov. 26, 2018) ("Discovery into another party's discovery process is disfavored.") *Freedman v. Weatherford Int'l Ltd.*, No. 12-cv-2121-LAK-JCF, 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014) ("[R]equests for such 'meta-discovery' should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process ad infinitum."); *Rg Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 221CV00194FLAMAAX, 2021 WL 10312431, at *12 (C.D. Cal. Dec. 22, 2021) (disallowing discovery on discovery).

    Subject to and without waiving the foregoing objections, and insofar as Defendants understand the Request, Defendants respond as follows: Defendants will not produce documents or other materials in response to this Request.

24. The argument and discussion regarding Request for Production No. 6, above applies to this request.

25. The difference is that if, for any reason it was not possible to produce the images of the hard drive which had already been taken, the Plaintiff would have incurred the expense to re-do what the Defendants had already done.

26. However, this request was also denied.

27. Therefore, the Plaintiff respectfully requests that the Plaintiff's expert

Page **10** of **12**
PLAINTIFF'S MOTION TO COMPEL ANSWERS TO REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAMES GRAY,ETHAN GROSS, AND RT FEATURES U.S., LLC.

witness be granted the opportunity to examine the computer hard drives and emails of James Gray and Ethan Gross for the purpose of capturing a proper forensic image of their hard drives and emails and examining the evolution of the Ad Astra scripts to determine whether any copying of the Plaintiff's work has occurred.

28. As this is part of the discovery process, it should be compelled to provide a full and complete answer to Request # 7, free from objection.

I. **CONCLUSION**

29. Under Federal Rule of Civil Procedure 37(b)(iii), the Defendant may move for an order compelling an answer if the Plaintiff fails to answer requests for production submitted under Rule 34.

30. The Defendant has made unreasonable objections and provided non-responsive answers to requests for production number 206 and 207.

31. The Defendant's objections are unfounded and appear to be interposed for the purposes of hiding the fact that the May 22 Script was provided in furtherance of a plan to perpetrate a fraud on this Court.

32. To get to the bottom of the issue, this Court should compel complete production to Request numbers 206 and 207.

WHEREFORE, the Plaintiff, PHILLIP MADISON JONES, respectfully requests this Honorable Court enter an Order compelling the production of the images of the computer on which the May 22 Script was created, edited, an/or

emailed and such further and other relief as this Honorable Court may deem just and proper.

### CERTIFICATE OF CONFERRAL

The undersigned hereby certifies that this motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 22, 2023. Opposing Council, David Arnoff, was called on the phone, and after Mr. Arnoff identified himself, he refused to concur at that time and no other time was provided.

/s/ Peter Ticktin

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 3, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

/s/ Peter Ticktin
**THE TICKTIN LAW GROUP**
Peter Ticktin, Esquire
Florida Bar No. 887935
April Noelle Grant, Esquire
Florida Bar No. 1042028
**LAW OFFICE OF VICTOR SAPPHIRE**
Victor K. Sapphire, Esquire
7190 Sunset, Suite 116,
Los Angeles, CA 90046
(323) 449-7872
vic@Brandidenttylawyer.com

*Attorney for the Plaintiff*