| | |
|---|---|
| 1 | **LAW OFFICE IF VICTOR SAPPHIRE** |
| 2 | Victor K. Sapphire, Esquire<br>7190 Sunset, Suite 116, Los Angeles, CA 90046 |
| 3 | (323) 449-7872<br>vic@Brandidentitylawyer.com |
| 4 | - and -<br>**THE TICKTIN LAW GROUP** |
| 5 | Peter Ticktin, Esquire (FBN 887935)<br>Serv512@LegalBrains.com |
| 6 | April Noelle Grant, Esquire (FBN.<br>Serv540@LegalBrains.com |
| 7 | 270 SW Natura Ave., Deerfield Beach, FL 33441<br>(561) 232-2222 |
| 8 | Attorneys for the Plaintiff, |
| 9 | Phillip Madison Jones |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHILLIP MADISON JONES,<br><br>Plaintiff.<br><br>v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION d/b/a 20th CENTURY STUDIOS; THE WALT DISNEY COMPANY; 20th CENTURY STUDIOS, INC.; CREATIVE ARTISTS AGENCY, LLC; RT FEATURES; RT FEATURES U.S. LLC; JAMES GRAY and ETHAN GROSS,<br><br>Defendants. | Case Number: 2:21-CV-05890-FWS-SK<br><br>*The Honorable Fred W. Slaughter*<br><br>**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAMES GRAY, ETHAN GROSS AND RT FEATURES U.S., LLC**<br><br>Date: August 31, 2023<br>Time: 10:00 a.m.<br>Crtrm.: 10D |

The Plaintiff, PHILLIP MADISON JONES by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, requests the Defendants, TWENTIETH CENTURY FOX FILM CORPORATION d/b/a 20th CENTURY STUDIOS: THE WALT DISNEY COMPANY: 20TH CENTURY STUDIOS, INC.: CREATIVE ARTISTS AGENCY, LLC; RT FEATURES; RT FEATURES U.S. LLC; JAMES GRAY and ETHAN GROSS, to produce and/or permit the inspection, copying, testing, or sampling of the following documents within thirty (30) days at the law office of Ticktin Law Group, 270 SW Natura Ave., Deerfield Beach, FL 33441, by email at Serv512@LegalBrains.com.

## Production Instructions

1. All Documents produced pursuant hereto are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If it is an audio, a copy of the audio should be provided electronically.

2. Each draft, final document, original, reproduction, and each signed and unsigned document and every additional copy of such document where such copy contains any commentary, note, notation or other change whatsoever that does not appear on the original or on the copy of the one document produced shall be deemed and considered to constitute a separate document.

3. Pursuant to Rule 26 and Rule 34, of the Federal Rules of Civil Procedure and Rule, if you object to providing any discovery or fail to fully provide

and production on the grounds of privilege or protection of trial preparation material, you are required to:

    a.    State the grounds for the objection with specificity;

    b.    Describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the party propounding this Request for Production to assess the applicability of the privilege or protection.

4. In any of the Documents encompassed by the attached request for production of Documents is/are deemed by you to be privileged, furnish all non-privileged Documents.

5. When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any Documents which might otherwise be construed to be outside the scope thereof.

6. The documents which are to be provided, unless specifically stated otherwise in an individual request, shall be from November 1st, 2013, to December 1st, 2015.

7. This letter requests your immediate action to preserve electronically stored information that may contain evidence important to this legal matter.

8. This notice applies to your on- and off-site computer systems and

removable electronic media plus all computer systems, services, and devices (including all remote access and wireless devices) used for your overall operation. This includes, but is not limited to, e-mail and other text-based communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases; calendars, system usage logs, contact manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data. Further, this notice applies to archives, backup, and disaster recovery media, discs, drives, voicemail, and other digital data.

    9.    All operating systems, software, applications, hardware, communications, and other supporting and relevant information needed to fully search, use, and access the digitally stored information must also be preserved.

    10.    The importance of immediate action cannot be overstated. The electronically stored information can be easily corrupted, altered, and deleted in normal daily operations. Even booting a drive, running an application, or reviewing a document can permanently alter evidence. Please note that the only way to preserve data in its original state is to have a forensic image (mirror image AKA clone image) made of pertinent hard drives of both office and home computers used by the defendant. Only a forensic image can reliably capture the requested data – including files deleted from the hard drives.

    11.    Simply copying data to a CD-ROM or other common backup medium

is not adequate. For each captured image file, you must record and identify the forensic lab, the person creating the image, their contact information, the serial number of the image, and its date of creation. You must secure these image files to prevent subsequent alteration or corruption and create a chain of custody log. Once the forensic data image file is created, the pertinent computer or other device can be placed back into operation.

12. If you have already had a computer forensic lab capture a forensic image of the hard drive of the same computer used to create, edit, and/or email the 5/22/2015 script of *Ad Astra* prior to 12/01/2015, a copy of said forensic image will suffice. However, in the event you have not already had a computer forensic lab capture said forensic image, please provide access to a computer forensic lab of Plaintiff's choosing, by 09/21/2023, at Plaintiff's expense to capture a forensic image of the hard drive of the computer which created, edited, and/or emailed a copy of the 05/22/2015 script of *Ad Astra*.

### Definitions

1. All references to any "Person" (as defined below) and the "Representative" (as defined below) includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or Representative (as defined below) acting or purporting to act on behalf or under

his/her control.

2. "You" or "Your" refers to the "Person" (as defined below) and to the "representative" (as defined below) to whom this request is addressed, including his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on your behalf, including your Representative (as defined below).

3. "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units herein, and shall include, but not be limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or departments, and the agents, servants, and employees of same.

4. "Materials" shall mean all "Documents," "Writings," "Agreements," "ESI," and "Communications" as those terms are defined herein.

5. The words "Document(s)" and/or "Writing(s)" refers to any printed, written, taped, recorded, graphic, computerized data, or other tangible matter, from whatever source, however produced, reproduced, or stored, whether electronically or hard copy, whether in draft or otherwise, whether sent or received or neither, including but not limited to the original, a copy (if the original is not available), and all non-identical copies (whether different from the original because notes made or

on or attached to such copy or otherwise) or any and all writings, correspondence, letters, telegram, cables, facsimiles, contracts, proposals, agreements, minutes, acknowledgements, notes, memoranda, analyses, projections, work papers, books, appointment books, manuals, bulleting, circulars, catalogs, studies, evaluations, journals, statistical records, maps, surveys, drawings, blueprints, sketches, forecasts or appraisals, papers, records, reports, diaries, statements, questionnaires, scheduled, computer programs or data, data storage systems, electronic mail, instate messages, books of account, calendars, graphs, charts, transcripts, tapes, or recordings, photographs, pictures or film, ledgers, registers, work sheets, summaries, digests, financial statements, and all other information where data, records or complications, including all underlying, supporting or preparatory material are now in your possession, custody or control, or available to you, your counsel, agents, representatives or associates. The definition of "Documents" shall include all Materials, ESI, Agreements, Communications, and Writings.

6. The term "electronically-stored information" and "ESI" shall mean all electronic information and data of any kind, including without limitation: Word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; electronic mail (including attachments which shall be kept with the accompanying email); instant messages; text messages; voice mail; social media posts; audio, video, and audiovisual recordings; databases and database subsets; and

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAMES GRAY ET AL.,

other user, or machine created, digital information which is stored on computer networks, servers, computer systems, cloud-computing systems and networks, desktop computers, laptop computers, home computers, the Internet, an Intranet, archives, discs, CDs, diskettes, drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, any mobile devices, pagers, and voice mail systems.

7. "Agreement" shall mean all agreements, contracts, undertakings or other arrangements, oral, written, non-final, enforceable, superseded or modified by subsequent agreements.

8. "Communication" means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of Documents and includes any transfer of data from one location to another by electronic or similar means.

9. "Representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

10. "Evidencing" means having a tendency to show, prove or disprove.

11. "With respect to "Documents" or "with respect to Materials", the term "identify" means; (I) state the author or writer thereof and the parties thereof, (ii) state its title or other identifying date; (iii) state the person's residence address; (iv)

state the person's business telephone number; and (v) state the person's residential telephone number.

12. "Employment" shall include not only full-time salaries retention but also the performance of services or any tape, whether compensated or not, including, but not limited to, formal or informal advisory and consulting services.

13. The word "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these interrogatories any answer that might be deemed outside their scope by another construction.

14. "Control" means currently in or was in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employee, agent, subordinate, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purported to act on your behalf.

15. "Related to" or "Relating to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

16. "Ownership Interest" shall mean an interest whether owned or possessed, vested or contingent, and whether title is held legally in your name, spouse's name or children's name, or parent, subsidiary, or other related company

and shall include beneficial interest, or interest held through any trust in your family's or business entity's name.

17. "Including" shall mean including but not limited to.

18. "Defendant" shall mean all the above-named Defendants in this action.

19. "Plaintiff" shall mean all of the named Plaintiffs in this action.

20. "Hard drive" refers to the original electronic storage device component being used by the computer which created, edited, and/or emailed the 05/22/2015 *Ad Astra* script between 05/22/2015 up to 12/01/2015.

## Documents Requested

201. Any and all documents including all emails, texts and other communications of any kind which mention "Cosmic Force" and/or Madison Jones and/or Billy Majestic in any communication to or from James Gray and/or Ethan Gross to Creative Artist Agency ("CAA"), Fox, RT Features, and/or New Regency pertaining to any script of *Ad Astra* or *Cosmic Force* as well as all associated meta data.

202. Any and all documents including all emails, texts and other communications of any kind in which James Gray and/or Ethan Gross wrote or referred to any and all revisions of the *Ad Astra* script as well as all associated meta data.

203. Any and all documents including all emails, texts and other communications of any kind from James Gray and/or Ethan Gross to CAA, Fox, RT Features, and/or New Regency that contains any of the *Ad Astra* scripts defendants claim to be dated 11/29/2013, 05/22/2015, and/or 08/11/2015 as well as all associated meta data.

204. Any and all documents including all emails, texts and other communications of any kind inside CAA that show the script of *Ad Astra* or any revisions of it being received by CAA employee, John Garvey, on 08/11/2015, and reviewed by Reader: Julie Huey Ref. No.: 1166011 Date: 09/03/2015 as well as all associated meta data.

205. Any and all documents including all emails, texts and other communications of any kind which in any way relate to the script of *Cosmic Force*, including, but not limited to any emails or other documents by Mike Stein as well as all associated meta data.

206. A forensic image of the hard drive from the same computer that was used to create, edit, and/or email the 05/22/2015 script of *Ad Astra*.

207. Alternatively, Plaintiff respectfully requests examination of the physical hard drive and/or computer used to create, edit, and/or email the 5/22/2015 script of *Ad Astra* by Plaintiff's forensic computer expert at their principal place of business for the purpose of capturing a forensic image of

the hard drive by 09/21/2023.

## CERTIFICATE OF CONFERRAL

The undersigned hereby certifies that this motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 18, 2023.

*/s/ Peter Ticktin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 08/21/2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

/s/ *Peter Ticktin*_____
**THE TICKTIN LAW GROUP**
Peter Ticktin, Esquire
Florida Bar No. 887935
April Noelle Grant, Esquire
Florida Bar No. 1042028
**LAW OFFICE OF VICTOR SAPPHIRE**
Victor K. Sapphire, Esquire
7190 Sunset, Suite 116,
Los Angeles, CA 90046
(323) 449-7872
vic@Brandidentitylawyer.com
*Attorneys for the Plaintiff*

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAMES GRAY ET AL.,