1    DAVID ARONOFF (SBN 125694)
        DAronoff@FoxRothschild.com
2    JOSHUA BORNSTEIN (SBN 311658)
        JBornstein@FoxRothschild.com
3    FOX ROTHSCHILD LLP
     Constellation Place
4    10250 Constellation Blvd, Suite 900
     Los Angeles, CA 90067
5    Telephone:  310.598.4150
     Facsimile:   310.556.9828
6
7    Attorneys for Defendants,
     TWENTIETH CENTURY FOX FILM
     CORPORATION, THE WALT DISNEY
8    COMPANY, 20TH CENTURY STUDIOS,
     INC., RT FEATURES U.S., LLC,
9    JAMES GRAY, and ETHAN GROSS

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12

13   PHILLIP MADISON JONES,                Case No. 2:21-CV-05890-FWS (SKx)

14              Plaintiff,                 Hon. Fred W. Slaughter

15        v.                               **OBJECTIONS TO AND
                                           REQUEST TO STRIKE
16   TWENTIETH CENTURY FOX FILM            PLAINTIFF'S IMPROPERLY
     CORPORATION d/b/a 20TH CENTURY        FILED "MOTION TO COMPEL"
17   STUDIOS; THE WALT DISNEY              [DKT. 223]**
     COMPANY; 20TH CENTURY STUDIOS,
18   INC.; CREATIVE ARTISTS AGENCY,        [DECLARATION OF DAVID
     LLC; RT FEATURES; RT FEATURES         ARONOFF FILED
19   U.S. LLC, JAMES GRAY, AND ETHAN       CONCURRENTLY]
     GROSS,
20
                Defendants.
21
                                           Date:      Oct. 26, 2023
22                                         Time:      10:00 a.m.
                                           Courtroom: 10D
23

24

25

26

27

28

I.    **INTRODUCTION**

On October 3, 2023, plaintiff Phillip Madison Jones ("Plaintiff") filed a document entitled "Motion to Compel Production of Forensic Image of Hard Drive of the Computer Used to Create, Edit and/or Email the May 22, 2015 Script to Defendants James Gray, Ethan Gross, and RT Features U.S., LLC" (the "Motion") (Dkt. 223) on inadequate notice and without following ***any*** requirements of the Local Rules governing discovery motions. Because Plaintiff's Motion violates every relevant rule of this District, the Court should strike the Motion so that Plaintiff can refile it (if warranted) under the required procedures – which will provide Defendants[1] a fair opportunity to respond to the issues raised by Plaintiff in a Joint Stipulation under Local Rule 37-2.

Significantly, Plaintiff's counsel ***never*** met and conferred with counsel for Defendants pursuant to Local Rule 37-1 regarding the Motion, and ***never*** sent a letter (or even an email) as required by Local Rule 37-1 seeking to conduct a conference with counsel.  Plaintiff ***never*** articulated, prior to filing his Motion, the bases for the relief he is seeking, nor did he provide any legal authority supporting his positions.[2] Making matters worse, Plaintiff ***never*** served a Joint Stipulation under Local Rule 37-2, and ***never*** followed any of the other requirements of Local Rule 37-2.  Further adding to the confusion, Plaintiff haphazardly filed his Motion with an improper hearing date set 21 days from the date of filing on ***Thursday***, October 26, 2023, at 10:00 a.m. before ***Judge Slaughter*** at the Ronald Reagan Federal Building and U.S. Courthouse in ***Santa Ana***, California (the day of the week when Judge Slaughter hears civil matters and the location where Judge Slaughter presides) and not before ***Magistrate Judge Kim***, who holds hearings on ***Wednesdays*** and whose chambers are located at the Roybal Federal Building and U.S. Courthouse in ***Los Angeles***, California.

---

[1] "Defendants" herein mean defendants Twentieth Century Fox Film Corporation, The Walt Disney Company, 20th Century Studios, Inc., James Gray ("Gray"), Ethan Gross ("Gross"), and RT Features U.S., LLC ("RTF").

[2] Indeed, even the Motion is devoid of legal authority supporting Plaintiff's position.

The pervasive deficiencies in Plaintiff's Motion are almost too numerous to list. Defendants object to the improperly filed Motion and respectfully request that the Court strike it without prejudice and instruct Plaintiff to re-start the Local Rule 37-1 process.

## II.   **BACKGROUND**

Between June 16, 2022 and July 29, 2022 defendants Gray, Gross, and RTF produced all relevant, non-privileged responsive documents in response to Plaintiff's requests for production.  Dkt. 216-3 ¶¶ 10-11.  These documents were produced to Plaintiff as single-page color TIFF images with accompanying load files that preserved the relevant metadata fields including who created each document, the date it was created, and the date it was last modified.  *Id.*

It appears, however, that Plaintiff's current counsel, Peter Ticktin, Esq., was seemingly unaware of this prior production and Plaintiff's previous requests for production because on August 21, 2023, Plaintiff served mostly duplicative requests for production and also demanded Defendants' computer hard drives.  Dkt. 223-1.

As a courtesy, Defendants agreed to re-serve the responsive documents that they previously had produced to Plaintiff's prior counsel in the same format that preserved the relevant metadata fields, including who created each document, the date it was created, and the date it was last modified – but Defendants objected to the production of Defendants' hard drives, including on the grounds that the discovery was unduly burdensome, not proportional to the needs of the case, and harassing.   Declaration of David Aronoff ("Aronoff Dec."), ¶ 5 and Dkt. 223-2.  On September 20, 2023, Gray and Gross re-served their prior document production.  Aronoff Dec., ¶ 6.  Subsequently, on October 2, 2023, RTF likewise re-served its previous document production.  *Id.*

On September 22, 2023, counsel for Defendants, David Aronoff, Esq. received an unscheduled "cold call" from a person named David Perry who claimed to be calling from The Ticktin Law Group.  Aronoff Dec., ¶ 7.  Mr. Perry, ***who is not an attorney of record for Plaintiff***, indicated that he was calling to meet and confer about an unspecified, but purportedly forthcoming, discovery motion Plaintiff intended to file.

*Id.*  No other information was provided. *Id.* Mr. Aronoff, who was tied up preparing for an imminent scheduled call in an unrelated case at the time, advised Mr. Perry to follow the Local Rules of this District, including by sending a letter (or at least an email) detailing Plaintiff's position to which Defendants could then respond. *Id.* ¶ 8. Mr. Perry, however, never responded with any further communications and never sent to Defendants' counsel a Local Rule 37-1 letter. *Id.* Likewise, no communications regarding Plaintiff's Motion were sent by anyone else from The Ticktin Law Group, including Plaintiff's counsel of record, Peter Ticktin, Esq., who never communicated with defense counsel regarding Plaintiff's Motion at all. *Id.*

Nonetheless, on October 3, 2023, Plaintiff unilaterally filed the Motion with inadequate notice and no required joint statement – in violation of virtually all of the requirements set forth under Local Rules 37-1 through 37-4. *See* Dkt. 223 at 12:6-11.

## III.  REQUEST TO STRIKE PLAINTIFF'S MOTION TO COMPEL

### A.  Plaintiff Failed to Follow the Requirements of L.R. 37-1

Discovery motions in the Central District of California are governed by Local Rules 37-1 through 37-4. "[B]efore filing any motion relating to discovery, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." L.R. 37-1. "It is the ***responsibility of counsel for the moving party*** to arrange for this conference" by serving a letter requesting such conference. *Id.* (emphasis added). "***The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought***." *Id.* (emphasis added).

Here, Plaintiff's counsel did none of these things. They never sent the required Local Rule 37-1 letter and never made good faith efforts for the parties to meet and confer. This conduct is sanctionable, and the Court additionally should deny Plaintiff's improper Motion. *See* L.R. 37-4 ("The failure of any counsel to comply with or

cooperate in the foregoing procedures ***may result in the imposition of sanctions***")
(emphasis added); *see also Pina v. Lewis*, 717 F. App'x 739, 740 (9th Cir. 2018) (district
court may properly deny a motion to compel "for failing to comply with local rules").
At a minimum, the Court should strike the improperly filed Motion without prejudice
and instruct Plaintiff to re-start the Local Rule 37-1 motion to compel process in
conformity with the Local Rules.  *See Smith v. Premiere Valet Service, Inc.*, No. 2:19-
cv-09888 CJC (MAAx), 2021 WL 2935302, *2 (C.D. Cal. Jan. 25, 2021) (denying
without prejudice to re-filing in compliance with the Local Rules a motion to compel
that was filed without a joint statement on less than 28-days' notice); *Insight Psychology
& Addiction, Inc. v. City of Costa Mesa*, No. 8:20-cv-0504-JVS (JDEx), 2021 WL
878467, *6 (C.D. Cal. Jan. 15, 2021) (denying discovery motion without prejudice
subject to "re-starting the L.R. 37-1 process" in "full compliance with the Local Rules").

### B.   Plaintiff Never Prepared a Joint Stipulation Pursuant to L.R. 37-2

Even if Plaintiff had followed Local Rule 37-1, the Motion still must be stricken
because Plaintiff failed to follow Local Rule 37-2, which sets forth the procedure for
moving to compel, including the requirement of a joint stipulation. *See* L.R. 37-2.1–37-
2.2. Under Local Rule 37-2.4, the "***Court will not consider***" any discovery motion
without a joint stipulation unless the moving party submits a declaration establishing
that opposing counsel: "(a) failed to confer in a timely manner under L.R. 37-1; (b)
failed to provide the opposing party's portion of the joint stipulation in a timely manner
under L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the
opposing party's portion was added."  L.R. 37-2.4 (emphasis added).  Here, no such
declaration has been or could be filed by Plaintiff's counsel in support of the Motion.

Plaintiff never attempted in good faith to meet and confer under Local Rule 37-
1, never sent any letter under Local Rule 37-1, never provided his portion of a "joint
stipulation" under Local Rule 37-2 – and no exception to Local Rule 37-2.4 exists.
Under these circumstances, the Court may not consider Plaintiff's Motion and it should
be denied.  *Pina*, 717 F. App'x at 740; L.R. 37-2.4.  At a minimum, the Court should

strike the improperly filed Motion without prejudice and instruct Plaintiff to re-start the Local Rule 37-1 motion to compel process in conformity with the Local Rules. *Smith*, 2021 WL 2935302, *2 (denying without prejudice to re-filing in compliance with the Local Rules a motion to compel filed without a joint statement on less than 28-days' notice); *see also Insight Psychology & Addiction*, 2021 WL 878467, at *6.

### C. <u>The Motion is Fatally Flawed as to Other Procedural Requirements</u>

"All discovery matters have been referred to a Magistrate Judge, who will hear all discovery disputes." Dkt. 114 at 3 (Civil Standing Order, §VII). Magistrate Judge Steve Kim is the Magistrate Judge governing this matter. Judge Kim, who is located at the Roybal Federal Building and United States Courthouse in Los Angeles, California, holds hearings on Wednesdays at 10:00 a.m.[3] Magistrate Judge Kim has issued his own Modified And Supplemental Requirements For Pre-Filing Conference of Counsel Under Local Rule 37-1 that were also wholly ignored by Plaintiff.[4] For example, Magistrate Judge Kim expressly requires a notice of motion that certifies the following:

     a. Counsel of record for the parties held their pre-filing conference of counsel as required by Local Rule 37-1 [in person/by video/via telephone (because videoconference was technologically infeasible)] on [date(s)] for [time] hour(s).

     b. To eliminate or narrow the disputed discovery issues, counsel of record for the parties discussed not only the merits of their dispute(s) but also addressed compliance with the discovery procedures explained in Judge Kim's Modified and Supplemental Local Rule 37-1 Requirements.

     c. Counsel of record for the parties agree that the remaining disputed discovery issues cannot be eliminated or narrowed either by further discussion of their

---

[3] Plaintiff, however, purportedly noticed his Motion to be heard by the Article III judge, the Honorable Judge Slaughter on Thursday at 10:00 a.m. at the Ronald Reagan Federal Building and United States Courthouse in Santa Ana, California.

[4] *Located at* https://www.cacd.uscourts.gov/honorable-steve-kim.

merits or by ensuring compliance with the discovery procedures explained in Judge Kim's Modified and Supplemental Local Rule 37-1 Requirements. *Id.* Magistrate Judge Kim's Order plainly states, "***Failure to certify all three statements as specified here in the notice of any motion to compel may lead to the striking of that motion without further notice***." *Id.* (emphasis added).

Plaintiff, however, failed to follow any of Magistrate Judge Kim's requirements. Among other things, the Motion was not even noticed for hearing before Magistrate Judge Kim.   No pre-filing conference of counsel was conducted pursuant to Local Rule 37-1.   Moreover, counsel for the parties did not discuss Judge Kim's Modified and Supplemental Local Rule 37-1 Requirements or reach an agreement that the disputed discovery issues could not be eliminated or narrowed by complying with the discovery procedures in Judge Kim's Modified and Supplemental Local Rule 37-1 Requirements.

Additionally, the Motion was not filed and served with proper notice.   Under Local Rule 37-3, discovery motions can be noticed on twenty-one days' notice only if the motion is "noticed to be heard on a regular Motion Day ***for the appropriate judge***…."   L.R. 37-3 (emphasis added).   Additionally, only discovery motions accompanied by joint statements qualify for twenty-one days' notice.  *See* L.R. 37-2.4. Here, the Motion was filed with twenty-one days' notice – but it lacked the required joint statement and was improperly noticed for hearing before Judge Slaughter and not Magistrate Judge Kim.   Because the Motion lacks a joint statement and was filed for hearing before Judge Slaughter, the twenty-one-day notice period under Local Rule 37-3 was inapplicable, and the Motion should have been filed with twenty-eight days' notice under Local Rule 6-1.  *See* Dkt. 114 at 3 (Civil Standing Order, §VII); *see also* L.R. 6-1 and 37-2.4; *Smith,* 2021 WL 2935302, *2 (denying without prejudice to re-filing in compliance with the Local Rules a motion to compel that was filed without a joint statement on less than 28-days' notice).

In short, the Motion should be denied.  *Pina*, 717 F. App'x at 740; L.R. 37-2.4. If the Court is inclined to give Plaintiff's counsel an opportunity to correct their

1  pervasive procedural blunders, the Court should strike the improperly filed Motion
2  without prejudice and instruct Plaintiff to re-start the Local Rule 37-1 motion to compel
3  process in conformity with the applicable Local Rules.  *Smith,* 2021 WL 2935302, *2;
4  *see also Insight Psychology & Addiction*, 2021 WL 878467, at *6.

5  **D.    The Motion is Substantively Frivolous**

6   Finally, although the substance of Plaintiff's Motion should not be reached at
7  this stage in light of the Motion's fatal procedural deficiencies, it should also be noted
8  that the Motion is substantively frivolous.

9  Defendants' documents – including the key evidence supporting Defendants'
10  pending Motions for Summary Judgment (Dkt. 150 and 152) were produced by
11  Defendants as single-page color TIFF images with accompanying load files that
12  preserved the relevant metadata fields – including who created each document, the date
13  it was created, and the date it was last modified.  Moreover, the authenticity of these
14  key documents is corroborated not only by each documents' metadata, but also by the
15  emails that contemporaneously transmitted these documents and the numerous related
16  iterations of each document, which were also produced in discovery.  *See* Defendants'
17  Opposition to Motion to Defer Rulings on Motions for Summary Judgment (Dkt. 216),
18  pp. 1-7; *see also* Declaration of Tony Merlino ("Merlino Dec.") (Dkt. 216-2), ¶¶ 5-28.

19  Thus, Plaintiff's demand to inspect Defendants' computer hard drives – which
20  largely contain irrelevant and highly confidential materials entirely unrelated to this
21  case, such as banking information, drafts of scripts and outlines for other unproduced
22  film projects, investment account information, income tax materials, and other highly
23  confidential business and personal information – is harassing, disproportionate to the
24  needs of the case, and entirely unwarranted.[5]  Merlino Dec. ¶ 27 ("There is no need to

25
26
27
28

[5] *See Piccone v. Town of Webster*, No. 09-cv-6266, 2010 WL 3516581, at *8 (W.D.N.Y. Sept. 3, 2010) ("[A] party may not inspect the physical hard drives of a computer merely because the party wants to search for additional documents responsive to the party's document requests.") (cleaned up); *Calyon v. Mizuho Sec. USA Inc.*, No. 07CIV02241RODF, 2007 WL 1468889, at *5 (S.D.N.Y. May 18, 2007) (denying motion to compel inspection where plaintiff failed to show that defendant would not conduct exhaustive search for requested documents, files, and metadata); *Med. Billing*

7

1  image the hard drives or copy the hard drives belonging to Gray or Gross and, in my
2  experience, it is not the typical methodology used to collect a limited numbers of files
3  particularly as hard drives often contain sensitive personal information, such a bank
4  account information, social security numbers, and personally private information."); *see*
5  *also id.* ¶ 32 ("KLD preserved the metadata associated with the custodial data collected
6  using industry standard best practices.  Anything beyond that would exceed industry
7  custom and practice and would be unduly burdensome and improper.").

8       In light of the foregoing, the Motion should be denied.  However, if the Court is
9  inclined to give Plaintiff's counsel an opportunity to correct their pervasive procedural
10 blunders, the Court should strike the improperly filed Motion without prejudice and
11 instruct Plaintiff to re-start the Local Rule 37-1 process in conformity with the
12 applicable Local Rules. *Smith*, 2021 WL 2935302, *2; *see also Insight Psychology &*
13 *Addiction*, 2021 WL 878467, at *6.

14 **IV.   CONCLUSION**

15      Because Plaintiff failed to follow any of the mandatory procedural requirements
16 for a proper discovery motion, Plaintiff's Motion should be denied or at least stricken
17 without prejudice to re-starting the Local Rule 37-1 process in conformity with all
18 applicable provisions of the Local Rules.

19 ///

20 ///

21

22 *Consultants, Inc. v. Intelligent Med. Objects, Inc.*, No. 01-cv-9148, 2003 WL 1809465,
23 at *2 (N.D. Ill. Apr. 4, 2003) (denying request to inspect defendants' computer because
   it was "likely to unduly burden defendants without leading to the discovery of otherwise
   unobtainable relevant evidence"); *Butler v. Kmart Corp.,* No. 2:05-CV-257PA, 2007
24 WL 2406982, at *3 (N.D. Miss. Aug. 20, 2007) ("The plaintiff has produced no
   evidence demonstrating that Kmart has acted improperly. As such, this court will not
25 provide the plaintiff with unfettered access to Kmart's computer databases."); *see also*
   Advisory Comm. Notes to Fed. R. Civ. P. 34(a), which explicitly states "[t]he addition
26 of testing and sampling to Rule 34(a) with regards to documents and electronically
   stored information is not meant to create a routine right of direct access to a party's
27 electronic information system, although such access might be justified in some
   circumstances, ***Courts should guard against undue intrusiveness resulting from***
28 ***inspecting or testing such systems.***"  *Id.* (emphasis added).

1
2   Dated:  October 10, 2023                    Respectfully Submitted,
3                                               **FOX ROTHSCHILD LLP**
4                                               /s/ *David Aronoff*
                                                David Aronoff
5                                               Joshua Bornstein
                                                Attorneys for Defendants
6                                               TWENTIETH CENTURY FOX FILM
                                                CORPORATION, THE WALT DISNEY
7                                               COMPANY, 20TH CENTURY STUDIOS,
                                                INC., RT FEATURES U.S., LLC, JAMES
8                                               GRAY, and ETHAN GROSS
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OBJECTIONS TO AND REQUEST TO STRIKE PLAINTIFF'S IMPROPERLY FILED MOTION TO COMPEL
150190019.1