UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [149] [150] [152]; GRANTING PLAINTIFF'S REQUEST TO WITHDRAW MOTION TO AMEND [204] [211]; DENYING PLAINTIFF'S MOTION TO STAY [212]; AND DENYING PLAINTIFF'S MOTION TO COMPEL [223]**

Before the court are seven motions: (1) a Motion for Summary Judgment filed by Defendant Creative Artists Agency, LLC ("Defendant CAA") (Dkt. 149); (2) a Motion for Summary Judgment filed by Defendants James Gray, Ethan Gross, and RT Features U.S. LLC ("Writer Defendants") (Dkt. 150); (3) a Motion for Summary Judgment filed by Defendants 20th Century Studios Inc, The Walt Disney Company, and Twentieth Century Fox Film Corporation ("Distributor Defendants") (Dkt. 152); (4) a Motion to Amend filed by Plaintiff Phillip Madison Jones ("Plaintiff") (Dkt. 204); (5) a Request to Withdraw the Motion to Amend filed by Plaintiff (Dkt. 211); (6) a Motion to Stay filed by Plaintiff (Dkt. 212); and (7) a Motion to Compel filed by Plaintiff (Dkt. 223). The Motions are fully briefed. (Dkts. 149-50, 152-53, 184-87, 191-204, 206-08, 210-12, 216-18, 223-24.)[1]

In the operative Fourth Amended Complaint ("4AC" (Dkt. 126)), Plaintiff alleges he authored a script called *Cosmic Force* ("*Cosmic Force*") and Defendants copied *Cosmic Force*

---

[1] Plaintiff seeks to withdraw his Motion to Amend. (Dkts. 204, 211.) Defendants have not opposed or otherwise filed a response to Plaintiff's request. (*See generally* Dkt.) Given Plaintiff's request, the court **GRANTS** Plaintiff's request to withdraw (Dkt. 211) and deems the Motion to Amend **WITHDRAWN**. (Dkt. 204.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

to create the movie *Ad Astra* ("*Ad Astra*"). (*Id.*) *Ad Astra* was directed by Defendant James Gray and released as a film starring Brad Pitt, Tommy Lee Jones, and Liv Tyler. (*Id.* ¶ 14.) Based on these allegations, Plaintiff asserts four causes of action: (1) copyright infringement in violation of 17 U.S.C. § 501; (2) contributory copyright infringement; (3) vicarious copyright infringement; and (4) breach of implied contract. (*Id.*)

Defendant CAA argues Plaintiff has forfeited his case by failing to respond to requests for admission but that even on the merits, Plaintiff's copyright claims fail because there is no evidence of access, CAA had no right to control or supervise the creation of *Ad Astra*, and Plaintiff had no reasonable expectation of being directly compensated by CAA. (Dkt. 149 at 8-20.) The Writer Defendants similarly argue Plaintiff's claims fail because there is no evidence of access, no substantial similarity between *Cosmic Force* and *Ad Astra*, and the undisputed facts demonstrate *Ad Astra* was created independently. (Dkt. 150 at 11-22.) The Distributor Defendants raise the same arguments regarding Plaintiff's copyright claims, and further argue Plaintiff's breach of implied contract claim is time-barred. (Dkt. 152 at 10-19.)

On August 10, 2023, the court held a hearing on the Motions for Summary Judgment and took the matters under submission. (Dkt. 209.) On October 2 and 23, 2023, the court deemed Plaintiff's Motion to Stay and Plaintiff's Motion to Compel appropriate for decision without oral argument and took the matters under submission. (Dkts. 222, 225.) Based on the state of the record, as applied to the applicable law, Defendants' Motions for Summary Judgment are **GRANTED**, Plaintiff's Motion to Stay is **DENIED**, and Plaintiff's Motion to Compel is **DENIED**. Therefore, summary judgment is granted in favor of Defendants on Plaintiff's claims for copyright infringement, contributory copyright infringement, vicarious copyright infringement, and breach of implied contract.

## I.    Evidentiary Objections

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); *see also In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385 (9th Cir. 2010) ("A district court's ruling on a motion for summary judgment may only be based on admissible evidence."). In the context of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

a summary judgment, a district court "must also rule on evidentiary objections that are material to its ruling." *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010). "A court can award summary judgment only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006); *accord Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021). Additionally, "when evidence is not presented in an admissible form in the context of a motion for summary judgment, but it may be presented in an admissible form at trial, a court may still consider that evidence." *Burch*, 433 F. Supp. 2d at 1120; *see Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

"'[O]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion, are all duplicative of the summary judgment standard itself' and unnecessary to consider here." *Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (alteration omitted) (quoting *Burch*, 433 F. Supp. 2d at 1119) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Sandoval*, 985 F.3d at 665. "Similarly, the [c]ourt will not consider the parties' objections to the characterization of or purported misstatement of the evidence represented." *Holt*, 370 F. Supp. 3d at 1164 (citing *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 556 F. Supp. 2d 1122, 1126 n.1 (E.D. Cal. 2008)). "Moreover, Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Id.* (citing *Montoya v. Orange Cnty. Sheriff's Dep't*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013)).

"At the summary judgment stage," the court "do[es] not focus on the admissibility of the evidence's form" but "instead focus[es] on the admissibility of its contents." *Fraser*, 342 F.3d at 1036 (citations omitted). Accordingly, except in the rare instances in which the objecting party demonstrates with specificity that the subject evidence could not be produced in a proper format at trial, the court does not consider any objections on the grounds that the evidence "constitutes hearsay or inadmissible lay opinion, or that there is a lack [of] personal knowledge." *Holt*, 379 F. Supp. 3d at 1164 (citing *Burch*, 433 F. Supp. 2d at 1122); *see also Sandoval*, 985 F.3d at 665-67; *id.* at 667 (objections for foundation "provid[e] no basis for

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

═══════════════════════════════════════════════════════

excluding the evidence" where objecting party does not provide counterparty with "notice of the specific ground of objection and, consequently, what could be done to cure any defects"). Relatedly, objections based on a failure to comply with the technicalities of authentication requirements or the best evidence rule may be inappropriate. *See Adams v. Kraft*, 828 F. Supp. 2d 1090, 1108 n.5 (N.D. Cal. 2011) ("On summary judgment, unauthenticated documents may be considered where it is apparent that they are capable of being reduced to admissible evidence at trial."); *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) (holding that court was not precluded from considering declaration in awarding summary judgment even if declaration violated best evidence rule if the underlying facts would be admissible as evidence).

Defendants object to various portions of the declarations of Plaintiff and his business partner, Suzanne de Passe, on the grounds that the declarations were not signed, refer to unauthenticated documents, contain hearsay, lack foundation, contain improper lay opinion about the film industry, contain inadmissible expert opinion about the employment status of various individuals or the theatrical release of *Ad Astra*, improperly summarize documents that are not attached or authenticated, are vague and ambiguous, and offer improper legal opinions about whether certain communications were "confidential." (Dkts. 191-2, 192-2, 196, 197.) Defendants further object to Plaintiff's characterization of various facts on the grounds that they are disputed and misstate the evidence. (Dkt. 194.) The court finds Defendants' objections either lack the specificity required to demonstrate that Plaintiff's evidence could not be produced in an admissible form at trial and/or do not constitute cognizable legal objections, and thus **OVERRULES** Defendants' objections. *See Holt*, 379 F. Supp. 3d at 1164; *Sandoval*, 985 F.3d at 665-67; *Adams*, 828 F. Supp. 2d at 1008 n.5.

Defendants also object to the declaration of Plaintiff's expert Janet Neipris-Wille (Dkts. 185-4, 186-4) regarding whether *Ad Astra* and *Cosmic Force* are substantially similar on the grounds that the declaration falls short of the standard for admissible expert testimony set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-92 (1993). (Dkts. 191-2; 192-2.) The court finds Defendants' objections lack the specificity required to demonstrate that the declaration should be stricken and could not be produced in an admissible form at trial and thus **OVERRULES** Defendants' objections. *See Holt*, 379 F. Supp. 3d at 1164; *Sandoval*, 985 F.3d

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

═══════════════════════════════════════════════════════

at 665-67; *Adams*, 828 F. Supp. 2d at 1008 n.5.  However, the court notes it does not rely on any legal conclusions provided by Ms. Neipris-Wille in her declaration, such as whether the extrinsic test for copyright infringement in the Ninth Circuit is satisfied in this case.  *See United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (stating the Ninth Circuit "has repeatedly affirmed that 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law'") (*quoting Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)).

Finally, Defendants object to Plaintiff re-filing his declaration as well as those of Suzanne de Passe and Janet Neipris-Wille with corrected signature pages.  (Dkt. 206.)  The court notes that Plaintiff previously filed versions of these declarations with typed signatures rather than hand-drawn ones.  (*See* Dkts. 184-86.)  Plaintiff later refiled the signature pages for these declarations along with a motion stating that a legal assistant made a filing error when preparing the declarations.  (*See* Dkts. 199-203.)  The court, in its discretion, declines to strike the declarations and accepts the corrected versions filed by Plaintiff at Docket Nos. 200, 202, 203.  *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time. . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

## II.   Summary of Undisputed Facts

### a.  Overview of *Cosmic Force*

In *Cosmic Force*, twenty years after Colonel Vince Decker, a national hero, is lost in space with his crew of the starship Polaris, his son Logan Decker is sent on a secret rescue mission by a clandestine organization called "de Facto."  (*See generally* Dkts. 126-2; 126-3.)  Logan is a professional military athlete who plays ProtoZone, a futuristic war-game sport played in a stadium.  (*Id.*)  ProtoZone is watched by powerful individuals including the President of the United States and de Facto.  (*Id.*)  Logan is recruited by de Facto to find the Polaris.  (*Id.*)  Unbeknownst to Logan, an alien device called the Darklight is the true and secret reason for his father's original mission.  (*Id.*)  Various fight sequences and romantic scenes ensue before Logan and his team find the Polaris and the Darklight.  (*Id.*)  Logan ultimately

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                 Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

fights the crew of the Polaris and his father Vince.  (*Id.*)  After he escapes the Polaris, Logan presses a button that starts an explosion that destroys the Polaris and kills Vince.  (*Id.*)

### b.  Overview of *Ad Astra*

In *Ad Astra*, astronaut Roy McBride is depicted as he embarks upon a dangerous mission from Earth to the Moon, then to Mars, and then to Neptune, in search of the rogue mission commander of the Lima Project.  (*See generally* Dkt. 152-23.)  The commander is Roy McBride's father, H. Clifford McBride, who was believed to have been tragically lost in space 18 years previously on a scientific mission.  (*Id.*)  Roy is sent to determine whether there are uncontrolled releases of antimatter stemming from the Lima Project that are causing grid failures on Earth and other human settlements.  (*Id.*)  After Roy discovers his father is alive and that information has been hidden from him about his mission, Roy breaks rank and travels to Neptune to bring his father home.  (*Id.*)  Although Roy succeeds in finding his father, Clifford is uninterested in returning to Earth.  (*Id.*)  Roy is left with no choice but to let his father float into the void of outer space to his death.  (*Id.*)  Roy returns to Earth with a newfound realization that meaning in life is derived from those closest to him—his loved ones—rather than in scientific exploration of outer space and decides to reconnect with his estranged wife.  (*Id.*)

### c.  Development of *Ad Astra* Screenplay

In June 2007, Defendants Gray and Gross began developing a science fiction film project that later became *Ad Astra*.  (Dkt. 150-34 ("Writer D. SUF") No. 3.)  By November 29, 2013, Gray and Gross completed a draft of the screenplay for *Ad Astra* ("November 29, 2013, Script").  (Writer D. SUF No. 4.)  By August 27, 2014, Gray wrote a new document entitled "ADASTRAfairytale" outlining the story with new changes to *Ad Astra* ("August 27, 2014, Outline").  (Writer D. SUF No. 7.)  By May 22, 2015, Gray and Gross completed a new draft script ("May 22, 2015, Script") corresponding to the changes in the August 27, 2014, Outline. (Writer D. SUF No. 9.)

The May 22, 2015, Script follows the primary storyline established by the November 29, 2013, Script as modified by the August 27, 2014, Outline—astronaut Roy McBride is depicted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

as he embarks upon a dangerous mission from Earth to the Moon, then to Mars, and then to Neptune, in search of the Lima Project and his father.  (Writer D. SUF No. 10.)  Additional revisions to the script occurred until August 10, 2017, when principal photography of *Ad Astra* commenced.  (Writer D. SUF Nos. 13-16.)  Between March 2019 and June 2019, seven days of additional scenes were filmed, and voice-over dialogue was recorded.  (Writer D. SUF No. 17.)  Defendants maintain these changes were made without access to *Cosmic Force*.  (*Id.*)  On August 29, 2019, *Ad Astra* premiered at the Venice Film Festival, and was theatrically released in the United States on September 20, 2019.  (Writer D. SUF No. 18.)

### d.  Introduction of *Ad Astra* Screenplay to CAA

Defendant CAA is a talent agency representing actors, directors, writers, producers, musical artists, and others in film, television, music, sports, digital media, and other industries. (Dkt. 149-1 ("CAA D. SUF") No. 1.)  In November 2013, Defendants Gray and Gross transmitted a copy of the *Ad Astra* screenplay to CAA agent Roeg Sutherland.  (CAA D. SUF No. 3.)  On May 22, 2015, Defendants Gray and Gross transmitted another iteration of *Ad Astra* to Sutherland and fellow CAA agents Todd Feldman and John Garvey, at which point *Ad Astra* was uploaded to CAA's repository, the Literary Library System.  (CAA D. SUF No. 4.)  CAA received commissions on income that its clients earned from their work on *Ad Astra* but did not act as a sales agent for *Ad Astra*, distribute or promote the film.  (CAA D. SUF Nos. 18-23.)

### e.  Introduction of *Cosmic Force* Screenplay to CAA

*Cosmic Force* was first discussed with Defendant CAA on November 10, 2015, during a meeting at the offices of de Passe Jones Entertainment.  (CAA D. SUF No. 5.)  Plaintiff emailed a copy of his screenplay to former CAA agent Cameron Mitchell on November 10, 2015, following that meeting.  (CAA D. SUF No. 6.)  On September 23, 2016, Suzanne de Passe transmitted a copy of the *Cosmic Force* screenplay to CAA agent Brandon Lawrence.  (CAA D. SUF No. 7.)  The *Cosmic Force* screenplay was never uploaded to CAA's Literary Library System repository.  (CAA D. SUF No. 8.)  The *Cosmic Force* screenplay was not emailed to anyone else at CAA.  (CAA D. SUF No. 9.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

CAA agents Cameron Mitchell and Brandon Lawrence had no involvement in *Ad Astra*. (CAA D. SUF No. 10; Writer D. SUF No. 22.)  Nor did CAA agents Cameron Mitchell and Brandon Lawrence represent any individuals who worked on *Ad Astra*.  (CAA D. SUF No. 11.) Roeg Sutherland, Todd Feldman, and John Garvey, the CAA employees who represented Defendant Gray on *Ad Astra*, did not review *Cosmic Force* or discuss *Cosmic Force* with Mitchell, Lawrence, or anyone else at CAA.  (CAA D. SUF Nos. 12-16; Writer D. SUF No. 24.)  Sutherland, Feldman, and Garvey were not aware of the existence of the *Cosmic Force* screenplay prior to the filing of this action.  (CAA D. SUF Nos. 13, 15, 17.)

### f.  Plaintiff's Contacts with Davis Entertainment Company and Fox 21 Television Studios

Plaintiff alleges he met with two individuals from Davis Entertainment Company—Mike Stein and John Davis—on February 24, 2016, regarding *Cosmic Force*, but it is undisputed that Davis Entertainment Company is an independent company that does not operate as an affiliate of Defendants.  (Writer D. SUF Nos. 25-29.)  Davis Entertainment Company had a deal with Defendant Twentieth Century Fox Film Corporation in which Twentieth Century Fox Film Corporation provided office support services, but Davis Entertainment Company was not a subsidiary of and did not have any other corporate relationship with Twentieth Century Fox Film Corporation.  (Dkt. 152-34 ("Distributor D. SUF") No. 7.)  Mike Stein, John Davis, and Davis Entertainment Company were not authorized to act for the Distributor Defendants and were not involved in the making of *Ad Astra*.  (Distributor D. SUF Nos. 9, 10.)

Plaintiff also submitted a made-for-television version of *Cosmic Force* on April 7, 2016, to Gloria Fan, an executive of Fox 21 Television Studios, a sister company to Defendant Twentieth Century Fox Film Corporation.  (Writer D. SUF No. 33.)  Fan was not interested in developing *Cosmic Force*, did not share *Cosmic Force* with anyone, had no contact with the Writer Defendants, and had no involvement with *Ad Astra*.  (Writer D. SUF Nos. 34-35; Distributor D. SUF Nos. 11-15.)

## III.   Legal Standard

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

=============================================

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the case, and the "substantive law [] identif[ies] which facts are material." *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The moving party bears the initial burden of identifying the elements of the claim or defense on which summary judgment is sought and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party will have the burden of proof at trial, the movant can satisfy its initial burden by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id.* at 325; *see also Horphag Rsch. Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) ("The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact.").

The non-moving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (citation omitted); *see also Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (In opposing summary judgment, "the non-moving party must go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial'"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1389 (9th Cir. 1990) ("The non-moving party may not oppose summary judgment by allegations but must show specific trial-worthy facts."). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                     Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

The court must draw all reasonable inferences in the non-moving party's favor.  *In re Oracle Corp.*, 627 F.3d at 387 (citing *Anderson*, 477 U.S. at 255).

Nevertheless, "inferences are not drawn out of thin air, but from evidence."  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1247 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).  "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment.  *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).  "[S]ummary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (internal quotation marks omitted).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Id.* at 247-48; *see also United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978) ("A summary judgment cannot be granted if a genuine issue as to any material fact exists.").

In *In re Oracle Corp.*, the Ninth Circuit described the burdens of proof in the summary judgment process:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact.  Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case.  Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial.  This burden is not a light one.  The non-moving party must show more than the mere existence of a scintilla of evidence.  The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue.  In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor. In determining whether a jury could reasonably render a verdict in the non-moving party's favor, all justifiable inferences are to be drawn in its favor.

---

**CIVIL MINUTES – GENERAL**                                              **10**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

627 F.3d at 387 (citations omitted).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990) (citation omitted). "Where no such showing is made, the moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id*. (cleaned up).

IV.    **Discussion**

a.  **The Admissions to Which Plaintiff Did Not Respond Are Deemed Admitted Under Federal Rule of Civil Procedure 36**

As a preliminary matter, the Requests for Admission to which Plaintiff did not respond are deemed admitted under Federal Rule of Civil Procedure 36. Under Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Admissions can concern "the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

"Failure to timely respond to requests for admissions results in automatic admission of the matters requested." *F.T.C. v. Medicor LLC*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002); *see also Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) ("Under Rule 36(a) of the Federal Rules of Civil Procedure, if a party fails to answer a request for admissions within 30 days, the requested items are deemed admitted."). "No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing." *F.T.C.*, 217 F. Supp. 2d at 1053. Under Rule 36(b), "[a] matter admitted under this rule is conclusively established

_____

**CIVIL MINUTES – GENERAL**                                                  **11**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ.
P. 36(b). "Two requirements, therefore, must be met before an admission may be withdrawn:
(1) presentation of the merits of the action must be subserved, and (2) the party who obtained
the admission must not be prejudiced by the withdrawal." *Hadley*, 45 F.3d at 1348.
"Unanswered requests for admissions may be relied on as the basis for granting summary
judgment." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citing *O'Campo v.
Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958)).

In this case, Defendant CAA served Plaintiff with its First Set of Requests for
Admissions on January 24, 2022. (*See* Dkt. 149-6 ("Elsea Decl.") ¶¶ 4-5, Exhs. B-C.)
Plaintiff's responses were due one month later, or by February 23, 2022, but Plaintiff did not
respond until March 7, 2022. (*Id.* ¶¶ 4-6, Exhs. B-D.) Plaintiff has not subsequently filed any
Rule 36(b) motion. (*See generally* Dkt.) Because Plaintiff failed to timely respond to
Defendant CAA's Requests for Admission and did not move to withdraw any admissions, the
following admissions are deemed admitted by Plaintiff as to Defendant CAA:

- "Admit that YOU never discussed with any employee, agent, or representative of CAA
  an amount of compensation for use of YOUR Cosmic Force screenplay."
- "Admit that YOU never discussed with any employee, agent, or representative of CAA
  any agreement to keep confidential anything discussed at the meeting held on November
  10, 2015 at de Passe Jones Entertainment among YOU, CAMERON MITCHELL, and
  DEREK DUDLEY."
- "Admit that CAMERON MITCHELL never communicated to YOU that he had provided
  a copy of YOUR Cosmic Force screenplay to any other employee, agent, or
  representative of CAA."
- "Admit that YOU never communicated with any employee, agent, or representative of
  CAA other than CAMERON MITCHELL about YOUR Cosmic Force screenplay."
- "Admit that no employee, agent, or representative of CAA ever communicated to YOU
  that CAA had licensed, sold, packaged, produced, distributed, or otherwise used for any
  commercial purpose YOUR Cosmic Force screenplay."

---

**CIVIL MINUTES – GENERAL**                                                                    **12**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                         Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

- "Admit that the first time you ever discussed YOUR Cosmic Force screenplay with any employee, agent, or representative of CAA was on November 10, 2015."
- "Admit that the first time any employee, agent, or representative of CAA ever had access to YOUR Cosmic Force screenplay was on November 10, 2015."
- "Admit that CAA did not infringe or otherwise impermissibly copy YOUR Cosmic Force screenplay."
- "Admit that CAA did not contribute to or induce the infringement or impermissible copying of YOUR Cosmic Force screenplay."
- "Admit that CAA has never had a supervisory relationship with any other DEFENDANT."
- "Admit that YOUR Cosmic Force screenplay is not substantially similar to any Ad Astra screenplay, film, or trailer."

(*See* Elsea Decl. ¶ 5, Exh. C.)

The court concludes the admissions provide sufficient grounds for determining that the undisputed facts in this case warrant an entry of summary judgment in favor of Defendant CAA on Plaintiff's claims. However, as discussed below, even without these admissions, the court concludes that Defendant CAA, the Writer Defendants, and the Distributor Defendants are entitled to summary judgment based on the undisputed facts.

**b. Claim One (Copyright Infringement)**

The Ninth Circuit "recognizes three doctrines of copyright liability: direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). "To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Gray v. Hudson*, 28 F.4th 87, 96 (9th Cir. 2022) (cleaned up); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "The second prong of the infringement analysis contains two separate components:

---

**CIVIL MINUTES – GENERAL**                                                           **13**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

═══════════════════════════════════════════════════════════════════

'copying' and 'unlawful appropriation.'" *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc) (citation omitted).

"Because independent creation is a complete defense to copyright infringement, a plaintiff must prove that a defendant copied the work." *Id.* Thus, a plaintiff must show that a Defendant copied protected elements "either through evidence of direct copying," *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1052 (C.D. Cal. 2010), or a plaintiff "can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying," *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds by Skidmore*, 952 F.3d 1051.

First, as to access, a "[p]laintiff cannot create a triable issue of access merely by showing 'bare corporate receipt' of her work by an individual who shares a common employer with the alleged copier." *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1056 (C.D. Cal. 2010) (citation omitted). "Instead, to avoid summary judgment, a plaintiff must show that he submitted his work to an intermediary who is in a position to transmit the plaintiff's work to the creators of the infringing work." *Id.* (citing *Meta-Film Assocs., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1357 (C.D. Cal. 1984)). "The intermediary can be a person who (1) has supervisory responsibility for the allegedly infringing project, (2) contributed ideas and materials to it, or (3) worked in the same unit as the creators." *Id.*

Second, as to substantial similarity, "[t]his type of probative or striking similarity shows that the similarities between the two works are due to 'copying rather than . . . coincidence, independent creation, or prior common source.'" *Skidmore*, 952 F.3d at 1064 (quoting *Bernal*, 788 F. Supp. 2d at 1052). "A finding of such similarity may be based on the overlap of unprotectable as well as protectable elements." *Skidmore*, 952 F.3d at 1064. "[T]he hallmark of 'unlawful appropriation' is that the works share substantial similarities." *Id.*

Although the parties do not sufficiently address in their briefing whether Plaintiff owns a valid copyright to *Cosmic Force*, Plaintiff's ownership of Cosmic Force is not disputed. (*See,*

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

*e.g.*, 4AC ¶ 23) ("Plaintiff registered the Script *Cosmic Force* with the U.S. Copyright Office on July 29, 2020 as Registration No. TXu002212018."))  However, the court observes that even if the first prong of a copyright infringement claim—Plaintiff's ownership of a valid copyright—is not in dispute, summary judgment is appropriate as to Plaintiff's direct copyright infringement claim because there is a lack of evidence that Defendants copied the original elements of *Cosmic Force*.  Specifically, there is a lack of evidence that Defendants either had access to the screenplay of *Cosmic Force* or that there are substantial similarities between *Cosmic Force* and *Ad Astra*.

### i. There is No Genuine Dispute of Material Fact as to Lack of Direct Copying

First, although Plaintiff repeatedly argues Defendants must have copied Cosmic Force to create *Ad Astra*, Plaintiff does not sufficiently cite to evidence demonstrating direct copying. (*See, e.g.*, Dkt. 185 at 14 ("*Ad Astra* copied the central storyline of *Cosmic Force* with such exactness that Defendant's claims are simply not credible . . .").)  In the absence of evidence showing direct copying, the court interprets Plaintiff's argument to mean that there is circumstantial evidence of copying through either access or the existence of substantial similarities between the works.  The court thus considers whether a genuine dispute of material fact exists as to either access or the existence of substantial similarities between *Ad Astra* and *Cosmic Force*.

### ii. There is No Genuine Dispute of Material Fact as to Defendants' Lack of Access

As to access, the court finds it is undisputed that Defendants lacked access to Plaintiff's script in two ways: (1) at least the first draft of *Ad Astra* and a subsequent outline were completed by Defendants Gray and Gross *before* Plaintiff created *Cosmic Force* in the fourth quarter of 2014; and (2) Plaintiff's subsequent submission of *Cosmic Force* was to individuals who had no involvement in the making of *Ad Astra*, and no evidence adequately indicates it was shared with those who were involved.

**CIVIL MINUTES – GENERAL**                                    **15**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

=====================================================

First, as to the timeline of when *Ad Astra* and *Cosmic Force* were created, it is undisputed that Defendants Gray and Gross completed at least the first draft of *Ad Astra* and a subsequent outline before Plaintiff created *Cosmic Force*. Specifically, Plaintiff alleges in the 4AC that he created *Cosmic Force* in the fourth quarter of 2014. (*See, e.g.*, 4AC ¶ 22.) However, it is undisputed that Defendants Gray and Gross completed the first draft of the screenplay for *Ad Astra* on November 29, 2013 ("November 29, 2013, Script"). (Writer D. SUF No. 4.) It is further undisputed that Defendant Gray made an outline of the story of *Ad Astra* by August 27, 2014 ("August 27, 2014, Outline"). (Writer D. SUF No. 7.) By May 22, 2015, Defendants Gray and Gross had completed a new draft script of *Ad Astra* that followed the primary storyline established by the November 29, 2013, Script as modified by the August 27, 2014, Outline ("May 22, 2015, Script"). (Writer D. SUF Nos. 9, 10.) Accordingly, there is no dispute that at least the first draft of *Ad Astra* and a subsequent outline were created in November 2013 and August 2014 before Plaintiff created *Cosmic Force* in the fourth quarter of 2014.

Moreover, it is undisputed that Defendants Gray and Gross submitted the *Ad Astra* November 29, 2013, Script to a CAA agent in November 2013, and submitted the May 22, 2015, Script to additional CAA agents on May 22, 2015. (CAA D. SUF Nos. 3, 4.) By contrast, Plaintiff first submitted a copy of *Cosmic Force* to Defendant CAA on November 10, 2015, and then again on September 23, 2016. (CAA D. SUF Nos. 5, 6, 7.) The *Cosmic Force* screenplay was never uploaded to CAA's Literary Library System repository and was not emailed to anyone else at CAA. (CAA D. SUF No. 8, 9.)

Second, it is undisputed that Plaintiff's later submission of *Cosmic Force* was to individuals who had no involvement in the making of *Ad Astra*. Plaintiff cites to several contacts with individuals from Defendant CAA, Davis Entertainment Company, and Fox 21 Television Studios as evidence of access. (*See, e.g.,* Dkt. 185 at 8-13.) However, there is no evidence of communication or involvement between the CAA agent that Plaintiff met with—who, in any event, did not express interest in developing *Cosmic Force*—and the agents who represented Defendant Gray on *Ad Astra*. (CAA D. SUF Nos. 10-17; Writer D. SUF No. 22, 24.)

_____

**CIVIL MINUTES – GENERAL**                                        **16**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

As for Plaintiff's contacts with individuals from Davis Entertainment Company, the undisputed facts similarly do not adequately demonstrate access.  Although Plaintiff met with two individuals from Davis Entertainment Company—Mike Stein and John Davis—on February 24, 2016, regarding *Cosmic Force*, it is undisputed that Davis Entertainment Company is an independent company that does not operate as an affiliate of any of the Defendants.  (Writer D. SUF Nos. 25-29.)  Davis Entertainment Company and its employees were not authorized to act for the Distributor Defendants or were involved in the making of *Ad Astra*.  (Distributor D. SUF Nos. 7, 9, 10.)

The same is true for Plaintiff's contacts with Fox 21 Television Studios.  Plaintiff submitted a made-for-television version of *Cosmic Force* on April 7, 2016, to Gloria Fan, an executive of a sister company to Defendant Twentieth Century Fox Film Corporation called Fox 21 Television Studios.  (Writer D. SUF No. 33.)  However, Fan did not share *Cosmic Force* with anyone, had no contact with the Writer Defendants, and had no involvement with *Ad Astra*.  (Writer D. SUF Nos. 34-35; Distributor D. SUF Nos. 11-15.)  In her declaration, Fan makes clear that she was never interested in developing *Cosmic Force* and merely thanked Plaintiff for sharing his script because she "felt it was appropriate to say something polite." (*See* Dkt. 152-1 ("Fan Decl.") ¶ 7.)

In summary, Defendants have met their burden of demonstrating Plaintiff lacks evidence of Defendants' access to *Cosmic Force* because *Ad Astra* was created before *Cosmic Force* and the individuals that Plaintiff shared *Cosmic Force* with were not involved in the making of *Ad Astra*.  *See Celotex*, 477 U.S. at 325 (where the non-moving party will have the burden of proof at trial, the movant can satisfy its initial burden by pointing out that there is an absence of evidence to support the non-moving party's case).  The burden therefore shifts to Plaintiff to designate "specific facts showing there is a genuine issue for trial."  *Id*. at 324.  The court finds that Plaintiff, as the party with the burden of proof at trial, has failed to meet his shifted burden of producing evidence of access.  *See Bernal*, 788 F. Supp. 2d at 1056 (holding that a triable issue of fact regarding access does not exist merely by showing "bare corporate receipt"); *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1166 (N.D. Cal. 2014) (holding that "a bare possibility of access . . . is insufficient to sustain a copyright infringement claim" and granting

---

**CIVIL MINUTES – GENERAL**                                                    17

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

summary judgment where "Plaintiff has not provided evidence of a chain of events sufficient to establish a reasonable possibility of access") *aff'd sub nom. Briggs v. Sony Pictures Ent., Inc.,* 714 F. App'x 712 (9th Cir. 2018). The court next considers whether a genuine dispute of material fact exists as to substantial similarity between the two works.

### iii.  There is No Genuine Dispute of Material Fact as to the Lack of Substantial Similarity Between *Ad Astra* and *Cosmic Force*

Courts in the Ninth Circuit "apply a two-part test, the extrinsic test and the intrinsic test, to compare the similarities of ideas and expression in two works." *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994). "The extrinsic test is an objective test based on specific expressive elements: the test focuses on 'articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events' in two works." *Id.* (quoting *Berkic v. Crichton*, 761 F.2d 1289, 1292 (9th Cir. 1985)). "The test for 'substantial similarity of ideas' compares, not the basic plot ideas for stories, but the actual concrete elements that make up the total sequence of events and the relationships between the major characters." *Berkic*, 761 F.2d at 1293. "[A]s a matter of law, certain forms of literary expression are not protected against copying" such as "the general idea for a story." *Id*. Accordingly, the fact that there is some "degree of similarity between the basic plots of two works cannot sustain a plaintiff's claim that the works are 'substantially similar.'" *Id*. "No one can own the basic idea for a story. General plot ideas are not protected by copyright law; they remain forever the common property of artistic mankind." *Id*.; *see also Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002) ("Scenes-a-faire, or situations and incidents that flow necessarily or naturally from a basic plot premise, cannot sustain a finding of infringement.") (citation omitted).

"The intrinsic test is a subjective test that focuses on 'whether the ordinary, reasonable audience would recognize the defendant's work as a 'dramatization' or 'picturization' of the plaintiff's work.'" *Kouf*, 16 F.3d at 1045 (citing *Berkic*, 761 F.2d at 1292). "For summary judgment, only the extrinsic test is important. A plaintiff avoids summary judgment by satisfying the extrinsic test which makes similarity of the works a triable issue of fact." *Kouf*, 16 F.3d at 1045.

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

In this case, the undisputed facts establish that no reasonable jury could find that *Ad Astra* and *Cosmic Force* are substantially similar using the objective criteria of the extrinsic test. Specifically, the undisputed facts establish that significant differences exist between the two works as to their "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events." *Berkic*, 761 F.2d at 1292.

In this case, although *Cosmic Force* and *Ad Astra* both involve protagonists journeying to outer space to search for lost missions helmed by their respective fathers, the court concludes that the similarities between the two works ends there. The plot of *Cosmic Force* is that of an action and/or thriller following Logan Decker, a professional military athlete who plays ProtoZone and is recruited to find his father's lost mission by a group of powerful trillionaires called de Facto. (*See generally* Dkts. 126-2; 126-3.) Logan engages in various fight sequences with mysterious agents wielding blasters and is the target of romantic attention from several female characters, including the President's daughter. (*Id.*) Logan ultimately locates his father's mission, the Polaris, and the Darklight, an alien device that was the true reason for his father's original mission on the Polaris and fights the crew of the Polaris and his father. (*Id.*) After he escapes the Polaris, Logan presses a button that starts an explosion that destroys the Polaris and kills his father. (*Id.*)

The plot of *Ad Astra* is that of a drama following Roy McBride, an astronaut who embarks upon a dangerous mission from Earth to the Moon, then to Mars, and then to Neptune, in search of the rogue mission commander of the Lima Project. (Dkt. 152-23.) The commander is Roy McBride's father, H. Clifford McBride, who was believed to have been lost in space after his craft, the Lima Project, vanished during its search for extraterrestrial life. After Roy discovers his father is alive and that information has been hidden from him about the mission, Roy breaks rank and travels to Neptune to bring his father home. (*Id.*) Roy tries to rescue his father, but Clifford kills himself by launching himself into the abyss of space. (*Id.*) Roy returns to Earth with a newfound realization that "we're all we've got" in the universe and decides to reconnect with his estranged wife. (*Id.*)

_____

**CIVIL MINUTES – GENERAL**                                                    **19**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                     Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

Based on the record, the court concludes substantial similarities do not exist between the two scripts' themes, dialogue, mood, setting, pace, characters, or sequence of events. *Cosmic Force* is replete with action scenes involving characters wielding blasters, car chases with limousines, and romantic entanglements. (*See, e.g.*, Dkt. 126-2 at 100 (the character Destiny, the President's daughter, yells "[E]at some heat!" while shooting a blaster and the script notes, by way of explanation, "BOOSH! BOOSH! BOOSH! BOOSH! His body smokes with holes but they REPAIR instantly"). Logan, the protagonist, is an athlete in his 20s whose role in the story is that of an action hero. (*See generally* Dkt. 126-2.) Furthermore, *Cosmic Force* is not intended to be a realistic depiction of the future or outer space, as underscored by the plot's references to the war game ProtoZone and use of Proto-Morpho-Plasm, a high-tech putty with imprinting and morphing capabilities. (*Id.*) Consistent with the action and/or thriller themes, *Cosmic Force* ends with an alien device detecting the Darklight and sending an ominous signal into deeper space. (*See* Dkt. 126-2 at 125.)

By contrast, *Ad Astra* is melancholy, dramatic, and focuses on Roy McBride's initial mission, discovery of mission-critical information withheld from him, and his decision to break rank to find his father. (Dkt. 152-23.) *Ad Astra* is intended to be a realistic depiction of the future, as underscored by accurate views of outer space and Earth, the use of existing space technologies such as space suits and space shuttles, and references to space-based research. (*Id.*) Roy, the protagonist, is an astronaut in his 40s who undergoes emotional maturity and growth during the process of finding his father. (*Id.*) Consistent with these introspective and dramatic themes, *Ad Astra* ends with Roy deciding to reconnect with his estranged wife Eve and deciding that he will find meaning in his life through developing his emotional connections with his loved ones. (*Id.*)

In sum, the record demonstrates there is insufficient evidence that "makes similarity of the works a triable issue of fact." *Kouf*, 16 F.3d at 1045; *see also id.* (stating "a plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment, because a jury may not find substantial similarity without evidence on both the extrinsic and intrinsic tests."). Moreover, the general plotline of a protagonist searching for a lost mission that was helmed by their father is not protectable. *See Berkic*, 761 F.2d at 1292 (holding that substantial similarity

**CIVIL MINUTES – GENERAL**                                          **20**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

═══════════════════════════════════════════════════

is assessed based on the "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events"); *Cavalier*, 297 F.3d at 824 ("[B]asic plot ideas, such as this one, are not protected by copyright law.") (citation omitted).

Because Defendants have met their burden of demonstrating a lack of evidence as to direct copyright infringement through either access or substantial similarity, the burden shifts to Plaintiff to designate "specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.  Based on the record before the court, the court finds Plaintiff has not met his shifted burden to demonstrate a genuine issue of material fact as to whether Defendants committed direct copyright infringement through access or substantial similarity.  (*See generally* Dkts. 184-86.)  The court therefore **GRANTS** the Motion as to Plaintiff's first cause of action for direct copyright infringement.

### a. Claim Two (Contributory Copyright Infringement)

Contributory copyright infringement exists when "[o]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Ellison*, 357 F.3d at 1076 (citation omitted).  In short, "[a] defendant "contributorily infringes when he (1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007).  The Ninth Circuit has "adopted the well-settled rule that '[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement.'" *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1147 (9th Cir. 2018) (quoting *Perfect 10*, 508 F.3d at 1170).

"Contributory liability requires that the secondary infringer know or have reason to know of direct infringement." *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020 (9th Cir. 2001) (citations and internal quotation marks omitted).  "Actual knowledge exists where it can be shown by a defendant's conduct or statements that it actually knew of specific instances of direct infringement." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 591 F. Supp. 2d 1098, 1106 (N.D. Cal. 2008) (citing *A&M*, 239 F.3d at 1020).  "Constructive knowledge exists where it can be shown a defendant should have known of the direct infringement." *Louis Vuitton*, 591

_____

**CIVIL MINUTES – GENERAL**                                                    **21**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

F. Supp. 2d at 1106. "To state a claim of contributory infringement, [a plaintiff] must allege facts showing that Defendants induce, cause, or materially contribute to the infringing conduct." *Perfect 10*, 494 F.3d at 796.

In this case, Plaintiff does not sufficiently demonstrate how Defendants contributorily infringed Plaintiff's copyright through knowledge of another's infringement and either material contribution to or inducement of that infringement. *Perfect 10*, 494 F.3d at 795. Instead, Plaintiff argues his direct copyright infringement claim should survive summary judgment because triable questions exist as to access and substantial similarity between the two works. Setting aside that Plaintiff does not address whether any evidence supports the elements of his distinct contributory infringement claim, *cf.* L.R. 56-4, the record demonstrates that there is no genuine dispute of material fact as to Defendants' lack of knowledge of another's infringement and either material contribution to or inducement of that infringement.[2] (*See, e.g.*, Writer D. SUF Nos. 4, 7, 9, 10, 25-29, 33-35; CAA D. SUF Nos. 3-17; Distributor D. SUF Nos. 7, 9, 10-15.)

Because Defendants have met their burden of demonstrating a lack of evidence as to contributory copyright infringement, the burden shifts to Plaintiff to designate "specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Based on the record before the court, the court finds Plaintiff has not met his shifted burden to demonstrate a genuine issue of material fact as to whether Defendants committed contributory copyright infringement. (*See generally* Dkts. 184-86.) The court therefore **GRANTS** the Motion as to Plaintiff's second cause of action for direct copyright infringement.

---

[2] The court further observes that "[s]econdary liability for copyright infringement does not exist in the absence of direct infringement by a third party." *A&M*, 239 F.3d at 1013, n.2; *see also Religious Tech. Ctr. v. Netcom On–Line Communication Servs., Inc.*, 907 F. Supp. 1361, 1371 (N.D. Cal. 1995) ("[T]here can be no contributory infringement by a defendant without direct infringement by another."). In light of the court's finding that Plaintiff has not shown a triable issue of fact exists as to his direct infringement claim, the court also concludes there is no infringement to which third-party liability can attach.

**CIVIL MINUTES – GENERAL**                                22

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                      Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

**b. Claim Three (Vicarious Copyright Infringement)**

"Vicarious infringement is a concept related to, but distinct from, contributory infringement." *Perfect 10*, 494 F.3d at 802. "Whereas contributory infringement is based on tort-law principles of enterprise liability and imputed intent, vicarious infringement's roots lie in the agency principles of respondeat superior." *Id.*

A party "infringes vicariously by profiting from direct infringement while declining to exercise the right to stop or limit it." *Id.*; *see also Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*, 391 F. Supp. 3d 959, 968 (N.D. Cal. 2019) ("As to vicarious liability, one is liable '[1] by profiting from direct infringement while [2] declining to exercise a right to stop or limit it.'") (citing *Grokster*, 545 U.S. at 930). As to the second element of vicarious liability—also referred to as the "control element"— "a defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Perfect 10*, 508 F.3d at 1173.

In this case, Plaintiff does not sufficiently demonstrate how the Writer Defendants or Distributor Defendants committed vicarious copyright infringement and instead only briefs this claim as to Defendant CAA. (*See* Dkt. 186 at 12-14.) Plaintiff argues Defendant CAA is liable for vicarious copyright infringement because "the relationship between the creators of *Ad Astra* and CAA vary from project to project through the representation as talent, packaging agents, and brokering financing deals" such that "there is an apparent partnership between the two parties" and profited through compensation from CAA's talent agreements with Defendants Gray and Gross. (*Id.* at 13-14.)

As discussed above, summary judgment is appropriate as to Plaintiff's first claim for direct copyright infringement because there is no genuine dispute of material fact regarding Defendants' lack of copying. However, even if there were a viable direct copyright infringement claim underlying Plaintiff's vicarious liability claim, Plaintiff does not sufficiently cite to evidence demonstrating Defendant CAA's vicarious liability. (*See generally* Dkts. 184-86.) Specifically, Plaintiff does not sufficiently cite to evidence that Defendant CAA had a

_____

**CIVIL MINUTES – GENERAL**                                      **23**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

right to stop or limit any direct copyright infringement and declined to exercise that right.  *See Grokster*, 545 U.S. at 930 ("As to vicarious liability, one is liable '[1] by profiting from direct infringement while [2] declining to exercise a right to stop or limit it.'"); *Ellison*, 357 F.3d at 1078 (holding that to prevail on a vicarious copyright infringement claim, a plaintiff "must show that [the defendant] derived a direct financial benefit from the infringement and had the right and ability to supervise the infringing activity."

In this case, it is undisputed that Defendant CAA acted as the talent agency representing Defendants Gray and Gross and received commissions on income that its clients earned from their work on *Ad Astra*.  (CAA D. SUF Nos. 1, 3, 4, 18-23.)  However, Defendant CAA did not act as a sales agent for *Ad Astra*.  (CAA D. SUF Nos. 18-23.)  Nor did Defendant CAA have any involvement in producing, directing, distributing, or promoting the film.  (*Id.*)  Accordingly, the court concludes there is insufficient evidence in the record that Defendant CAA, in its role as the talent agency representing Defendants Gray and Gross, "had the right and ability to supervise the infringing activity." *Ellison*, 357 F.3d at 1078.

Because Defendants have met their burden of demonstrating a lack of evidence as to vicarious copyright infringement, the burden shifts to Plaintiff to designate "specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.  Based on the record before the court, the court finds Plaintiff has not met his shifted burden to demonstrate a genuine issue of material fact as to whether Defendants committed contributory copyright infringement.  (*See generally* Dkts. 184-86.)  The court therefore **GRANTS** the Motion as to Plaintiff's third cause of action for vicarious copyright infringement.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                     Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

### c.  Claim Four (Breach of Implied Contract)[3]

     i.  <u>Plaintiff's Breach of Implied Contract Claim is Time-Barred as to Defendants Twentieth Century Fox Film Corporation and The Walt Disney Company</u>

As an initial matter, the parties dispute whether Plaintiffs' fourth cause of action for breach of implied contract is time-barred as to the Distributor Defendants.  (*See* Dkt. 152 at 18-19; 184 at 16-17.)  The Distributor Defendants argue Plaintiff's claim for breach of implied contract is time-barred by a two-year statute of limitations because the claim accrued on September 20, 2019, when *Ad Astra* was theatrically released, and expired two years later on September 20, 2021.  (Dkt. 152 at 18.)  Plaintiff argues the claim is timely because Defendants Twentieth Century Fox Film Corporation and The Walt Disney Company were not added as defendants until January 2, 2023, based on a mistake regarding the proper parties' identity.  (Dkt. 184 at 16-17.)  Plaintiff also argues the January 2, 2023, amendment is timely because it relates back to the date of the original pleading under Federal Rule of Civil Procedure 15 (c)(1)(C)(ii).  (*Id.*)

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15 (c)(1)(C)(ii).  The Ninth Circuit has held that "even under [Rule 15], an amended pleading does not relate back insofar as it states claims against newly-joined defendants."  *Lewis v. Lewis*, 358 F.2d 495, 502 (9th Cir. 1966).  However, more recent district court decisions have noted that there is a split among district courts in the Ninth Circuit regarding whether Rule 15 permits the addition of a party as well as substitution.  *See, e.g., Gallo v. Vivint Solar, Inc.*, 2021 WL 4988031, at *4, n.31 (C.D. Cal. July 19, 2021)

---

[3] Plaintiff's fourth claim for breach of implied contract is only asserted as to Defendant CAA and the Distributor Defendants.  (*See* Dkts. 102, 124.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

("There is a split among the district courts in this Circuit with respect to whether Rule 15(c)(1)(C) permits the addition of a party, as opposed to only substitution.").

In this case, the record before the court indicates that regardless of whether Plaintiff initially made a mistake concerning the proper party's identity when the Complaint was first filed, Plaintiff was notified that Twentieth Century Fox Film Corporation was the proper party during a telephonic conference on September 14, 2021. (Dkt. 120-1 ("Aronoff Decl.") ¶¶ 4-9.) Plaintiff also alleged The Walt Disney Company's involvement in the First Amended Complaint, which was filed on October 7, 2021. (Dkt. 67 ("FAC") ¶ 11.) In summary, the record reflects that Plaintiff knew that Defendants Twentieth Century Fox Film Corporation and The Walt Disney Company were the proper parties by September 14, 2021, and October 7, 2021, but elected not to name these parties as defendants until January 2, 2023. (*See generally* Dkt.)

Accordingly, the record does not support Plaintiff's argument that his January 2, 2023, amendment should relate back to the Complaint, filed on July 21, 2021, based on a mistake as to the identity of the proper party. The court thus concludes that Plaintiff's breach of implied contract claim is time-barred as to Defendants Twentieth Century Fox Film Corporation and The Walt Disney Company. But even if Plaintiff's claim were timely, summary judgment in favor of Defendants would still be appropriate, as discussed below.

> ii. <u>Even if the Claim Were Timely, There Is No Genuine Dispute of Material Fact that Plaintiff Did Not Enter Into an Implied Contract with Defendants</u>

Under California law, "an idea can be the subject of an express or implied contract, and its disclosure and submission can be consideration for a promise to pay compensation." *Spinner v. Am. Broad. Cos., Inc.*, 215 Cal. App. 4th 172, 184 (2013). "In an idea submission case . . . to prevail on a cause of action for breach of implied-in-fact contract, plaintiffs must show (1) they clearly conditioned the submission of their ideas on an obligation to pay for any use of their ideas; (2) the defendants, knowing this condition before the plaintiffs disclosed the ideas, voluntarily accepted the submission of the ideas; and (3) the defendants found the ideas valuable and actually used them—that is, the defendants based their work substantially on the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

plaintiffs' ideas, rather than on their own ideas or ideas from other sources." *Id.*; *see also Benay v. Warner Bros. Ent.*, 607 F.3d 620, 629 (9th Cir. 2010), *overruled on other grounds by Skidmore*, 952 F.3d at 1051 (to prevail on a claim for breach of implied contract based on a screenplay, a plaintiff must establish the following elements: "(1) they submitted the Screenplay for sale to Defendants; (2) they conditioned the use of the Screenplay on payment; (3) Defendants knew or should have known of the condition; (4) Defendants voluntarily accepted the Screenplay; (5) Defendants actually used the Screenplay; and (6) the Screenplay had value").

In this case, Plaintiff bases his breach of implied contract claim on two meetings—one with Cameron Mitchell at CAA on November 10, 2015, and another with Mike Stein at Davis Entertainment Company on February 24, 2016.  (*See* Dkt. 186 at 14-15; Dkt. 184 at 15-17.)  Specifically, Plaintiff argues that although neither meeting involved "direct conversation about compensation," in both meetings Plaintiff "shared his business objective . . . which included selling the script and retaining ownership of his characters and intellectual property" and Mitchell and Stein each willingly accepted the script for *Cosmic Force*.  (Dkt. 184 at 15-16; Dkt. 186 at 14.)  Plaintiff also argues Defendant CAA and the Distributor Defendants "substantially used" the ideas submitted by Plaintiff to create *Ad Astra*.  (Dkt. 184 at 16; Dkt. 185 at 15.)  Accordingly, for Plaintiff to prevail on his claim, there must be evidence that Plaintiff conditioned the submission of *Cosmic Force* on an obligation to pay, Mitchell and Stein knew of the condition and voluntarily accepted the submission, and Defendants found the ideas in *Cosmic Force* valuable and actually used them.  *See Spinner*, 215 Cal. App. 4th at 184.

However, at a minimum, Plaintiff's claim fails as to the third element—that Defendants found the ideas in *Cosmic Force* valuable and actually used them—because there is no genuine dispute of material fact that Defendants did not use the ideas in *Cosmic Force*.  Under California law, "[t]he framework for proving use in an idea submission claim is parallel to the framework for showing copying in a copyright claim."  *Spinner*, 215 Cal. App. 4th at 186.  Accordingly, "[c]opying is usually proven circumstantially through evidence of access and substantial similarity."  *Id.*  As discussed above, there is no genuine dispute of material fact as to Defendants' lack of access and the absence of substantial similarity between *Cosmic Force*

---

**CIVIL MINUTES – GENERAL**                                      **27**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

and *Ad Astra*.  (*See* Section IV(b)(ii)-(iii), *supra*.)  Moreover, there is no genuine dispute of material fact that the two individuals on which Plaintiff's breach of implied contract claim hinges on—Cameron Mitchell and Mike Stein—did not share Plaintiff's draft of *Cosmic Force*, pursue developing or purchasing *Cosmic Force*, or have any involvement in the making of *Ad Astra*.

First as to Cameron Mitchell, Defendant CAA notes that although Mitchell is no longer an employee of CAA, CAA tasked Wendy Packard, a current employee, with conducting an investigation into whether *Cosmic Force* was ever shared with or circulated within CAA.  (*See* Dkt. 149-5 ("Packard Decl.") ¶ 4.)  Packard states that apart from Mitchell forwarding *Cosmic Force* on to his assistant on November 11, 2015, there are no records that *Cosmic Force* was ever uploaded to CAA's Literary Library System repository.  (*Id.* ¶¶ 5-7.)  Nor are there documents or records indicating that Mitchell discussed *Cosmic Force* with or transmitted the *Cosmic Force* screenplay to any other employee or agent of CAA.  (*Id.* ¶ 8.)

Second, Mike Stein's declaration provides that at the time he met with Plaintiff in 2016, he worked as the Director of Development at Davis Entertainment Company.  (Dkt. 150-5 ("Stein Decl.") ¶ 2.)  In other words, Stein was not employed by Defendants.  (*Id.* ¶ 2.) ("However, I was employed by DEC, not TCFFC.").  Stein states that he met with Plaintiff and his business partner, Suzanne de Passe, on or about February 24, 2016, to discuss various projects, including *Cosmic Force*.  (*Id.* ¶¶ 3-4.)  Later that day, Plaintiff emailed Stein the screenplay of *Cosmic Force*, which Stein finished reading in the next day or two.  (*Id.* ¶ 5.)  On February 27, 2016, Stein created a memo on *Cosmic Force* in which he gave *Cosmic Force* a C-minus rating based on the following evaluation: "Premise is fine, writing is poor.  No strong characters and weak, expository dialogue."  (*Id.* ¶ 6.)  Based on his evaluation of *Cosmic Force*, Stein did not share the script with anyone and communicated to Plaintiff that Davis Entertainment Company was not interested in *Cosmic Force*.  (*Id.* ¶ 7.)  Nor did Davis Entertainment Company make any efforts to pursue, develop, or produce *Cosmic Force*.  (*Id.*)

In summary, the court concludes that there is no genuine dispute of material fact as to Defendants' lack of access and the absence of substantial similarity between *Cosmic Force* and

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

*Ad Astra*. (*See* Section IV(b)(ii)-(iii), *supra*.) Moreover, there is no genuine dispute of material fact that the two individuals that Plaintiff identifies as being responsible for breaching an implied contract did not share Plaintiff's draft of *Cosmic Force*, pursue developing or purchasing *Cosmic Force*, or have any involvement in the making of *Ad Astra*. Although Plaintiff suggests there must be some connection between his meetings with Mitchell and Stein and Defendants' production of *Ad Astra*, "[a] reasonable possibility of access requires a sufficiently strong nexus between the intermediary to whom the plaintiffs submitted their work and the creator of the allegedly offending work." *Spinner*, 215 Cal. App. 4th at 186. In other words, "a bare possibility of access based on speculation, supposition, and guess work" is insufficient for a breach of implied contract claim to survive summary judgment. *Id.* at 189. The court therefore **GRANTS** the Motion as to Plaintiff's fourth cause of action for breach of implied contract.

### d. Plaintiff's Motion to Stay (Dkt. 212)

Plaintiff requests that the court defer consideration of Defendants' motions for summary judgment until additional discovery is taken regarding the May 22, 2015, Script for *Ad Astra*. (*See generally* Dkt. 212.) Specifically, Plaintiff seeks to obtain the hard drive on which the May 22, 2015, Script was saved so that Plaintiff can determine whether the script is a fraudulent document. (*Id.* at 2.) In support of his motion, Plaintiff points to a mismatch between the August 25, 2014, Outline's word count and character count and the document's metadata, and argues this mismatch suggests that the August 25, 2014, Outline could have been created on a different date. (*Id.* at 3) (noting that the metadata lists a word count of 708 words and a character count of 4,038 characters, whereas the outline contains 841 words and 3,829 characters.) However, Plaintiff agrees that apart from the word count and character count, the metadata confirms that the August 25, 2014, Outline was created on August 25, 2014. (*See* Dkt. 218 at 2.)

Defendants oppose on the grounds that Plaintiff's argument is merely a "conspiracy theory" that is contradicted by several pieces of evidence including: (1) evidence that Defendant CAA received the script on May 22, 2015; and (2) the declarations of several CAA agents stating that they received the script on May 22, 2015. (*See generally* Dkt. 217 (citing to Dkt.

---

**CIVIL MINUTES – GENERAL**                                                    29

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

217-1 ("Elsea Decl.") ¶ 6 (stating that on October 7, 2022, Defendant CAA produced a May 22, 2015, email from Defendant Gray to Defendants RT Features and CAA attaching the full *Ad Astra* script at documents bearing Bates numbers CAA0003187–CAA0003299); Dkt. 149-2 ("Feldman Decl.") ¶ 4 ("On or around May 22, 2015, I received a version of the *Ad Astra* screenplay by email from the script's co-writer, James Gray"); Dkt. 149-3 ("Garvey Decl.") ¶ 3 (same); Dkt. 149-4 ("Sutherland Decl.") ¶ 4 (same).

Federal Rule of Civil Procedure Rule 56(d) provides "a device for litigants to avoid summary judgment when they had not had sufficient time to develop affirmative evidence." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)). Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may either "defer considering the motion or deny it;" "allow time to obtain affidavits or declarations or to take discovery;" or "issue any other appropriate order." Fed. R. Civ. P. 56(d).

A party requesting additional discovery under Rule 56 must: (1) "set forth in affidavit form the specific facts it hopes to elicit from further discovery;" (2) demonstrate that "the facts sought exist;" and (3) establish that "the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Generally, where "a summary judgment motion is filed so early in the litigation" that a party has not "had any realistic opportunity to pursue discovery relating to its theory of the case," district courts should freely grant a Rule 56(d) motion. *Burlington N. Santa Fe. R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation, Montana*, 323 F.3d 767, 773 (9th Cir. 2003).

In this case, the court concludes Plaintiff has not sufficiently met Rule 56(d)'s requirements. Plaintiff provides the declaration of Yaacov Apelbaum, a computer forensic investigator, in support of his motion. (Dkt. 212-2.) The Apelbaum declaration states that the only way to determine when the May 22, 2015, Script was created, altered, and emailed requires a forensic analysis of the hard drive on which the script was stored. (*Id.* ¶¶ 7-9.) However, the

---

**CIVIL MINUTES – GENERAL**                                              **30**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:21-cv-05890-FWS-SK                 Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

declaration does not sufficiently address whether the facts sought—in other words, facts demonstrating that the May 22, 2015, Script is a fraudulent document—actually exist and does not establish that these facts are essential to oppose summary judgment. Indeed, Defendants cite to multiple pieces of evidence indicating that the full script was sent on May 22, 2015, and received by multiple CAA agents on that date. (*See* Dkt. 217-1 (Elsea Decl.) ¶ 6; Dkt. 149-2 (Feldman Decl.) ¶ 4; Dkt. 149-3 (Garvey Decl.) ¶ 3 (same); Dkt. 149-4 (Sutherland Decl.) ¶ 4 (same).) In light of this evidence—and the Apelbaum declaration's lack of specificity in identifying potential contrary evidence—Plaintiff has not adequately demonstrated there are missing facts that should preclude entry of summary judgment.

Moreover, the record before the court reflects that Plaintiff possessed the metadata for the August 25, 2014, Outline by at least May 19, 2022, (*see* Dkt. 212 at 3) but did not move for additional discovery until more than a year later on August 28, 2023, and after Defendants moved for summary judgment. (*See generally* Dkt.) Accordingly, the court concludes that the requirements of Rule 56(d) are not sufficiently met and thus **DENIES** Plaintiff's Motion to Stay.

### e. Plaintiff's Motion to Compel (Dkt. 223)

Plaintiff also moves under Federal Rule of Civil Procedure 37 to compel production of a forensic image of the hard drive containing the May 22, 2015, Script of *Ad Astra*, which Plaintiff requested from Defendants in his second set of requests for production of documents served on August 21, 2023. (*See* Dkt. 223-1.) Defendants objected to Plaintiff's discovery requests and declined to produce documents or other materials. (Dkt. 223-2.) Defendants oppose the Motion to Compel on the grounds that Plaintiff did not comply with any of the procedural requirements governing discovery motions set forth in the Local Rules. (*See generally* Dkt. 224). Defendants further argue the Motion to Compel is substantively frivolous because hard drives typically contain sensitive personal information and Plaintiff's demand to inspect Defendants' hard drives is harassing, disproportionate to the needs of the case, and unwarranted. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

        Federal Rule of Civil Procedure Rule 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." *United States v. McGraw–Hill Cos.*, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted)). Once the minimal showing of relevance is made, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002). However, in some instances, it may be facially apparent even without an evidentiary showing by an opposing party that discovery requests that seek "all documents" that "relate to" or "refer to" broad categories seek discovery and is disproportional to the needs of the case. *See Frieri v. Sysco Corp.*, 2017 WL 3387713, at *10 (S.D. Cal. Aug. 4, 2017).

        In this case, the court concludes Plaintiff has not met the minimum showing that a forensic search of Defendants' hard drives is relevant. Litigants "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevant information for purposes of discovery is information "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.1992) (citation omitted).

        Although Plaintiff argues a forensic search *could* demonstrate that the May 22, 2015, Script of *Ad Astra* is fraudulent, the court concludes Plaintiff's suspicion is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's suspicion that the May 22, 2015, Script may have been drafted on a different date is plainly contradicted by evidence that Defendants Gray and Gross completed and transmitted the script to several CAA agents on May 22, 2015. (*See* Dkt. 217-1 (Elsea Decl.) ¶ 6; Dkt. 149-2 (Feldman Decl.) ¶ 4; Dkt. 149-3

**CIVIL MINUTES – GENERAL**                                                    **32**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:21-cv-05890-FWS-SK                    Date: November 28, 2023
Title: Phillip Madison Jones v. Twentieth Century Studios, Inc. *et al.*

(Garvey Decl.) ¶ 3; Dkt. 149-4 (Sutherland Decl.) ¶ 4.)  Accordingly, the court **DENIES** Plaintiff's Motion to Compel.

## V.    Disposition

For the reasons stated above, the court **GRANTS** Defendants' Motions for Summary Judgment (Dkts. 149, 150, 152.)  Therefore, summary judgment is granted in favor of Defendants on Plaintiff's claims for direct copyright infringement, contributory copyright infringement, vicarious copyright infringement, and breach of implied contract.  The court **DENIES** Plaintiff's Motion to Stay (Dkt. 212) and **DENIES** Plaintiff's Motion to Compel (Dkt. 223).  Defendants shall lodge a proposed judgment with the court within **ten (10) days** of this Order.  Plaintiff may file objections to the form of the proposed judgment, if any, within **ten (10) days** of Defendants lodging the proposed judgment.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku